IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| DIANA MEY, individually and on behalf of a class of all persons and entities similarly situated,<br><br>        Plaintiff<br><br>vs.<br><br>FRONTIER COMMUNICATIONS CORPORATION<br><br>        Defendant | Case No. _____<br><br>CLASS ACTION COMPLAINT |

## CLASS ACTION COMPLAINT

### Preliminary Statement

1. Plaintiff Diana Mey brings this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act, a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

2. In violation of the TCPA, Defendant Frontier Communications Corporation or its agent (a) placed a computer-dialed telemarketing call to Ms. Mey's cellular telephone, and (b) placed telemarketing calls to a number Ms. Mey had registered on the national Do Not Call Registry.

3. Ms. Mey never consented to receive these calls, and they were placed to her for no legitimate purpose.

4. Because the calls were transmitted using technology capable of generating hundreds of thousands of telemarketing calls per day, and because telemarketing

campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, Ms. Mey brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Frontier.

5. A class action is the best means of obtaining redress for the Defendant's wide scale illegal telemarketing, and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

6. Plaintiff Diana Mey is a resident of the State of West Virginia.

7. Defendant Frontier Communications Corporation is a telephone company that is headquartered in Stamford, CT.

8. Frontier offers voice, broadband, satellite video, and wireless internet data access for individuals and small businesses.

9. Frontier is the largest communications company providing services predominantly to rural areas and small and medium-sized towns and cities in the U.S.  The Company operates in 27 states, and is the nation's fourth largest Incumbent Local Exchange Carrier (ILEC), with 3.1 million customers as of March 31, 2013.

## Jurisdiction & Venue

10. The Court has federal question subject matter jurisdiction over these TCPA claims.  *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

11. Venue is proper because the Defendant is a resident of this district.

**TCPA Background**

12. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

13. Through the TCPA, Congress outlawed telemarketing via unsolicited automated or pre-recorded telephone calls ("robocalls"), finding:

> [R]esidential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy.
>
> . . . .
>
> Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call[,] . . . is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* § 2(10) and (12); *see also Mims*, 132 S. Ct. at 745.

***The TCPA prohibits telemarketing calls to numbers listed
on the Do Not Call Registry, unless the caller
has the recipient's signed, written consent***

14. The national Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

15. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

3

16. A person whose number is on the Registry, and who has received more than one telephone call within any twelve-month period by or on behalf of the same entity in violation of the TCPA, can sue the violator and seek statutory damages. 47 U.S.C. § 227(c)(5).

17. The regulations exempt from liability a caller who has obtained the subscriber's signed, written agreement to receive telephone solicitations from the caller. 47 C.F.R. § 64.1200(c)(2)(ii). That agreement must also include the telephone number to which the calls may be placed. *Id.*

### The TCPA bans autodialer calls to cell phones

18. The TCPA's most stringent restrictions pertain to computer-generated telemarketing calls placed to cell phones.

19. The TCPA categorically bans persons and entities from initiating telephone calls using an automated telephone dialing system (or "autodialer") to any telephone number assigned to a cellular telephone service. *See* 47 C.F.R. § 64.1200(a)(1)(iii); *see also* 47 U.S.C. § 227(b)(1).

### The TCPA imposes vicarious liability on third-parties who do not physically dial the calls

20. Under the TCPA, a seller of a product or service may be vicariously liable for a third-party marketer's violations of Sections 227(b) and 227(c), even if the seller did not physically dial the illegal call, and even if the seller did not directly control the marketer who did. *In re Joint Pet. filed by Dish Network*, *LLC*, FCC 13-54 ¶ 37, 2013 WL 193449 (May 9, 2013) ("FCC Ruling").

4

21. A seller is liable under Sections 227(b) and (c) when it has authorized a telemarketer to market its goods or services. *Id.* ¶ 47.

22. Additionally, a seller may be vicariously liable for violations of those provisions under principles of apparent authority and ratification. Factors relevant to a finding of vicarious liability include:

   a. Whether "the seller allows the outside sales entity access to information and systems that normally would be within the seller's exclusive control, including . . . access to detailed information regarding the nature and pricing of the seller's products and services or to the seller's customer information."

   b. Whether the outside sales entity can "enter consumer information into the seller's sales or customer systems[.]"

   c. Whether the outside sales entity has "the authority to use the seller's trade name, trademark and service mark[.]";

   d. Whether "the seller approved, wrote or reviewed the outside entity's telemarketing scripts."; and

   e. "Whether the seller knew (or reasonably should have known) that the telemarketer was violating the TCPA on the seller's behalf and the seller failed to take effective steps within its power to force the telemarketer to cease that conduct."

*Id.* ¶ 46.

### Factual Allegations

*Frontier places telemarketing calls to the Plaintiff*

23. On July 3, 2013, the Plaintiff received a phone call from a telemarketing representative calling from or on behalf of Frontier ("July 3, 2013 Call").

5

24. The number displayed on the Plaintiff's caller ID for the July 3, 2013 Call was 855-308-8557.

25. When the call connected, there was an audible click from the receiver. After a significant pause, the calling party stated, "This is Kimberly McGuiness calling on behalf of Frontier Communications."

26. The facts in the preceding paragraph indicate the call was placed through an "automatic telephone dialing system" as defined in 47 U.S.C. § 227(a)(1).

27. On July 23, 2013, the Plaintiff received a second telemarketing call from or on behalf of Frontier ("July 23, 2013 Call").

28. The number displayed on the Plaintiff's caller ID for the July 23, 2013 Call was the same as the July 2, 2013 Call—855-308-8557.

29. When the July 23, 2013 call connected, there was an audible click from the receiver, and a delay before an individual appeared on the other line.

30. As with the July 3, 2013 Call, the calling party stated, "This is Kimberly McGuiness calling on behalf of Frontier Communications."

31. Both calls were placed through an automatic telephone dialing system. Both calls were placed without the Plaintiff's prior express consent.

32. Plaintiff is not a customer of Defendant, and has not provided Defendant with her personal information or cellular telephone number.

33. Both calls were placed to telephone numbers that Plaintiff had listed on the national Do Not Call Registry.

*Frontier authorizes third-party marketers to generate sales*

34. Frontier uses telemarketing to generate sales. It places telemarketing calls directly, and also uses third-party telemarketing companies.

35. Frontier has controlled or had the right to control these third-party marketers.

36. Frontier provides these third-party marketers with access to information and systems within Frontier's exclusive control, including access to detailed information regarding the nature and pricing of Frontier's services.

37. Frontier's third-party marketers have the ability to enter consumer information into Frontier's internal systems, or to provide consumer information to Frontier.

38. Frontier's third-party marketers have the ability to use Frontier's trade name, trademark and service mark.

39. Since at least 2011, Frontier has received complaints about illegal telemarketing calls from the same number displayed on the Plaintiff's caller ID.

40. Frontier failed to take adequate steps to end this illegal telemarketing.

41. Indeed, the Plaintiff herself notified Frontier of the telemarketing call she received on July 3, 2013, but received a second illegal telemarketing call from or on behalf of Frontier on July 23, 2013.

**Class Action Allegations**

42. As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

7

43. The class of persons Plaintiff proposes to represent with respect to Count One is tentatively defined as all persons within the United States whose phone numbers were registered on the Do Not Call Registry, and who, within the four years before the filing of the initial Complaint, received more than one telemarketing call within any twelve-month period from, or on behalf of, Frontier.

44. The class of persons Plaintiff proposes to represent with respect to Count Two is tentatively defines as all persons within the United States who Frontier directly, or through its agents, called on a cellular telephone line by the use of an automatic telephone dialing system, and with respect to whom Defendant does not have evidence of prior express consent of the called party.

45. The classes as defined above are identifiable through phone records and phone number databases.

46. The potential class members number at least in the thousands. Individual joinder of these persons is impracticable.

47. Plaintiff is a member of the classes.

48. There are questions of law and fact common to Plaintiffs and to the proposed classes, including but not limited to the following:

    a. Whether Frontier violated the TCPA by engaging in advertising by unsolicited prerecorded telemarketing calls;

    b. Whether Frontier engaged in a pattern of using an automatic telephone dialing system to call telephone numbers assigned to cellular telephone service;

8

      c.      Whether Frontier placed calls to cellular telephone numbers using an automatic telephone dialing system without obtaining the recipients' prior consent for the call;

      d.      Whether the Plaintiffs and the class members are entitled to statutory damages as a result of Frontier's actions.

49.      Plaintiff's claims are typical of the claims of class members.

50.      Plaintiff is an adequate representative of the class because her interests do not conflict with the interests of the class, she will fairly and adequately protect the interests of the class, and she is represented by counsel skilled and experienced in class actions, including TCPA class actions.

51.      The actions of Frontier are generally applicable to the class as a whole and to Plaintiff.

52.      Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy.  The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

53.      The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

54.      Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## Legal Claims

### Count One:
### Violation of the TCPA's Do Not Call provisions

55. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

56. The Defendant violated the TCPA by (a) initiating telephone solicitations to persons and entities whose telephone numbers were listed on the Do Not Call Registry, or (b) by the fact that others made those calls on its behalf. *See* 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

57. The Defendant's violations were negligent and/or knowing.

### Count Two:
### Violation of the TCPA's provisions prohibiting autodialer and prerecorded message calls to cell phones

58. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

59. The Defendant violated the TCPA by (a) initiating a telephone call using an automated dialing system or prerecorded voice to Plaintiff's telephone numbers assigned to a cellular telephone service, or (b) by the fact that others caused the initiation of those calls on its behalf. *See* 47 C.F.R. 64.1200(a)(1)(iii); 47 U.S.C. § 227(b)(1).

60. The Defendant's violations were negligent and/or knowing.

### Count Three:
### Injunctive relief to bar future TCPA violations

61. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

62.    The TCPA authorizes injunctive relief to prevent further violations of the TCPA.

63.    The Plaintiff respectfully petitions this Court to order the Defendants, and their employees, agents and independent distributors, to immediately cease engaging in unsolicited telemarketing in violation of the TCPA.

## Relief Sought

For herself and all class members, Plaintiff requests the following relief:

1.    That Frontier be restrained from engaging in future telemarketing in violation of the TCPA.

2.    That Frontier, and its agents, or anyone acting on its behalf, be immediately restrained from altering, deleting or destroying any documents or records that could be used to identify class members.

3.    That the Court certify the claims of the named plaintiff and all other persons similarly situated as class action claims under Rule 23 of the Federal Rules of Civil Procedure.

4.    That the Plaintiff and all class members be awarded statutory damages of $500 for each negligent violation of the TCPA, and $1,500 for each knowing violation.

5.    That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

                                      Plaintiff Diana Mey
                                      By Counsel

/s/ Nicholas J. Cicale
Nicholas J. Cicale, Esq.
CEnergy Law
24 Camp Avenue
P.O. Box 4658
Stamford, CT 06907
(203) 516-0668
nicholascicale@cenergylaw.com
Federal Bar No. ct29283

John W. Barrett
Jonathan Marshall
Bailey & Glasser, LLP
209 Capitol Street
Charleston, WV 25301
(304) 345-6555
(304) 342-1110 *facsimile*
jbarrett@baileyglasser.com
jmarshall@baileyglasser.com
*Subject to Pro Hac Vice*

Edward A. Broderick
Anthony Paronich
Broderick Law, P.C.
125 Summer St., Suite 1030
Boston, MA  02110
(617) 738-7080
ted@broderick-law.com
anthony@broderick-law.com
*Subject to Pro Hac Vice*

Matthew P. McCue, Esq.
The Law Office of Matthew P. McCue
1 South Avenue, Suite 3
Natick, Massachusetts 01760
(508) 655-1415
(508) 319-3077 *facsimile*
mmccue@massattorneys.net
*Subject to Pro Hac Vice*