# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| DIANA MEY, individually and on behalf of a class of all persons and entities similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>FRONTIER COMMUNICATIONS CORPORATION,<br><br>　　　　　　Defendant. | CIVIL ACTION NO. 3:13-cv-01191-RNC |

---

## MEMORANDUM OF LAW OF FRONTIER COMMUNICATIONS CORPORATION IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1)

---

James M. Moriarty (ct 21876)
KELLEY DRYE & WARREN LLP
400 Atlantic Avenue
Stamford, Connecticut 06901
Phone:  (203) 351-8013

*Attorneys for Defendant Frontier Communications Corporation*

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................1

PROCEDURAL HISTORY AND FACTUAL BACKGROUND ......................................2

    A.    The Complaint ................................................................................................2

    B.    Frontier's Settlement Offer............................................................................4

ARGUMENT......................................................................................................................5

I.       STANDARD UNDER FED. R. CIV. P. 12(b)(1) ................................................6

II.     FRONTIER'S SETTLEMENT OFFER RENDERED PLAINTIFF'S
INDIVIDUAL CLAIMS MOOT ...........................................................................7

    A.    A Court Lacks Subject Matter Jurisdiction Once a Plaintiff Is Offered Full
And Complete Relief ......................................................................................7

    B.    Frontier's Settlement Offer Provided Plaintiff Full And Complete Relief ..........10

III.    THE CLASS PORTION OF THE CASE MUST ALSO BE DISMISSED....................12

CONCLUSION .................................................................................................................16

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*ABN Amro Verzekeringen BV v. Geologistics Ams., Inc.*,
    485 F.3d 85 (2d Cir. 2007) ............................................................................... 9

*Abrams v. Interco*,
    719 F.2d 23 (2d Cir. 1983) ............................................................................... 8

*Ambalu v. Rosenblatt*,
    194 F.R.D. 451 (E.D.N.Y. 2000) ............................................................... 12, 13

*Antares Aircraft, L.P. v. Federal Republic of Nigeria*,
    948 F.2d 90 (2d Cir. 1991) ............................................................................... 7

*Automobile Ins. Co. of Harford, Connecticut v.. Electrolux Home Products, Inc.*, No. 08-
    CV-623A, 2011 WL 3295510 (W.D.N.Y, Aug. 1, 2011) ...................................... 8

*Bowens v. Atlantic Maint.Corp.*,
    546 F. Supp. 2d 55 (E.D.N.Y. 2008) .............................................................. 13

*Charvat v. GVN Michigan, Inc.*,
    531 F. Supp. 2d 922 (S.D. Ohio 2008) ........................................................... 11

*Cnty of Los Angeles v. Davis*,
    440 U.S. 625 (1979) ....................................................................................... 8

*Deposit Guaranty Nat'l Bank v. Roper*,
    445 U.S. 326, 100 S. Ct. 1166, 63 L. Ed. 2 d 427 (1980) ............................... 14

*Doyle v. Midland Credit Management, Inc.*,
    722 F.3d 78 (2d Cir. 2013) ...................................................................... passim

*Doyle v. Midland Credit Management, Inc.*,
    No. 11-CV-5571, 2012 WL 5210596 (E.D.N.Y. Oct. 23, 2012) ........................... 8

*Edge v. C. Tech Collections, Inc.*,
    203 F.R.D. 85 (E.D.N.Y. 2001) ..................................................................... 13

*Flast v. Cohen*,
    392 U.S. 83 (1968) ......................................................................................... 7

*Fox. v. Board of Trustees of S.U.N.Y.*,
    42 F.3d 135 (2d Cir. 1994) ............................................................................. 8

*Genesis Healthcare Corp. v. Symczyk*,
    133 S. Ct. 1523 (2013) ........................................................................... passim

## TABLE OF AUTHORITIES
### (Cont'd)

Page(s)

*Greif v. Wilson, Elser, Moskowitz, Edelman & Dicker LLP,*
   258 F. Supp. 2d 157 (E.D.N.Y. 2003) ................................................................ 13

*In re Zarnel,*
   619 F .3d 156 (2d. Cir. 2010) ........................................................................ 8

*Makarova v. United States,*
   201 F.3d 110 (2d Cir. 2000) .......................................................................... 6

*Masters v. Wells Fargo Bank S. Cent.,*
   N.A., No. A–12–CA–376–SS, 2013 WL 3713492 (W.D. Tex. July 11, 2013) ............... 14, 15

*Morrison v. Nat'l Austl. Bank Ltd.,*
   547 F.3d 167 (2d Cir. 2008) .......................................................................... 6

*Powell v. McCormack,*
   395 U.S. 486 (1969) ..................................................................................... 8

*Redfern v. Napolitano,*
   11-1805, 2013 U.S. App. LEXIS 14074 (1st Cir. July 11, 2013) ............................. 8

*Simmons v. United Mortg. & Loan Inv., LLC,*
   634 F.3d 754 (4th Cir. 2011) ......................................................................... 9

*Sosna v. Iowa,*
   419 U.S. 393, 95 S.Ct. 553, 42 L. Ed. 2d 532 (1975) ......................................... 14

*Steel Co. v. Citizens for a Better Env't,*
   523 U.S. 83, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998) ...................................... 7

*Tratt v. Retreival Masters Creditors Bureau, Inc.,*
   No. 00 CV 4560, 2001 WL 667602 (E.D.N.Y. May 23, 2001) ............................. 13, 15

*United States Parole Comm'n v. Geraghty,*
   445 U.S. 388 (1980) ................................................................................ 8, 14

*United States v. Duclos,*
   382 F.3d 62 (1st Cir. 2004) .......................................................................... 8

*Wilner v. OSI Collection Servs., Inc.,*
   198 F.R.D. 393 (S.D.N.Y. 2001) .................................................................. 13

*Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi,*
   215 F.3d 247 (2d. Cir. 2000) ........................................................................ 7

# TABLE OF AUTHORITIES
## (Cont'd)

**Page(s)**

**STATUTES**

47 U.S.C Section 227 ...............................................................................passim

**OTHER AUTHORITIES**

47 C.F.R. § 64.1200...................................................................................3

Fed. R. Civ. P. 12(b)(1) .........................................................................passim

Fed. R. Civ. P. 12(h)(3) ..........................................................................6

Rule 23.....................................................................................................passim

Rule 68.....................................................................................................passim

U.S. Const. Art. III, § 2 ...........................................................................7

Defendant Frontier Communications Corporation ("Frontier") respectfully submits this memorandum of law in support of its Motion to Dismiss the Complaint of plaintiff Diana Mey ("Plaintiff") pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure due to the lack of subject matter jurisdiction.

## INTRODUCTION

Plaintiff has sued Frontier under the Telephone Consumer Protection Act of 1991 ("TCPA") for statutory damages and injunctive relief. Her maximum recovery is limited to $3,000. Frontier, without admitting liability, has offered Plaintiff $6,400 (plus additional amounts for taxable costs incurred) and prospective injunctive relief.[1] Because Plaintiff cannot, as a matter of law, recover more than Frontier has offered her (assuming she were to prevail), she lacks Article III standing and the case must be dismissed for lack of subject matter jurisdiction.

Plaintiff is a serial filer of TCPA class actions. Plaintiff filed the instant putative class action lawsuit to complain about *two* alleged telemarketing calls that she claims she received in July 2013 from, or on behalf of, Frontier.[2] Despite this limited and unique claim, Plaintiff seeks to represent a nationwide class of persons who purportedly received calls over the last four years.[3] But, Plaintiff no longer has a personal stake in this litigation because her claims were mooted once Frontier provided its written settlement offer (with which it tendered a settlement check) that is more than the full amount that she could hope to recover in this action.

Two recent decisions compel the dismissal of Plaintiff's Complaint. First, the United States Court of Appeals for the Second Circuit recently held in *Doyle v. Midland Credit*

---

[1] Frontier disputes that it committed a violation of the TCPA.

[2] Frontier is a communications company that provides services predominantly to rural areas and small and medium-sized towns and cities in the United States. Frontier offers a variety of voice, data and other services for individual and business customers.

[3] Frontier denies that the calls allegedly received by Plaintiff were violations of the TCPA.

*Management, Inc.*, 722 F.3d 78 (2d Cir. 2013) that an unaccepted offer that fully satisfies a plaintiff's claim is sufficient to render the claim moot and require its dismissal for lack of subject matter jurisdiction. *See id.* at 80-81. Second, the United States Supreme Court recently held in *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523 (2013) that where, as here, an action is mooted at any point during the course of litigation, the case must be dismissed even if the plaintiff purports to serve as a representative of unnamed parties.[4] *See id.* at 1529. The only exception to this rule, as set forth in *Genesis*, is where a court has either granted (or perhaps denied) class certification prior to the time that the claims are rendered moot; this is because, once a class is certified (or decidedly not certified, providing for appellate rights) the class achieves an "independent legal status."

Here, the named Plaintiff's claims were mooted at the time Frontier made its written settlement offer, which occurred before certification was granted (or denied). Thus, the class did not obtain any "independent legal status" prior to the time that Plaintiff's claims were rendered moot, and the entire case must now be dismissed for lack of subject matter jurisdiction.

## PROCEDURAL HISTORY AND FACTUAL BACKGROUND

### A.      The Complaint

On August 20, 2013, Plaintiff filed her putative Class Action Complaint against Frontier alleging that it violated the TCPA when it allegedly placed two computer-dialed telemarketing calls to her cellular telephone number, which Plaintiff also claims was registered on the National Do Not Call Registry ("NDNCR"). (*See* Complaint, Docket Entry No. 1.) Plaintiff claims that she received the two calls at issue the month prior to the filing of the

---

[4]      Notably, in reaching this holding, the Court in *Genesis* narrowed earlier opinions that had cast doubt on the propriety of defending against potentially costly and protracted class action litigation by offering Rule 23 class representatives full recovery prior to the class gaining independent legal status through certification.

Complaint – on July 3, 2013 (the "July 3, 2013 Call") and July 23, 2013 (the "July 23, 2013 Call"). (Complaint, ¶¶ 23-33.)

Plaintiff claims in her Complaint that the July 3, 2013 Call and the July 23, 2013 Call each violated two separate provisions of the TCPA and its regulations. (*See id; see also* ¶¶ 56-60.) In Count One of the Complaint, Plaintiff alleges that Frontier violated 47 U.S.C 227(c) and 47 C.F.R. § 64.1200(c)(2), which prohibits telemarketers from initiating certain telemarketing calls to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government" unless certain circumstances are present. (*Id.*, ¶¶ 56-57.) In Count Two of the Complaint, Plaintiff alleges that Frontier violated 47 U.S.C 227(b)(1) and 47 C.F.R. § 64.1200(a)(1)(iii), which Plaintiff states prohibits the initiation of a telephone call using an automated dialing system or prerecorded voice to a telephone number assigned to a cellular service without consent.[5] (Compl., ¶¶ 58-60.)

As to Count One, Plaintiff seeks to represent a class of "all persons within the United States whose phone numbers were registered on the Do Not Call Registry, and who, within the four years before the filing of the initial Complaint, received more than one telemarketing call within any twelve-month period from, or on behalf of, Frontier." (*Id.*, ¶43.) As to Count Two, Plaintiff seeks to represent a class of "all persons within the United States who Frontier directly, or through its agents, called on a cellular telephone line by the use of an automatic telephone dialing system, and with respect to whom Defendant does not have evidence of prior express consent of the called party." (*Id.*, ¶44.)

---

[5]   In Count Three of the Complaint, Plaintiff does not assert a separate claim under the TCPA, but rather only makes a prayer for injunctive relief. (Compl., ¶¶ 61-63.)

Simultaneous with the filing of the Complaint, Plaintiff filed an admittedly premature and unsupported motion for class certification. (Docket Entry No. 2.) Indeed, in that motion, Plaintiff freely admits that "Plaintiff files this motion at this time, although a Motion to Dismiss is pending and discovery is ongoing, in order to avoid the plaintiff from being 'picked off' through a Rule 68 or individual settlement offer . . . The Plaintiff respectfully requests that this Court stay briefing on the motion and provide Plaintiff sufficient discovery to further support and supplement this motion."[6] (*Id.* at p. 2.)

### B.   Frontier's Settlement Offer

On October 14, 2013, counsel for Frontier sent a written settlement offer to Plaintiff's counsel, together with a check in the amount of $6,400. (A copy of the settlement offer is attached hereto as Exhibit A.) Without admitting liability, Frontier offered to settle Plaintiff's TCPA claims as follows:

> 1.      Frontier offers to pay Plaintiff the sum of $1,500 for each of the two calls that Plaintiff alleges in the Complaint that she received on "numbers that Plaintiff had listed on the national Do Not Call Registry," which Plaintiff defines in her Complaint as the July 3, 2013 Call and the July 23, 2013 Call. (Complaint, ¶¶ 23-33.) Thus, for the claims asserted by Plaintiff in Count One of the Complaint, Frontier will pay to Plaintiff a total of $3,000.

> 2.      Frontier offers to pay Plaintiff the sum of $1,500 for each of the two calls (the July 3, 2013 and July 23, 2013 Calls) that Plaintiff alleges that she received on telephone numbers assigned to a cellular service number. (Complaint, ¶¶ 23-33.) Thus, for the claims asserted by Plaintiff in Count Two of the Complaint, Frontier will pay to Plaintiff an additional $3,000.

> 3.      Frontier will pay Plaintiff any taxable costs that she would recover were she to prevail in the Lawsuit, including the cost of the filing fee and any service fees that would be taxable as costs. (We

---

[6]      Plaintiff erroneously states in her class certification motion, which was filed simultaneously with the Complaint, that "a Motion to Dismiss is pending and discovery is ongoing." (Docket Entry No. 2, at p. 2.) At the time Plaintiff's class certification motion was filed, the Complaint had not yet even been served—let alone a Motion to Dismiss filed or any discovery proceeding.

have included the $400 filing fee in the enclosed settlement check.) Please provide me in writing with an itemized statement of additional, taxable costs so that I may arrange for payment of these as well.

4.      Frontier will stipulate to an injunction prohibiting it from: (a) placing any telemarketing calls to Plaintiff on any number that is identified to us as belonging to her; and (b) placing any call using an ATDS, artificial voice or prerecorded message, unless Plaintiff consents in writing to receive such calls.

(*Id.*) Although Frontier does not believe that Plaintiff would be entitled to recover anywhere near the amount offered, it assumed that Plaintiff could recover doubly for each call claimed at the maximum statutory damages amount. Indeed, Frontier offered Plaintiff what is effectively $3,000 per call (for a total of $6,000 in statutory damages), in addition to the other relief set forth in paragraphs 3 and 4 of the settlement letter, as set forth above. There can be no dispute that the offer extended by Frontier more than fully satisfies Plaintiff's individual claims. (*Id.*) There is nothing left for her to recover.

As of the filing of the instant Motion, Frontier has not received a response to its offer. As set forth more fully below, however, whether Plaintiff accepts or rejects the offer is irrelevant; either way, Plaintiff's claims are rendered moot as of the that Frontier made the offer.

## ARGUMENT

## PLAINTIFF'S CASE MUST BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION

The United States Supreme Court recently reaffirmed, in *Genesis,* the significance of Article III's justiciability requirement:

Article III, § 2, of the Constitution limits the jurisdiction of federal courts to "Cases" and "Controversies," which restricts the authority of federal courts to resolving the legal rights of litigants in actual controversies. In order to invoke federal-court jurisdiction, a plaintiff must demonstrate that he possesses a legally cognizable interest, or "personal stake," in the outcome of the action. This requirement ensures that the Federal Judiciary

> confines itself to its constitutionally limited role of adjudicating actual and concrete disputes, the resolutions of which have direct consequences on the parties involved.
>
> A corollary to this case-or-controversy requirement is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed. If an intervening circumstance deprives the plaintiff of a "personal stake in the outcome of the lawsuit," at any point during litigation, the action can no longer proceed and must be dismissed as moot.

*Genesis*, 133 S. Ct. at 1528.  Here, Plaintiff no longer has a "personal stake in the outcome of the lawsuit" because on October 14, 2013, Frontier offered Plaintiff full satisfaction of her claims. (See Exh. A.)  Under *Genesis* and the Second Circuit's decision in *Doyle*, this offer rendered Plaintiff's claims moot, and divested this Court of subject matter jurisdiction over those claims.

For the reasons set forth more fully below, the Complaint must be dismissed with prejudice for lack of subject matter jurisdiction because Plaintiff's claims are no longer justiciable.

## I.   STANDARD UNDER FED. R. CIV. P. 12(b)(1)

The rules of subject matter jurisdiction that apply here are straightforward.  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Doyle*, 722 F.3d at 80-81.  Indeed, under Fed. R. Civ. P. 12(b)(1), the court "shall dismiss" a case when it appears that it does not have subject-matter jurisdiction.

On a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff must establish by a preponderance of the evidence that the court has subject matter jurisdiction over the complaint. *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008); *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  A court evaluating a Rule 12(b)(1) motion "may resolve the disputed jurisdictional fact issues by reference to evidence outside the pleadings, such as

affidavits." *Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d. Cir. 2000). There are two ways to contest subject matter jurisdiction under Rule 12(b)(1)—facially or factually. Here, Frontier makes a "factual challenge addressed to the sufficiency of the evidence underlying the jurisdictional elements of the pleading;" specifically, an offer of settlement. *Antares Aircraft, L.P. v. Federal Republic of Nigeria*, 948 F.2d 90, 96 (2d Cir. 1991), *vacated on other grounds*, 505 U.S. 1215, 112 S. Ct. 3020, 120 L. Ed. 2d 892 (1992).

As set forth more fully below, Plaintiff cannot show—in light of Frontier's settlement offer—that this Court continues to have subject matter over her claims. Therefore, the Complaint must be dismissed.

## II. FRONTIER'S SETTLEMENT OFFER RENDERED PLAINTIFF'S INDIVIDUAL CLAIMS MOOT

### A. A Court Lacks Subject Matter Jurisdiction Once a Plaintiff Is Offered Full And Complete Relief

It is well-settled that a court must ensure at all times that it has subject-matter jurisdiction because any ruling or judgment issued without it would be only hypothetical in nature. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998) ("Hypothetical jurisdiction produces nothing more than a hypothetical judgment—which comes to the same thing as an advisory opinion, disapproved by this Court from the beginning . . . The statutory and (especially) constitutional elements of jurisdiction are an essential ingredient of separation and equilibration of powers, restraining the courts from acting at certain times, and even restraining them from acting permanently regarding certain subjects.") (citations omitted).

One factor that can deprive a court of subject-matter jurisdiction is the absence of a live controversy. Article III of the Constitution empowers federal courts to hear only live "cases" or "controversies." U.S. Const. Art. III, § 2; *Flast v. Cohen*, 392 U.S. 83, 94-95 (1968);

*United States v. Duclos*, 382 F.3d 62, 65 (1st Cir. 2004). It is also settled that "an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Genesis*, 133 S. Ct. at 1528 (citations omitted). A claim becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Cnty of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979) (*quoting Powell v. McCormack*, 395 U.S. 486, 496 (1969)); *see also Genesis*, 133 S. Ct. at 1528. The "legally cognizable interest" can also be understood "as a requirement that a plaintiff have a 'personal stake' in the litigation." *Fox. v. Board of Trustees of S.U.N.Y.*, 42 F.3d 135, 140 (2d Cir. 1994) (citing *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980)). When the plaintiff no longer maintains a "personal stake" in the litigation, a court lacks subject matter jurisdiction over the action and the case must be dismissed. *Genesis*, 133 S. Ct. at 1528; *In re Zarnel*, 619 F .3d 156, 162 (2d Cir. 2010) ("[Mootness] occurs when interim relief or events have eradicated the effects of the defendant's act or omission . . . .") (citations and internal quotation marks omitted); *Redfern v. Napolitano*, 11-1805, 2013 U.S. App. LEXIS 14074, *14 (1st Cir. July 11, 2013) ("federal courts 'lack constitutional authority to decide moot questions;'" therefore, if a plaintiffs' claims become moot while a case is pending in the district court, "dismissal of the action is compulsory.")

"One manner in which the plaintiff can lose [her] 'personal stake' in the litigation is where [as here] a defendant offers a plaintiff the maximum the plaintiff could possibly recover at trial."[7] *Doyle v. Midland Credit Management, Inc.*, No. 11-CV-5571, 2012 WL 5210596 (E.D.N.Y. Oct. 23, 2012) (internal quotations omitted), *aff'd* 722 F.3d 78 (2d Cir. 2013); *see Abrams v. Interco*, 719 F.2d 23, 32 (2d Cir. 1983)) ("[T]here is no justification for taking the

---

[7]     "Because federal courts do not sit simply to bestow vindication in a vacuum, a federal court is required to dismiss a suit for lack of jurisdiction once a defendant has made an offer of complete relief." *Automobile Ins. Co. of Harford, Connecticut v.. Electrolux Home Products, Inc.*, No. 08-CV-623A, 2011 WL 3295510, *2 (W.D.N.Y, Aug. 1, 2011) (internal quotations omitted).

time of the court and the defendant in the pursuit of [a] miniscule individual claim [ ] which defendant has more than satisfied."). This can be achieved either through a Rule 68 offer of judgment or, as here, by way of a settlement offer, so long as the offer provides complete relief to a plaintiff, regardless of whether the plaintiff accepts the offer. *See, e.g., Doyle*, 722 F.3d at 80-81.

The Second Circuit recently held, in *Doyle*, that "an offer need not comply with Federal Rule of Civil Procedure 68 in order to render a case moot under Article III." *Id.* (citing *Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 764 (4th Cir. 2011) ("[T]he doctrine of mootness is . . . not constrained by the formalities of Rule 68."); *see also ABN Amro Verzekeringen BV v. Geologistics Ams., Inc.*, 485 F.3d 85, 92–93 (2d Cir. 2007) (affirming Rule 12(b)(1) dismissal based on a tender of the maximum amount owed and not based on a formal Rule 68 Offer of Judgment). There, the Court held that a statutory damages claim, similar to the ones asserted by Plaintiff here, can be mooted by a settlement offer providing for full relief. *See Doyle*, 722 F.3d 78. Specifically, the Second Circuit held that an ***oral*** offer for $1,011 to satisfy a claim made under the Fair Debt Collection Practices Act ("FDCPA"), was sufficient to deprive the plaintiff of a personal stake in the litigation and therefore deprived the Court of subject matter jurisdiction. *Id.* at 80-81. The *Doyle* Court held that: "Doyle's refusal to settle the case in return for Midland's offer of $1,011 (plus costs, disbursements, and attorney's fees),[8] notwithstanding Doyle's acknowledgement that he could win no more, was sufficient ground to dismiss this case for lack of subject matter jurisdiction." *Id.* at 81.

---

[8]     Attorneys' fees are available under the FDCPA, but not under the TCPA.

In sum, under *Doyle*, Plaintiff's claims became moot at the time that Frontier tendered its settlement offer. Once defendant tenders to the plaintiff the full relief available, then the plaintiff's claim becomes moot and the court lacks subject matter jurisdiction over that claim.

**B.**     **Frontier's Settlement Offer Provided Plaintiff Full And Complete Relief**

As stated above, on October 14, 2013, Frontier (without admitting liability) offered Plaintiff $6,400 in full satisfaction of her claims. Under *Doyle*, this offer rendered Plaintiff's claims moot, and divested this Court of subject matter jurisdiction over those claims.

Specifically, Plaintiff sued for relief under the TCPA. The remedies under the TCPA, and sought by Plaintiff in her Complaint, are well defined. Notably, while the TCPA does allow a plaintiff to recover actual damages instead of statutory damages, Plaintiff here only seeks to recover statutory damages (and injunctive relief) in her Complaint.

Under 47 U.S.C. § 227(c)(5) the TCPA, which applies to Count One of Plaintiff's Complaint, provides that:

> A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State—
>
> (A) an action based on a violation of the regulations prescribed under this subsection to enjoin such violation,
>
> (B) an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater, or
>
> (C) both such actions.
>
>                 ***
>
> If the court finds that the defendant willfully or knowingly violated the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal

10

> to not more than 3 times the amount available under subparagraph
> (B) of this paragraph.

Courts have held that under this Section 227(c) of the TCPA, a Plaintiff cannot recover statutory damages for the first call received, but can only recover for the second call and any other subsequent calls. *See, e.g., Charvat v. GVN Michigan, Inc.*, 531 F. Supp. 2d 922 (S.D. Ohio 2008) ("Though the statute reads that one can recover for "each such violation," the TCPA does not even allow a plaintiff to bring an action for first call violations. 47 U.S. § 227(c)(5). Thus, it is unreasonable to assume that Congress meant for liability to accrue with the first solicitation. Accordingly, the Court dismisses all of Plaintiffs' claims for violations during the First Call.") Here, Plaintiff only alleges that she received two calls, and under the law, is only able to recover for the second call under Section 227(c)(5). Despite this, in its settlement offer, Frontier offered, as to Count One of the Complaint, to pay Plaintiff the maximum statutory damages that she could receive for both calls - $1,500 for each (offering $3,000 on Count One of the Complaint).

Similarly, under 47 U.S.C. § 227(b)(3)(B), which applies to Count Two of Plaintiff's Complaint, the TCPA authorizes:

> (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C) both such actions.
>
> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

As to Count Two of Plaintiff's Complaint, Frontier offered to pay Plaintiff an additional $1,500 for each of the calls claimed. Frontier made this offer, on top of what it offered as to Count One, even though there is no authority supporting a double recovery for a single phone call based on a claim that the call violated two separate provisions of the TCPA. Thus, Frontier offered Plaintiff what is effectively $3,000 per call (for a total of $6,000) to satisfy Plaintiff's claims for statutory damages based on two alleged phone calls. In addition, Frontier also offered Plaintiff injunctive relief as well as taxable costs.

It cannot be meaningfully disputed that Frontier has offered Plaintiff all that she could hope to recover in this action assuming that she prevailed. Accordingly, Plaintiff's individual claims are rendered moot by Frontier's settlement offer. For this reason, Plaintiff's Complaint must be dismissed.

### III.   THE CLASS PORTION OF THE CASE MUST ALSO BE DISMISSED

Plaintiff apparently believes that because she has asserted class claims, and filed an admittedly premature and unsupported motion for class certification, she can avoid mootness. Plaintiff's argument, however, is foreclosed by the Supreme Court's recent decision in *Genesis*.

By way of background, prior to the Supreme Court's decision in *Genesis,* there was some disagreement amongst the district courts in this Circuit regarding whether the presence of collective-action allegations – either in a Rule 23 context or Fair Labor Standards Act ("FLSA") context – could save a suit from mootness once the individual claims were satisfied. Many courts, even before *Genesis,* ruled that the mere presence of class allegations in the absence of a certified class, cannot save a claim from mootness. For example, in *Ambalu v. Rosenblatt*, 194 F.R.D. 451, 453 (E.D.N.Y. 2000), the United States District Court for the Eastern District of New York dismissed a claim as moot following a pre-certification offer of judgment in a FDCPA case. The Court in *Ambalu* found that a defendant could successfully

12

force settlement of the suit by making a Rule 68 offer of judgment because no class had yet been certified. Many pre-*Genesis* courts reached the same result as *Ambalu*. *See, e.g., Greif v. Wilson, Elser, Moskowitz, Edelman & Dicker LLP*, 258 F. Supp. 2d 157, 160-61 (E.D.N.Y. 2003) (applying reasoning of *Ambalu*); *Tratt v. Retreival Masters Creditors Bureau, Inc.*, No. 00 CV 4560, 2001 WL 667602, at *2 (E.D.N.Y. May 23, 2001) ("adopt[ing] Judge Nickerson's opinion [in *Ambalu*] as being entirely dispositive"); *Wilner v. OSI Collection Servs., Inc.*, 198 F.R.D. 393, 394-96 (S.D.N.Y. 2001) (agreeing with reasoning in *Ambalu* while discussing distinguishing facts); *cf. Edge v. C. Tech Collections, Inc.*, 203 F.R.D. 85, 87-88 (E.D.N.Y. 2001) (agreeing with reasoning in *Ambalu* but finding "a case or controversy still remain[ed]" because Rule 68 offer of judgment did not offer the maximum amount recoverable under the FDCPA).[9]

To the extent that it was not clear before, the Supreme Court in *Genesis* has now held that "the mere presence of collective-action allegations in the complaint cannot save a suit from mootness once the individual claim is satisfied." 133 S. Ct. at 1529. In *Genesis*, the plaintiff brought a collective action under the FLSA on behalf of herself and other employees similarly situated. After she ignored the petitioners' offer of judgment under Rule 68, the district court, finding that no other individuals had joined her suit and that the Rule 68 offer fully satisfied her claim, concluded that the plaintiff's suit was moot and dismissed it for lack of subject matter jurisdiction. The Court of Appeals for the Third Circuit reversed, holding that the plaintiff's individual claim was moot but that her collection action was not. The case was remanded to the district court to allow the plaintiff to seek "conditional certification," which, if successful, would relate back to the date of her complaint. The Supreme Court reversed the

---

[9]     Other district courts disagreed with *Ambalu*. *See, e.g., Bowens v. Atlantic Maint.Corp.*, 546 F. Supp. 2d 55, 76-77 (E.D.N.Y. 2008) (collecting cases).

Third Circuit and held that the plaintiff's putative collective action was properly dismissed by the district court for lack of subject matter jurisdiction.

> In so doing, the Supreme Court held as follows:

> We turn, then, to the question whether respondent's action remained justiciable based on the collective-action allegations in her complaint.   A straightforward application of well-settled mootness principles compels our answer.   In the absence of any claimant's opting in, respondent's suit became moot when her individual claim became moot, because she lacked any personal interest in representing others in this action.

> * * *

> [W]e conclude that respondent has no personal interest in representing putative, unnamed claimants, nor any other continuing interest that would preserve her suit from mootness. Respondent's suit was, therefore, appropriately dismissed for lack of subject-matter jurisdiction.

*Id.* at 1530.

Although the Court in *Genesis* recognized Rule 23 class actions "are fundamentally different from collective actions under the FLSA," it went on to review and distinguish the precise Rule 23 cases that courts previously relied on to hold that class actions were not rendered moot based on a Rule 68 or settlement offer.   *See id.* at 1529–32 (discussing *Geraghty*, 445 U.S. at 100; *Deposit Guaranty Nat'l Bank v. Roper*, 445 U.S. 326, 100 S. Ct. 1166, 63 L. Ed. 2 d 427 (1980); and *Sosna v. Iowa*, 419 U.S. 393, 95 S.Ct. 553, 42 L. Ed. 2d 532 (1975)).   Thus, the Court in *Genesis* rejected various policy and other arguments, which were based on this prior case law, to hold the supposed impropriety of "picking off" representative plaintiffs in putative class actions has no vitality as a basis for refusing to dismiss a moot claim.

Recently, federal courts have relied on *Genesis* to dismiss identical claims in nearly identical circumstances to those presented here.   *See, e.g., Masters v. Wells Fargo Bank S. Cent.,* N.A., No. A–12–CA–376–SS, 2013 WL 3713492 (W.D. Tex. July 11, 2013).   For

example, in *Masters*, the plaintiff brought a putative class action against Wells Fargo under the TCPA alleging that Wells Fargo used an autodialer to make calls to his cell phone without his consent.  In response to the plaintiff's Complaint, Wells Fargo served the plaintiff with an offer of judgment pursuant to Fed. R. Civ. P. 68, which Wells Fargo believed represented the maximum possible recovery for the plaintiff's individual claims under the TCPA.  Wells Fargo subsequently agreed to increase its offer amount when the plaintiff claimed he had received additional calls beyond than those identified in the Complaint.  Although the plaintiff did not agree to accept Wells Fargo's offer, Wells Fargo moved to dismiss the plaintiff's individual and putative class TCPA claims for lack of subject matter jurisdiction.  The District Court for the Western District of Texas granted Wells Fargo's motion, holding that, under *Genesis*, Wells Fargo's complete settlement offer made before the court ruled on class certification moots both the representative plaintiff's individual TCPA claims and the putative class claims.  *See, e.g., Masters*, 2013 WL 3713492.  In *Masters*, the court took no issue with applying the *Genesis* decision to the Rule 23 context.  After all, and as the *Masters* Court acknowledges, the Supreme Court in *Genesis* relied heavily on Rule 23 case law to reach its decision that the mere presence of collective-action allegations in a complaint does not somehow save otherwise moot claims from dismissal.

In sum, when reading together the Second Circuit's ruling in *Doyle* (that an unaccepted offer that fully satisfies a plaintiff's claim is sufficient to render the claim moot) and the Supreme Court's ruling in *Genesis* (that Article III standing is not preserved on the basis of class allegations alone, when the individual's claim is moot), this Court must find that it lacks subject matter jurisdiction over Plaintiff's claims.  Accordingly, Plaintiff's claims must be dismissed under Fed. R. Civ. P. 12(b)(1).

## **CONCLUSION**

For the reasons set forth more fully above, defendant Frontier Communications Corporation respectfully requests that this Court dismiss the Complaint of plaintiff Diana Mey pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure due to the lack of subject matter jurisdiction.


Dated:  October 16, 2013                    KELLEY DRYE & WARREN LLP


                                            By:  */s/ James M. Moriarty*_____

                                                 James M. Moriarty (ct 21876)
                                                 KELLEY DRYE & WARREN LLP
                                                 400 Atlantic Avenue
                                                 Stamford, Connecticut 06901
                                                 Phone:  (203) 351-8013
                                                 Fax: (203) 327-2669
                                                 jmoriarty@kelleydrye.com

# EXHIBIT A

**KELLEY DRYE & WARREN** LLP

A LIMITED LIABILITY PARTNERSHIP

**200 KIMBALL DRIVE**

**PARSIPPANY, NJ 07054**

————

(973) 503-5900

NEW YORK, NY
WASHINGTON, DC
LOS ANGELES, CA
CHICAGO, IL
STAMFORD, CT

————

BRUSSELS, BELGIUM

————

AFFILIATE OFFICE
MUMBAI, INDIA

FACSIMILE

(973) 503-5950

www.kelleydrye.com

LAURI A. MAZZUCHETTI

DIRECT LINE: (973) 503-5910

EMAIL: lmazzuchetti@kelleydrye.com

*FOR SETTLEMENT PURPOSES ONLY*

October 14, 2013

**VIA FED EX (WITH ORIGINAL ENCLOSURES SENT TO THE BRODERICK FIRM)**

Edward A. Broderick, Esq.
Anthony Paronich, Esq.
Broderick Law, P.C.
125 Summer Street, Suite 1030
Boston, MA  02110

Nicholas J. Cicale, Esq.
CEnergy Law
24 Camp Avenue
PO Box 4658
Stamford, CT  06907

Matthew P. McCue, Esq.
The Law Office of Matthew P. McCue
1 South Avenue, Suite 3
Natick, MA  01760

John W. Barrett, Esq.
Bailey & Glasser, LLP
209 Capitol Street
Charleston, WV  25301

Re:   *Diana Mey v. Frontier Communications Corporation,*
      Case No. 3:13-cv-01191

Dear Counselors:

This letter is for settlement purposes only, and can be used for no other purpose.

We have been retained to represent Frontier Communications Corporation ("Frontier") in the above-referenced lawsuit (the "Lawsuit") brought by plaintiff Diana Mey ("Plaintiff").  In making this offer of settlement, Frontier does not admit any liability to Plaintiff and makes this offer solely to avoid the expense and inconvenience of litigation.

Frontier hereby makes the following settlement offer to Plaintiff, and encloses a check in the amount of $6,400 in connection with that offer:  (Frontier also encloses a W-9 for Plaintiff to sign and return to me).

1. Frontier offers to pay Plaintiff the sum of $1,500 for each of the two calls that Plaintiff alleges in the Complaint that she received on "numbers that Plaintiff had listed on the national Do Not Call Registry," which Plaintiff defines in her

**KELLEY DRYE & WARREN LLP**

October 14, 2013
Page Two

Complaint as the July 3, 2013 Call and the July 23, 2013 Call. (Complaint, ¶¶ 23-33.) Thus, for the claims asserted by Plaintiff in Count One of the Complaint, Frontier will pay to Plaintiff a total of $3,000.

2. Frontier offers to pay Plaintiff the sum of $1,500 for each of the two calls (the July 3, 2013 and July 23, 2013 Calls) that Plaintiff alleges that she received on telephone numbers assigned to a cellular service number. (Complaint, ¶¶ 23-33.) Thus, for the claims asserted by Plaintiff in Count Two of the Complaint, Frontier will pay to Plaintiff an additional $3,000.[1]

3. Frontier will pay Plaintiff any taxable costs that she would recover were she to prevail in the Lawsuit, including the cost of the filing fee and any service fees that would be taxable as costs. (We have included the $400 filing fee in the enclosed settlement check.) Please provide me in writing with an itemized statement of additional, taxable costs so that I may arrange for payment of these as well.

4. Frontier will stipulate to an injunction prohibiting it from: (a) placing any telemarketing calls to Plaintiff on any number that is identified to us as belonging to her; and (b) placing any call using an ATDS, artificial voice or prerecorded message, unless Plaintiff consents in writing to receive such calls.

The offer extended in this letter fully satisfies the individual claims of Plaintiff made in the Lawsuit.

Please advise me whether Plaintiff accepts this offer, and provide the information requested, so that I may arrange for the additional payment referenced.

Best regards,

Lauri A. Mazzuchetti

LAM:cm

Encl.

---

[1] Although Frontier does not believe that Plaintiff would be entitled to a double recovery even if she were able to prove that each call violated two separate provisions of the TCPA, Frontier nevertheless offers Plaintiff what is effectively $3,000 per call (for a total of $6,000 in statutory damages), in addition to the other relief set forth in paragraphs 3 and 4.