## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| DIANA MEY, individually and on behalf of a class of all persons and entities similarly situated,<br><br>              Plaintiff,<br><br>    v.<br><br>FRONTIER COMMUNICATIONS CORPORATION,<br><br>              Defendant. | CIVIL ACTION NO. 3:13-cv-01191-RNC |

**DEFENDANT FRONTIER COMMUNICATION CORPORATION'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

James M. Moriarty (ct 21876)
KELLEY DRYE & WARREN LLP
400 Atlantic Avenue
Stamford, Connecticut 06901
Phone:  (203) 351-8013

*Attorneys for Defendant Frontier*
*Communications Corporation*

# TABLE OF CONTENTS

Page

INTRODUCTION ....................................................................................................... 1

PROCEDURAL HISTORY AND FACTUAL BACKGROUND ................................ 2

ARGUMENT ............................................................................................................. 4

I.     THE SECOND CIRCUIT REQUIRES A RIGOROUS
       ANALYSIS FOR CLASS CERTIFICATION ................................................ 4

II.    PLAINTIFF'S MOTION FAILS TO MEET
       THE STANDARD FOR CLASS CERTIFICATION ...................................... 6

       A.    Plaintiff Concedes That She Has Not Met The Requirements Of Rule 23 ............ 6

       B.    Plaintiff Has Not And Cannot Demonstrate Ascertainability ............................... 7

             1.    Plaintiff Has Not Defined An Ascertainable Class
                   As To Count One of The Complaint ....................................... 8

             2.    As To Count Two, Plaintiff Has Not Defined An Ascertainable
                   Class ........................................................................................ 11

       C.    Plaintiff Has Not And Cannot Establish That Common Issues
             Predominate Over Individual Issues Under Rule 23(b)(3) ................... 13

       D.    Plaintiff's Claims Are Not Typical or Common of Putative Class Members
             Who Are Subject To Individual Arbitration Agreement with Frontier ................. 16

CONCLUSION .......................................................................................................... 18

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*3801 Main Street, LLC v. Business Owners Liab. Team LLC,*
  No. 3:11-cv-1320, 2012 WL 4755048 (D. Conn. Sept. 24, 2012) ...........................................6

*Allen v. Dairy Farmers of Am.,*
  279 F.R.D. 257 (D. Vt. 2011) ...................................................................................................5

*Am. Express Co. v. Italian Colors Rest.,*
  133 S. Ct. 2304 (2013) ........................................................................................................4, 5

*Balthazor v. Credit Servs., Inc.,*
  No. 10–62435, 2012 WL 6725872 (S.D. Fla. Dec. 27, 2012) ................................................14

*Barrus v. Dick's Sporting Goods, Inc.,*
  732 F. Supp. 2d 243 (W.D.N.Y. 2010) ...................................................................................11

*Caridad v. Metro–N. Commuter R.R.,*
  191 F.3d 283 (2d Cir. 1999) .....................................................................................................5

*Carrerra v. Bayer Corp.,*
  727 F.3d 300 (3d Cir. 2013) .....................................................................................................8

*Cayanan v. Citi Holdings, Inc.,*
  928 F. Supp. 2d 1182 (S. D. Cal. 2013) .................................................................................17

*Coppock v. Citigroup, Inc.,*
  C11-1984-JCC, 2013 WL 1192632 (W.D. Wash. Mar. 22, 2013) .........................................17

*Eng–Hatcher v. Sprint Nextel Corp.,*
  No. 07 Civ. 7350 (BSJ), 2009 WL 7311383 (S.D.N.Y. Nov. 13, 2009) .................................11

*Felix v. Northstar Locations Srvs., LLC,*
  290 F.R.D. 397 (W.D.N.Y. 2013) .............................................................................................8

*Forman v. Data Transfer, Inc.,*
  164 F.R.D. 400 (E.D. Pa. 1995) .......................................................................................12, 14

*Gannon v. Network Tel. Svs., Inc.,*
  No. CV 12-9777-RGK, 2013 WL 2450199 (C.D. Cal. June 5, 2013) ..............................12, 13

*Gene & Gene L.L.C. v. BioPay, L.L.C.,*
  541 F.3d 318 (5th Cir. 2008) ..................................................................................................14

## TABLE OF AUTHORITIES
### (Cont'd)

Page(s)

*In re Am. Int'l Group, Inc. Sec. Litig.*,
689 F.3d 229 (2d Cir. 2012) ....................................................................................4, 7

*In re Initial Public Offering Secs. Litig.*,
471 F.3d 24 (2d Cir. 2006) ......................................................................................5, 8

*In re Titanium Dioxide Antitrust Litig.*,
__ F. Supp. 2d __, 2013 WL 4516472 (D. Md. Aug. 26, 2013)............................16

*Jamison v. First Credit Services, Inc.*,
290 F.R.D. 92 (N.D. Ill. 2013) ......................................................................12, 14, 15

*Jamison v. First Credit Svs. Inc.*,
No. 12 C 4415, 2013 WL 3872171 (N.D. Ill. July 29, 2013)............................9, 15

*Kenro, Inc. v. Fax Daily, Inc.*,
962 F. Supp. 1162 (S.D. Ind. 1997)...............................................................12, 14

*Machesney v. Lar-Bev of Howell, Inc.*,
No. 10-10085, __ F.R.D. __, 2013 WL 1721150 (E.D. Mich. April 22, 2013) .......... 10, 15, 16

*McNamara v. Royal Bank of Scotland Grp., PLC*,
11-CV-2137-L WVG, 2012 WL 5392181 (S.D. Cal. Nov. 5, 2012) ....................17

*Mike v. Safeco Ins. Co. Of Am.*,
223 F.R.D. 50 (D. Conn. 2004) ...............................................................................5

*Moore v. PaineWebber, Inc.*,
306 F.3d 1247 (2d Cir. 2002) ...............................................................................14

*O'Connor v. Diversified Consultants, Inc.*,
No.: 4:11CV-1722, 2013 WL 2319342 (E.D. Mo. May 28, 2013) ..................14, 15

*Oshana v. Coca Cola*,
472 F.3d 506 (7th Cir. 2006) ..................................................................................9

*Pablo v. ServiceMaster Global Holdings Inc.*,
No. C 08– 03894, 2011 WL 3476473 (N.D. Cal. Aug. 9, 2011)............................16

*Physicians Healthscore, Inc. v. Purdue Pharma L.P.*,
No.: 3:12-cv-1208, 2013 WL 4782378 (D. Conn. Sept. 6, 2013) ............................6

*Rasschaert v. Frontier Communications Corp.*,
Civil No. 12–3108, 2013 WL 1149549 (D. Minn. March 19, 2013) ......................17

*Renton v. Kaiser Found. Health Plan*,
No. C00–5370-RJB, 2001 WL 1218773 (W.D. Wash. Sept. 24, 2001)..................17

iii

# TABLE OF AUTHORITIES
## (Cont'd)

**Page(s)**

*Sirota v. Solitron Devices, Inc.*,
   673 F.2d 566 (2d Cir. 1982) ...................................................................5

*Taylor v. Housing Auth. of New Haven*,
   257 F.R.D. 23 (D. Conn. 2009) ...............................................................4

*Teamsters Local 445 Freight Div. Pension Fund v. Bombardier, Inc.*,
   546 F.3d 196 (2d Cir. 2008) ....................................................................4

*Vandervort v. Balboa Capital Corp.*,
   287 F.R.D. 554 (C.D. Cal. 2012) ...........................................................12

*Vega v. T–Mobile USA, Inc.*,
   564 F.3d 1256 (11th Cir. 2009) ...............................................................6

*Versteeg v. Bennett, Deloney & Noyes, P.C.*,
   271 F.R.D. 668 (D. Wyo. 2011) .............................................................14

*Vigus v. Southern Illinois Riverboat/Casino Cruises, Inc.*,
   274 F.R.D. 229 (S.D. Ill. 2011) ............................................................8, 9

*Wal–Mart Stores, Inc. v. Dukes*,
   —— U.S. ——, 131 S. Ct. 2541, 180 L. Ed. 2d 374 (2011)................4, 6

## STATUTES

47 U.S.C Section ...................................................................................passim

## OTHER AUTHORITIES

47 C.F.R. § 64.1200..............................................................................passim

5 Moore's Federal Practice, § 23.21[3][c] ...........................................11

Federal Rule of Civil Procedure 23 ...................................................passim

Federal Rule of Civil Procedure 68 ........................................................3

Defendant Frontier Communications Corporation ("Frontier") respectfully submits this memorandum of law in opposition to the Motion for Class Certification (the "Class Certification Motion") filed by plaintiff Diana Mey ("Plaintiff"). (d/e 2.) For the reasons stated below, Frontier respectfully requests that the Court deny the Class Certification Motion in its entirety as it is premature, and because it does not meet the requirements of Federal Rule of Civil Procedure 23.[1]

## **INTRODUCTION**

Plaintiff Diana Mey is a repeat plaintiff who routinely files class actions under the Telephone Consumer Protection Act of 1991 ("TCPA"). In this case, Plaintiff hastily filed a premature and unsupported Class Certification Motion at the same time that she filed her Complaint. Plaintiff's Motion utterly fails to make the substantial showing required to obtain class certification, and instead relies (improperly) on nothing more than speculation about what she hopes to be able to show after conducting discovery. Plaintiff herself concedes in her very own motion papers that the Class Certification Motion lacks the requisite support, as she has requested that this Court stay briefing so that she can conduct the discovery that she hopes will allow her to support her Motion. This Court should take Plaintiff's word for it that the Class Certification Motion is unsupported, and should deny the Motion.

In addition, Plaintiff also fails to satisfy the requirements of Rule 23 in that: (a) she has not even attempted to, and cannot, satisfy the requirement of ascertainability that is necessary for class certification; (b) her own class definitions demonstrate that she cannot satisfy the predominance requirement of Rule 23(b)(3); and (c) her claims are not typical or common of

---

[1]     Frontier respectfully states that this Court lacks subject matter jurisdiction over this case for the reasons set forth in its Motion to Dismiss filed on October 16, 2013. Accordingly, the entire case should be dismissed.

those of the absent class, because Frontier's current customers and many of its former customers are subject to binding arbitration agreements that waive the ability to participate in a class action. For these reasons, and the reasons set forth more fully below, this Court should deny Plaintiff's Class Certification Motion.

## PROCEDURAL HISTORY AND FACTUAL BACKGROUND

On August 20, 2013, Plaintiff filed her putative Class Action Complaint against Frontier alleging that it violated the TCPA when it allegedly placed two computer-dialed telemarketing calls to her cellular telephone number, which Plaintiff also claims was registered on the National Do Not Call Registry ("NDNCR"). (*See* Complaint, Docket Entry No. 1.) Plaintiff claims that she received the two calls at issue the month prior to the filing of the Complaint – on July 3, 2013 (the "July 3, 2013 Call") and July 23, 2013 (the "July 23, 2013 Call"). (Complaint, ¶¶ 23-33.)

Plaintiff claims in her Complaint that the July 3, 2013 Call and the July 23, 2013 Call, each individually, violated two separate provisions of the TCPA and its regulations. (*See id.; see also* ¶¶ 56-60.) In Count One of the Complaint, Plaintiff alleges that Frontier violated 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)(2), which prohibits telemarketers from initiating certain telemarketing calls to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government" unless certain circumstances are present. (*See id.* at ¶¶ 56-57.) In Count Two of the Complaint, Plaintiff alleges that Frontier violated 47 U.S.C 227(b)(1) and 47 C.F.R. § 64.1200(a)(1)(iii), which Plaintiff states prohibits the initiation of a telephone call using an automated dialing system or

prerecorded voice to a telephone number assigned to a cellular service without consent.[2]  (*See id.* at ¶¶ 58-60.)

As to Count One, Plaintiff purports to represent a class of "all persons within the United States whose phone numbers were registered on the Do Not Call Registry, and who, within the four years before the filing of the initial Complaint, received more than one telemarketing call within any twelve-month period from, or on behalf of, Frontier." (*See id.* at ¶ 43.) As to Count Two, Plaintiff seeks to represent a class of "all persons within the United States who Frontier directly, or through its agents, called on a cellular telephone line by the use of an automatic telephone dialing system, and with respect to whom Defendant does not have evidence of prior express consent of the called party." (*See id.* at ¶ 44.)

Simultaneous with the filing of the Complaint, on August 20, 2013, Plaintiff also filed an admittedly premature and unsupported Class Certification Motion.  (Docket Entry No. 2.) That Motion was not supported by any evidence.  To the contrary, Plaintiff freely admits that "Plaintiff files this motion at this time, although a Motion to Dismiss is pending and discovery is ongoing, in order to avoid the plaintiff from being 'picked off' through a Rule 68 or individual settlement offer . . . The Plaintiff respectfully requests that this Court stay briefing on the motion and provide Plaintiff sufficient discovery to further support and supplement this motion."[3] (*Id.* at p. 2.)  Plaintiff's Class Certification Motion failed to put before this Court the affirmative

---

[2]     In Count Three of the Complaint, Plaintiff does not assert a separate claim under the TCPA, but rather only makes a prayer for injunctive relief.  (Complaint, ¶¶ 61-63.)

[3]     Plaintiff erroneously states in the Class Certification Motion, which was filed simultaneously with the Complaint,  that "a Motion to Dismiss in pending and discovery is ongoing."  (Docket Entry No. 2, at p. 2.)  At the time that the Class Certification Motion was filed, the Complaint had not yet even been served – let alone a Motion to Dismiss filed or any discovery proceeding.

evidence required to satisfy Rule 23, but instead relied on speculation regarding what Plaintiff

hopes to be able to show after conducting discovery.

## ARGUMENT

## I.   THE SECOND CIRCUIT REQUIRES A RIGOROUS ANALYSIS FOR CLASS CERTIFICATION

The United States Supreme Court has held that "Rule 23 does not set forth a mere

pleading standard." *Wal–Mart Stores, Inc. v. Dukes*, —— U.S. ——, 131 S. Ct. 2541, 2551, 180

L. Ed. 2d 374 (2011).   "The party seeking class certification must affirmatively demonstrate

compliance with the Rule, and a district court may only certify a class if it is satisfied, after a

rigorous analysis, that the requirements of Rule 23 are met." *In re Am. Int'l Group, Inc. Sec.*

*Litig.*, 689 F.3d 229, 237-38 (2d Cir. 2012).   As the Supreme Court recently has emphasized,

Rule 23 "imposes stringent requirements for certification that in practice exclude most claims."

*Am. Express Co. v. Italian Colors Rest.*, 133 S. Ct. 2304, 2310 (2013).

Specifically, the plaintiff must prove that the putative class satisfies the four

requirements of Federal Rule of Civil Procedure 23(a), in addition to the requirements of Rule

23(b).   Rule 23(a) provides that a class will be certified only if:

> (1) the class is so numerous that joinder of all members is
> impractical [numerosity requirement]; (2) there are questions of
> law or fact common to the class [commonality requirement]; (3)
> the claims or defenses of the representative parties are typical of
> the claims or defenses of the class [typicality requirement]; and (4)
> the representative parties will fairly and adequately protect the
> interests of the class [adequacy requirement].

Fed. R. Civ. P. 23(a); *see also Teamsters Local 445 Freight Div. Pension Fund v. Bombardier,*

*Inc.*, 546 F.3d 196, 201–02 (2d Cir. 2008) (setting forth requirements of Rule 23(a)).   Rule 23

also requires that a plaintiff establish an ascertainable class. *See, e.g., Taylor v. Housing Auth. of*

*New Haven*, 257 F.R.D. 23, 28 (D. Conn. 2009), *vacated on other grounds*, No. 3:09cv557

(JBA), 2010 WL 1278869 (D. Conn. Mar. 29, 2010); *Mike v. Safeco Ins. Co. Of Am.*, 223 F.R.D. 50, 52–53 (D. Conn. 2004).

      Here, Plaintiff seeks certification under Rule 23(b)(3).  Accordingly, in addition to the requirements of Rule 23(a), she must also show that: (i) questions of law or fact common to class members predominate over any questions affecting only individual members; and (ii) "that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3); *see also In re Initial Public Offering Secs. Litig.,* 471 F.3d 24, 33 (2d Cir. 2006).

      It is well-settled that the proponent of the class action, here Plaintiff, bears the burden of establishing that class treatment is proper by proving that the proposed class meets all of the requirements set forth in Rule 23.  *Initial Public Offering Secs. Litig.,* 471 F.3d at 41; *Caridad v. Metro–N. Commuter R.R.*, 191 F.3d 283, 291 (2d Cir. 1999).  The Second Circuit has emphasized that the district court must conduct a "rigorous analysis" to determine "that every Rule 23 requirement" is met before certifying a class. [4] *Initial Public Offering Sec. Litig.*, 471 F.3d at 33 & n. 3, 41 ("[T]here is no reason to lessen a district court's obligation to make a determination that every Rule 23 requirement is met before certifying a class just because of some or even full overlap of that requirement with a merits issue."); *see also Am. Express Co. v. Italian Colors Rest.*, 133 S. Ct. 2304, 2310 (2013) ("The Rule imposes stringent requirements for certification that in practice exclude most claims.").  Thus, it is not sufficient for plaintiffs to make merely "some showing" that the requirements of Rule 23 have been met, rather a plaintiff must show "significant proof." *Allen v. Dairy Farmers of Am.*, 279 F.R.D. 257, 262 (D. Vt.

---

[4]     The Second Circuit has held that a "district court may be reversed for premature certification if it has failed to develop a sufficient evidentiary record from which to conclude that the requirements of [Rule 23] have been met." *Sirota v. Solitron Devices, Inc.*, 673 F.2d 566, 571 (2d Cir. 1982).

2011) ("Where 'significant proof' is lacking, class certification should be denied.") (quoting *Vega v. T–Mobile USA, Inc.*, 564 F.3d 1256, 1269 (11th Cir. 2009)).

## II.   PLAINTIFF'S MOTION FAILS TO MEET <br> THE STANDARD FOR CLASS CERTIFICATION

Plaintiff here fails to meet the standard for class certification.  As set forth more fully below, the Class Certification Motion should be denied because: (a) Plaintiff concedes that her Motion is premature and that she cannot meet the requirements of Rule 23; (b) Plaintiff has not even attempted to meet the requirement of ascertainability, and the proposed class definitions demonstrate that she cannot do so; (c) the proposed class definitions, on their face, demonstrate that the predominance requirement cannot be met; and (d) Plaintiff's claims are not typical or common of those of the absent class (assuming that there is an absent class), because Frontier's current customers and many of its former customers are subject to binding arbitration agreements that include a class action waiver.

### A.   Plaintiff Concedes That She Has Not Met The Requirements Of Rule 23

Courts in this district have not hesitated to deny premature, pre-discovery motions for class certification like the one at bar.  *See Physicians Healthscore, Inc. v. Purdue Pharma L.P.*, No.: 3:12-cv-1208, 2013 WL 4782378, * 1 (D. Conn. Sept. 6, 2013) (denying class certification as "'rigorous analysis' was impracticable . . . because the plaintiff filed its motion for class certification prior to discovery); *see also 3801 Main Street, LLC v. Business Owners Liab. Team LLC*, No. 3:11-cv-1320, 2012 WL 4755048, * 1 (D. Conn. Sept. 24, 2012) ("there is nothing to be gained by formally staying plaintiff's current, underdeveloped motion while the court awaits the filing of a later, fully-developed motion.").  This is because Rule 23 is not a pleading standard, *Dukes*, 131 S. Ct. at 2551, and a proponent of class certification (here Plaintiff) has the obligation to come forward with affirmative evidence to demonstrate

compliance with Rule 23, as well as a record that permits the Court to conduct the requisite "rigorous analysis." *Am. Int'l Group, Inc. Sec. Litig.*, 689 F.3d at 237-38.  This standard cannot be met in the absence of any discovery or factual record.

Plaintiff concedes that the Class Certification Motion is premature and that she cannot now meet the Second Circuit's standard for class certification.  Plaintiff has improperly presented this Court with arguments and speculation regarding what she hopes to show after conducting discovery, rather than affirmative evidence demonstrating compliance with Rule 23.[5] Indeed, in her Class Certification Motion, Plaintiff freely admits that she needs "sufficient discovery to further support and supplement this motion."  (Docket Entry No. 2, at p. 2; *see also* p. 12 (stating that because discovery has not yet commenced, "Plaintiff requests that this Court stay briefing of this motion pending the completion of discovery and supplemental briefing as to class certification.")).

Plaintiff admittedly has failed to meet her burden under Rule 23, and on the record before it, this Court cannot conduct the "rigorous analysis" required by the Second Circuit.  In sum, this Court should take Plaintiff's word for it – she concedes that has not met her burden – and deny her Motion.

**B.**    **Plaintiff Has Not And Cannot Demonstrate Ascertainability**

The Class Certification Motion also must be denied because she has not even attempted to meet the requirement of ascertainability, and the proposed class definitions demonstrate that she cannot do so.  It is well-settled that as part of the analysis required by Rule 23(a) and (b), a class cannot be certified unless the proposed class is ascertainable using

---

[5]    For example, Plaintiff does not state that she can satisfy numerosity, but rather states that she believes that after she conducts discovery, she "will be" able to establish that requirement later.  (Docket Entry No. 2, at p. 5.)

objective criteria. *See, e.g., Felix v. Northstar Locations Srvs., LLC*, 290 F.R.D. 397, 402 (W.D.N.Y. 2013) (finding class treatment inappropriate where proposed class definition did not result in an ascertainable class); *see also Initial Public Offerings Securities Litig.*, 471 F.3d at 30 (discussing "[t]he implied requirement of ascertainability" of the class). Indeed, "[t]he implied requirement of ascertainability" obligates plaintiffs to demonstrate that the class they seek to certify is readily identifiable, such that the court can determine who is in the class and, thus, bound by the ruling. *See Initial Public Offerings Securities Litig.*, 471 F.3d at 30; *see also Carrerra v. Bayer Corp.*, 727 F.3d 300, 302 (3d Cir. 2013) (("[A] plaintiff must show, by a preponderance of the evidence, that a class is 'currently and readily ascertainable based on objective criteria.'").

Here, Plaintiff's Class Certification Motion should be denied on the basis that she does not even attempt to satisfy the ascertainability requirement. Moreover, and as set forth more fully below, Plaintiff's own class definitions demonstrate that the proposed classes that she seeks to represent are not readily ascertainable, and would either impermissibly create an overbroad class (as to the "Count One" class), or require individualized fact finding and litigation to determine class membership (as to the "Count Two" class).

### 1.   Plaintiff Has Not Defined An Ascertainable Class As To Count One of The Complaint

Plaintiff's first proposed class is not ascertainable because (1) it is overbroad and (2) attempting to exclude the class members who have claims under Plaintiff's liability theory from those where there is no liability under the TCPA would be administratively infeasible.

A class definition is "overbroad" – and thus the class is not ascertainable – if it "could include a substantial number of people who have no claim under the theory advanced by the named plaintiff." *Vigus v. Southern Illinois Riverboat/Casino Cruises, Inc.*, 274 F.R.D. 229,

235 (S.D. Ill. 2011). In the context of the TCPA, courts have held that class definitions that could potentially include thousands of people that received calls that are not, and could not be, violations under the TCPA render a class overbroad and not sufficiently definite to establish ascertainability. *See Jamison v. First Credit Svs. Inc.*, No. 12 C 4415, 2013 WL 3872171 (N.D. Ill. July 29, 2013) (denying certification as to a TCPA class where class definition contains a large number of potential class members who have no grievance with the defendant); *Vigus*, 274 F.R.D. at 235 (denying certification of TCPA claims on ascertainability grounds and noting that "[w]here a class is overbroad and could include a substantial number of people who have no claim under the theory advanced by the named plaintiff, the class is not sufficiently definite.").[6]

Plaintiff's class definition, as to Count One of the Complaint suffers from this fatal flaw. Plaintiff seeks to represent a class of "all persons within the United States whose phone numbers were registered on the [NDNCR], and who, within the four years before the filing of the initial Complaint, received more than one telemarketing call within any twelve-month period from, or on behalf of, Frontier." (Complaint, ¶ 43.) The law is well-established that not every person who receives a call (or even two or more calls) while his or her number is on the NDNCR has a claim under the TCPA. Indeed, it would take numerous fact-intensive – and administratively impossible – inquiries to attempt to isolate people who do not have a TCPA claim under Plaintiff's theory of liability from the ones that allegedly do have a TCPA claim.

For one, 47 C.F.R. § 64.1200(c)(2) states that it is a TCPA violation to initiate a "telephone solicitation" to "[a] *residential telephone subscriber* who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive

---

[6]     *See also Oshana v. Coca Cola*, 472 F.3d 506, 513-14 (7th Cir. 2006) (affirming denial of class certification on ascertainability grounds as the proposed class was overbroad because it contained millions of potential members who were not actually deceived into purchasing Diet Coke and thus did not have an consumer protection claim).

telephone solicitations that is maintained by the Federal Government."   It is not a TCPA violation to call a business telephone subscriber to sell a business product or service, as opposed to calling a residential telephone subscriber.   In addition, the term "telephone solicitation" is defined by the TCPA to exclude calls or messages to persons who have an "established business relationship" ("EBR") with the caller – that is, are either existing customers or were customers within the eighteen months preceding the call.   47 C.F.R. § 64.1200(f)(14); 47 C.F.R. § 64.1200(f)(5).   Accordingly, it is *not* a violation of the TCPA for a company (such as Frontier) to place telemarketing calls to its existing or former customers, even if their numbers are registered on the NDNCR.

In other words, Plaintiff's proposed class definition as to Count One is, on its face, exactly the type that courts have refused to certify because it would include persons who have no potential claim against Frontier.   *See Machesney v. Lar-Bev of Howell, Inc.*, No. 10-10085, __ F.R.D. __, 2013 WL 1721150 (E.D. Mich. April 22, 2013) (holding that ascertainable class was lacking where proposed TCPA class would include persons who had no TCPA claim against defendants).   Indeed, the definition of the proposed class as to Count One would include ***all*** persons who received a call from Frontier and their number was registered on the NDNCR regardless of whether there existed an EBR, and regardless of whether the person was a residential or business subscriber.

Because the class definition as to Count One would inevitably include persons who as a matter of law have no claim against Frontier and those persons cannot be separated from the ones who might have a claim under Plaintiff's theory of the case, the Court should deny Plaintiff's Motion as it pertains to Count One.

**2.**        **As To Count Two, Plaintiff Has Not Defined An Ascertainable Class**

Plaintiff's class definition as to Count Two suffers from a similar fatal flaw – she links her class definition with the merits of the putative class members' purported claims. Indeed, as to Count Two, Plaintiff seeks to represent a class of "all persons within the United States who Frontier directly, or through its agents, called on a cellular telephone line by the use of an automatic telephone dialing system, *and with respect to whom Defendant does not have evidence of prior express consent of the called party*."   (Complaint, ¶ 44 (emphasis added.)) Plaintiff builds her class definition to exclude persons who consented to autodialed calls because it is not a violation of the TCPA to use an autodialer to call persons who have consented to receive such calls. *See* 47 U.S.C 227(b)(1) and 47 C.F.R. § 64.1200(a)(1)(iii).

The law is clear that "[w]hen a proposed class definition links class membership with the merits of the class members' claims," as Plaintiff's proposed class does here with respect to Count Two, "the class is not ascertainable." *Eng–Hatcher v. Sprint Nextel Corp.*, No. 07 Civ. 7350 (BSJ), 2009 WL 7311383, *7 (S.D.N.Y. Nov. 13, 2009); *Barrus v. Dick's Sporting Goods, Inc.,* 732 F. Supp. 2d 243, 250 (W.D.N.Y. 2010) ("Plaintiffs' proposed class definition is defective because it is not based upon objective criteria and, instead, would require the Court to make a merits determination for each potential class member just to determine class membership"); 5 Moore's Federal Practice, § 23.21[3][c] (Matthew Bender 3d ed.) ("A class definition is inadequate if a court must make a determination of the merits of the individual claims to determine whether a particular person is a member of the class").

In the context of TCPA class action litigation, courts routinely hold that a proposed class is not ascertainable, and not subject to class treatment, where – as here – class membership depends on whether a person consented to the challenged communication. *See, e.g.,*

*Jamison v. First Credit Services, Inc.*, 290 F.R.D. 92 (N.D. Ill. 2013) (denying class certification on TCPA claims because the court "would have to conduct a series of mini-trials to determine the population of the class and to determine liability," finding that there is "no way to employ generalized proof to prove consent, or lack thereof."); *Gannon v. Network Tel. Svs., Inc.*, No. CV 12-9777-RGK, 2013 WL 2450199, *2-3 (C.D. Cal. June 5, 2013) (proposed class defined as recipients of "unauthorized" text messages was not ascertainable); *Vandervort v. Balboa Capital Corp.*, 287 F.R.D. 554, 557 (C.D. Cal. 2012) (proposed class defined as recipients of "unsolicited" fax advertisements was not ascertainable); *Kenro, Inc. v. Fax Daily, Inc.*, 962 F. Supp. 1162, 1169-1170 (S.D. Ind. 1997) ("Because Kenro's class definition would require the court to conduct individual inquiries with regard to each potential class member in order to determine whether each potential class member had invited or given permission for transmission of the challenged fax advertisements, Kenro has failed to meet the requirements of Rule 23(a)."); *Forman v. Data Transfer, Inc.*, 164 F.R.D. 400, 403-04 (E.D. Pa. 1995) (same).

Recently, in *Gannon*, the United States District Court for the Central District of California held that Fed. R. Civ. P. 23 could not be satisfied where, as here, membership in the plaintiff's proposed class depended on consent. 2013 WL 2450199, *2-3. There, the plaintiff's proposed class consisted, in relevant part, of "[a]ll persons in the United States and its Territories who received one or more unauthorized text messages sent by or on behalf of Defendants." *Id.* at *2. The Court in *Gannon* explained that

> Plaintiff's proposed class is unascertainable and unidentifiable. The Court cannot determine whether an individual is part of the class without extensive individual inquiry into the merits of Plaintiff's claim, which ultimately makes identification of the class administratively unfeasible. . . . Plaintiff's class definition would require individual inquiry into whether the potential class members consented to receiving text messages. Defendants provide evidence that some of the recipients may have consented, because callers

> were explicitly informed that they may be contacted by the company at the number from which they had called and provided an opportunity to opt-out of receiving such contact.
>
> Based on these facts, the Court "would have to hold 'mini-trials' to determine who received" unauthorized text messages and thus, who is a class member. Such circumstances render the proposed class not ascertainable or identifiable, because significant inquiry as to each individual class member would be required, as well as inquiry into the merits of the claim.

*Id.* *3 (internal citations omitted).

So too here. Plaintiff's class definition would require individual inquiry into whether the potential class members consented to receiving telephone communications from Frontier on their wireless numbers. The class that Plaintiff seeks to represent here cannot be determined by objective criteria, and is therefore not ascertainable, because it requires an individualized determination of consent. There is no amount of discovery that will change this inevitable conclusion. Accordingly, Plaintiff's own pleading and class certification confirms that this case is improper for class treatment.

Accordingly, because Plaintiff's "Count Two" class definition builds in consent – a merits-based determination – into the class definition, Plaintiff will not be able to satisfy the ascertainability requirement of Rule 23. For this reason, this Court should deny Plaintiff's Class Certification Motion as it pertains to Count Two.

### C. Plaintiff Has Not And Cannot Establish That Common Issues Predominate Over Individual Issues Under Rule 23(b)(3)

The allegations and class definition in Plaintiff's Complaint and Class Certification Motion also demonstrate that Plaintiff cannot establish that "questions of law or fact common to class members predominate over any questions affecting only individual members," as required by Fed. R. Civ. P. 23(b)(3). As set forth above, Rule 23(b)(3) requires, as a condition precedent to class certification, that questions of law or fact common to the members

13

of the class predominate over any questions affecting only individual members.  *See Moore v. PaineWebber, Inc.,* 306 F.3d 1247, 1252 (2d Cir. 2002).

In the context of putative class actions under the TCPA, courts have consistently held that the individualized inquiries necessary to determine whether call or fax recipients provided prior express consent, or to determine whether an EBR existed, preclude a finding of predominance under Rule 23.  *See Gene & Gene L.L.C. v. BioPay, L.L.C.*, 541 F.3d 318, 326-29 (5th Cir. 2008) (holding that district court abused its discretion in certifying class because the individualized issue of whether "fax advertisements were transmitted without the prior express invitation or permission of each recipient" prevented plaintiff from "advanc[ing] any viable theory employing generalized proof concerning the lack of consent with respect to the class . . . [which] leads to the conclusion that myriad mini-trials cannot be avoided."); *O'Connor v. Diversified Consultants, Inc.*, No.: 4:11CV-1722, 2013 WL 2319342 (E.D. Mo. May 28, 2013); *Jamison v. First Credit Svs, Inc.*, 290 F.R.D. 92, 107 (N.D. Ill. 2013) (denying class certification on TCPA claims because the court "would have to conduct a series of mini-trials to determine the population of the class and to determine liability," finding that there is "no way to employ generalized proof to prove consent, or lack thereof."); *Balthazor v. Credit Servs., Inc.*, No. 10–62435, 2012 WL 6725872 at *4 (S.D. Fla. Dec. 27, 2012) ("Resolution of each putative class member's TCPA claim would necessarily involve an individual assessment of whether each class member consented to receive telephone calls on their cellular telephone.").[7]

---

[7]    *See also Versteeg v. Bennett, Deloney & Noyes, P.C.*, 271 F.R.D. 668, 674 (D. Wyo. 2011) (holding that because "the TCPA claims will require extensive individual fact inquiries into whether each individual gave 'express consent' by providing their wireless number to the creditor during the transaction that resulted in the debt owed . . . individual inquiries [ ] predominate over the class action"); *Forman*, 164 F.R.D. at 404 (denial of class certification where an individual inquiry would be undertaken regarding a consent to receive facsimiles); *Kenro*, 962 F. Supp. at 1169 (same).

This case bears substantial similarities to two other recent TCPA cases in which individualized questions regarding consent predominated over common questions, thereby defeating class certification.   In *O'Connor,* 2013 WL 2319342, the plaintiff brought TCPA claims and sought to represent a proposed class of:

> All residents of the United States who received on their cellular phone, within one year prior to the date of the Complaint: (i) Any telephone call from Defendant pertaining to a U.S. Cellular bill; (ii) Where defendant used its ATDS, and (iii) Where the call was placed in a non-emergency situation, and (iv) ***Where the consumer failed to provide prior express consent to Defendant to be contacted on his or her cellular telephone with an ATDS***.

2013 WL 2319342, at *4 (emphasis added).  On May 28, 2013, the Eastern District of Missouri in *O'Connor* denied class certification on the basis that resolving the "pivotal issue [of prior express consent]" required individual inquiries that defeated the predominance requirement necessary for class certification. *Id.*, *5.  Likewise, in *Jamison*, the plaintiff claimed he received unauthorized calls on his cellular phone in violation of the TCPA.  290 F.R.D. at 96.  There, the Northern District of Illinois held that because the defendant had, based on its ordinary practices and procedures, elicited consent to call a large percentage of the potential class members on their cellphones, individual issues predominated over common ones and the case was inappropriate for class treatment. *See id.* at 106-107.

Similarly, in *Machesney*, the Eastern District of Michigan recently denied class certification because the determination of whether an EBR existed was an individualized issue that would predominate over common ones.   2013 WL 1721150, *21-22.   The court acknowledged and accepted the argument that:

> [s]ince an EBR is an exception to the TCPA, an investigation would be required with each potential plaintiff as to whether or not defendant conducted business with them in the past.  This would degenerate into a series of individual trials and is the exact situation that the courts have ruled should not be certified. The

> potential class size in question is over 14,000 entities and
> investigation into whether any past business had been conducted
> on a case by case basis would be impractical.

*Id.*

Here, two critical issues in this case—as recognized by Plaintiff's own pleading—are (1) whether recipients of calls on their cellular phones from Frontier consented to receive such calls on their cellular phones, and (2) whether recipients of calls had an EBR with Frontier. As multiple courts have found in similar contexts, there is no way here (and Plaintiff has not shown any way) to use generalized proof to determine the issue of consent or EBR. Rather, this Court would have to conduct a series of mini-trials, investigating the circumstances of each person who claims to have received a call, not only to determine the population of the class, but also to determine liability. Accordingly, Plaintiff cannot establish the predominance requirement under Fed. R. Civ. P. 23(b)(3), and this Court should deny class certification.

**D.    Plaintiff's Claims Are Not Typical or Common of Putative Class Members Who Are Subject To Individual Arbitration Agreement with Frontier**

Finally, Plaintiff's class definitions do not account for the fact that the proposed classed as defined could include current and former customers of Frontier who are subject to arbitration agreements. Courts have held that where certain members of a class are subject to contracts containing arbitration clauses, while other class members are not, those differences in contractual relationships destroyed the commonality and typicality of the class. *See In re Titanium Dioxide Antitrust Litig.*, __ F. Supp. 2d __, 2013 WL 4516472 (D. Md. Aug. 26, 2013) (holding that the class as defined by the plaintiffs did not meet the commonality and typicality requirements of Rule 23(a) given that some of the putative class members were subject to binding arbitration agreements); *Pablo v. ServiceMaster Global Holdings Inc.*, No. C 08– 03894, 2011 WL 3476473, at *3 (N.D. Cal. Aug. 9, 2011) (denying renewed motion for class

certification where litigation would be devoted to determining which portion of putative class signed arbitration agreements); *Renton v. Kaiser Found. Health Plan*, No. C00–5370-RJB, 2001 WL 1218773, at *5–6 (W.D. Wash. Sept. 24, 2001) (finding plaintiffs failed to meet commonality and typicality requirements in part due to class members' varying contractual provisions requiring arbitration or exhaustion of administrative remedies).

As recently recognized by the United States District Court for the District of Minnesota, in connection with their service agreement, Frontier's customers agree to an enforceable arbitration clause that requires arbitration of "all disputes and claims" on an individual, as opposed to a class, basis. *Rasschaert v. Frontier Communications Corp.*, Civil No. 12–3108 (DWF/JSM), 2013 WL 1149549, at *8 (D. Minn. March 19, 2013). To the extent that there was any doubt, several courts have recently held that TCPA claims fall within the scope of an arbitration provisions that cover "all disputes," as the Frontier arbitration agreement does, and have compelled arbitration of TCPA claims in similar circumstances. *See, e.g., Cayanan v. Citi Holdings, Inc.*, 928 F. Supp. 2d 1182, 1207 (S. D. Cal. 2013) (TCPA claims covered by arbitration clause); *Coppock v. Citigroup, Inc.*, C11-1984-JCC, 2013 WL 1192632, at *5 (W.D. Wash. Mar. 22, 2013) (same); *McNamara v. Royal Bank of Scotland Grp., PLC*, 11-CV-2137-L WVG, 2012 WL 5392181, at *7 (S.D. Cal. Nov. 5, 2012) (same).

Because Plaintiff has made no effort to address that some, if not many or most, purported class members are subject to binding, individual arbitration agreements, Plaintiff cannot meet the commonality or typicality requirements of Rule 23. Frontier hereby reserves the right to seek to compel arbitration with respect to the claims of any member of the absent class who is subject to an arbitration provision.

## CONCLUSION

For the foregoing reasons, defendant Frontier Communications Corporation respectfully requests that the Court deny the Class Certification Motion of plaintiff Diana Mey.

Dated:  October 16, 2013

                              KELLEY DRYE & WARREN LLP

                              By: /s/ James M. Moriarty
                                     James M. Moriarty (ct 21876)

                                     KELLEY DRYE & WARREN LLP
                                     400 Atlantic Avenue
                                     Stamford, Connecticut 06901
                                     Phone:  (203) 351-8013
                                     Fax:  (203) 327-2669
                                     jmoriarty@kelleydrye.com