## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| DIANA MEY, individually and on behalf of a class of all persons and entities similarly situated,<br><br>       Plaintiff,<br><br>   v.<br><br>FRONTIER COMMUNICATIONS CORPORATION,<br><br>       Defendants. | CIVIL ACTION NO. 3:13-cv-01191-RNC |

## FRONTIER COMMUNICATIONS CORPORATION REQUEST FOR LEAVE TO FILE A SUPPLEMENTAL MEMORANDUM OF LAW TO CALL RECENT CASE LAW TO THE COURT'S ATTENTION

Pursuant to the Pretrial Preferences of the Hon. Robert N. Chatigny, Defendant Frontier Communications Corporation ("Frontier"), respectfully requests leave to file the Supplemental Memorandum of Law in Further Support of Frontier's Motion to Dismiss the Complaint of plaintiff Diana Mey ("Plaintiff") attached hereto as exhibit 1. Frontier seeks leave to file the attached Supplemental Memorandum of Law in order to apprise the Court of new authority pertinent to Frontier's motion to dismiss, and to inform the Court of Frontier's offer of judgment to Plaintiff in light of that authority.

Dated:  December 12, 2013

                                                  KELLEY DRYE & WARREN LLP

                                                  By: */s/ James M. Moriarty*

                                                  James M. Moriarty (ct 21876)
                                                  Lauri A. Mazzuchetti (*pro hac vice*)
                                                  Henry T. Kelly (*pro hac vice*)
                                                  Kelley Drye & Warren LLP
                                                  400 Atlantic Street
                                                  Stamford, Connecticut  06901-3229
                                                  (203) 324-1400
                                                  (203) 327-2669 (facsimile)
                                                  jmoriarty@kelleydrye.com

                                                  *Attorneys for Defendant*
                                                  *Frontier Communications Corporation*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

DIANA MEY, individually and on behalf of
a class of all persons and entities similarly
situated,

        Plaintiff,

    v.

FRONTIER COMMUNICATIONS
CORPORATION,

        Defendants.

CIVIL ACTION NO. 3:13-cv-01191-RNC

## CERTIFICATE OF SERVICE

       I hereby certify that on December 12, 2013, a copy of foregoing Request for

Leave to File a Supplemental Memorandum of Law to Call Recent Case Law to the Court's

Attention, with accompanying attachments, was filed electronically and served by mail on

anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties

by operation of the court's electronic filing system or by mail to anyone unable to accept

electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing

through the court's CM/ECF System.


               By: */s/ James M. Moriarty*
                   James M. Moriarty (ct 21876)
                   KELLEY DRYE & WARREN LLP
                   400 Atlantic Avenue
                   Stamford, Connecticut 06901
                   Phone:  (203) 351-8013
                   Fax: (203) 327-2669
                   jmoriarty@kelleydrye.com

# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| DIANA MEY, individually and on behalf of a class of all persons and entities similarly situated, | CIVIL ACTION NO. 3:13-cv-01191-RNC |
| Plaintiff, | |
| v. | |
| FRONTIER COMMUNICATIONS CORPORATION, | |
| Defendants. | |

## FRONTIER COMMUNICATIONS CORPORATION SUPPLEMENTAL MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12 (B)(1)

Defendant Frontier Communications Corporation ("Frontier") respectfully submits this Supplemental Memorandum of Law in Further Support of its Motion to Dismiss the Complaint of plaintiff Diana Mey ("Plaintiff") in order to apprise this Court of new authority pertinent to Frontier's motion to dismiss, and to inform this Court of Frontier's offer of judgment to Plaintiff in light of that authority.

On November 19, 2013, the Second Circuit issued its decision in *Cabala v. Crowley*, 736 F. 3d 226 (2d Cir. 2013). In *Cabala*, the Second Circuit rejected the "argument that [the defendant's] settlement offer should be treated as equivalent to a Rule 68 offer of judgment." 736 F. 3d at __. (For the Court's convenience, a copy of the *Cabala* decision is attached hereto as exhibit A.) The *Cabala* Court also clarified its previous holding in *Doyle v. Midland Credit Management, Inc.*, 722 F.3d 78, 80-81 (2013), stating that "[t]o hold that an offer of judgment that fails to meet the technical procedural requirements of Rule 68 is nevertheless an

offer of judgment is not equivalent to holding that an offer of an informal settlement without judgment is equivalent to a Rule 68 offer of judgment." *Id.* at __.

On December 4, 2013, in *Fernandez v. Peter J. Craig & Associates, P.C.*, __ F. Supp. 2d __, 2013 WL 6383007 (E.D.N.Y. Dec. 4, 2013), the District Court for the Eastern District of New York – relying on *Cabala* – denied a motion to dismiss a Rule 23 putative class action asserting claims under the Fair Debt Collection Practices Act on the basis that the defendant had made a settlement offer that did not provide for the entry of judgment against it. (For the Court's convenience, a copy of the *Fernandez* decision is attached hereto as Exhibit B.) Notably, the *Fernandez* Court took no issue with the fact that the settlement offer was directed only at the plaintiff's individual claims, and not the class claims asserted by the plaintiff. Indeed, the only articulated reason for denying the defendant's motion to dismiss was that the defendant's settlement offer did not provide for the entry of judgment.

In response to the *Cabala* and *Fernandez* decisions, On December 9, 2013, Frontier served upon Plaintiff a formal offer of judgment pursuant to Fed. R. Civ. P. 68. (A true and correct copy of the formal offer of judgment is attached hereto as Exhibit C.) Plaintiff has neither accepted nor rejected the offer of judgment. Because Frontier's offer of judgment provides for the entry of judgment against it, the *Cabala and Fernandez* decisions are no obstacle to this Court ruling that it lacks subject matter jurisdiction over Plaintiff's claims and that those claims must therefore be dismissed. Thus, for the reasons stated herein and in Frontier's previously-filed motion papers, this Court should grant Frontier's Motion to Dismiss.

Dated:  December 12, 2013

KELLEY DRYE & WARREN LLP

By: /s/ *James M. Moriarty*

James M. Moriarty (ct 21876)
Lauri A. Mazzuchetti (*pro hac vice*)
Henry T. Kelly (*pro hac vice*)
Kelley Drye & Warren LLP
400 Atlantic Street
Stamford, Connecticut  06901-3229
(203) 324-1400
(203) 327-2669 (facsimile)
jmoriarty@kelleydrye.com

*Attorneys for Defendant*
*Frontier Communications Corporation*

# EXHIBIT A

Westlaw.

736 F.3d 226
**(Cite as: 736 F.3d 226)**

**H**

United States Court of Appeals,
Second Circuit.
Joel J. CABALA, Plaintiff–Appellee,
v.
Timothy W. CROWLEY, Kim A. Morris, Defend-
ants–Appellants.FN*

    FN* The Clerk of Court is respectfully dir-
ected to amend the official caption in this
case to conform with the caption above.

No. 12–3757–CV.
Submitted: Aug. 30, 2013.
Decided: Nov. 19, 2013.

**Background:** Defendants appealed from a decision
of the United States District Court of the District of
Connecticut, Vanessa L. Bryant, J., 2012 WL
3656364, awarding attorney's fees and costs to
plaintiff following a stipulated judgment awarding
plaintiff maximum statutory damages of $1,001 for
defendant's decedent's alleged violation of the Fair
Debt Collection Practices Act (FDCPA).

**Holdings:** The Court of Appeals held that:
(1) determination that defendant remained liable for
attorney's fees following settlement offer was not
abuse of discretion, and
(2) conclusion that the parties continued to litigate
following defendant's offer of settlement was not
abuse of discretion.

    Affirmed.

West Headnotes

**[1] Federal Civil Procedure 170A &#x21D0;&#x21D2;2725**

170A Federal Civil Procedure
    170AXIX Fees and Costs
        170Ak2725 k. Offer of judgment; compromise or attempted compromise. Most Cited Cases
    District court's determination that defendant re-

mained liable for attorney's fees accrued by
plaintiff following defendant's offer to pay plaintiff
the maximum damages he could have been entitled
to under Fair Debt Collection Practices Act
(FDCPA) was not abuse of discretion; defendant's
settlement offer did not include an offer of judg-
ment, and thus did not fully resolve the case and
moot further litigation by plaintiff. Fair Debt Col-
lection Practices Act, §§ 807, 813(a)(3), 15
U.S.C.A. §§ 1692e, 1692k(a)(3); Fed.Rules
Civ.Proc.Rule 68, 28 U.S.C.A.

**[2] Federal Courts 170B &#x21D0;&#x21D2;830**

170B Federal Courts
    170BVIII Courts of Appeals
        170BVIII(K) Scope, Standards, and Extent
            170BVIII(K)4 Discretion of Lower Court
                170Bk830 k. Costs, attorney fees and
other allowances. Most Cited Cases
    Court of Appeals reviews a district court's
award of attorney's fees for abuse of discretion.

**[3] Federal Civil Procedure 170A &#x21D0;&#x21D2;2737.4**

170A Federal Civil Procedure
    170AXIX Fees and Costs
        170Ak2737 Attorney Fees
            170Ak2737.4 k. Amount and elements.
Most Cited Cases
    Because the district court observes the parties'
litigation directly it is thus best situated to consider
the case-specific factors relevant to a reasonable fee
assessment.

**[4] Federal Courts 170B &#x21D0;&#x21D2;830**

170B Federal Courts
    170BVIII Courts of Appeals
        170BVIII(K) Scope, Standards, and Extent
            170BVIII(K)4 Discretion of Lower Court
                170Bk830 k. Costs, attorney fees and
other allowances. Most Cited Cases
    Court of Appeals accords substantial deference
to a district court's fee determinations.

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

736 F.3d 226
**(Cite as: 736 F.3d 226)**

**[5] Federal Civil Procedure 170A ⭆2725**

170A Federal Civil Procedure
    170AXIX Fees and Costs
        170Ak2725 k. Offer of judgment; compromise or attempted compromise. Most Cited Cases
    District court's conclusion, in fashioning fee award in action alleging violation of Fair Debt Collection Practices Act (FDCPA), that the parties continued to litigate following defendant's offer of settlement, and that plaintiff's attorney's fees continued to accrue was not abuse of discretion, given that there was a substantive dispute over the "nature and form" of the settlement and poor communication by both parties. Fair Debt Collection Practices Act, § 813(a)(3), 15 U.S.C.A. § 1692k(a)(3); Fed.Rules Civ.Proc.Rule 68, 28 U.S.C.A.

**[6] Compromise and Settlement 89 ⭆2**

89 Compromise and Settlement
    89I In General
        89k1 Nature and Requisites
            89k2 k. In general. Most Cited Cases
    A settlement agreement between parties by which the defendant agrees to make a payment in exchange for dismissal of the plaintiff's action only creates a contract between the parties that must be interpreted and enforced by the state courts.

**[7] Antitrust and Trade Regulation 29T ⭆397**

29T Antitrust and Trade Regulation
    29TIII Statutory Unfair Trade Practices and Consumer Protection
        29TIII(E) Enforcement and Remedies
            29TIII(E)7 Relief
                29Tk395 Costs
                    29Tk397 k. Attorney fees. Most Cited Cases
    Allegations of unethical behavior by plaintiff's counsel did not preclude the award of fees to plaintiff in action alleging violation of Fair Debt Collection Practices Act (FDCPA). Fair Debt Collection Practices Act, § 813(a)(3), 15 U.S.C.A. § 1692k(a)(3).

**\*227** Deepak Gupta, Gupta Beck PLLC, WA, DC, for the Plaintiff–Appellee.

Andrew J. Soltes, Jr., Law Offices of David W. Rubin, Stamford, CT, for the Defendants–Appellants.

Before: RAGGI, LYNCH, and LOHIER, Circuit Judges.

PER CURIAM:
    Defendants-appellants appeal from a judgment of the United States District Court of the District of Connecticut (Vanessa L. Bryant, *Judge* ) awarding $32,489.29 in attorney's fees and costs to plaintiff-appellee. The issue presented by this case is whether a defendant remains liable for plaintiff's attorney's fees accrued after defendant offered a settlement that included the maximum available damages and, as mandated by statute, plaintiff's fees and costs, but that did not include an offer of judgment. Because a settlement offer without an offer of judgment does not fully resolve the case, such a settlement offer does not moot the dispute, and defendants remain liable for any reasonable attorney's fees accrued by plaintiff during further litigation.

**BACKGROUND**

    Plaintiff-appellee Joel J. Cabala began this action on April 21, 2009, seeking damages for an alleged violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, by defendant Benjamin Morris, an attorney. [FN1] Morris did not and does not contest his substantive liability for violating the FDCPA; Morris contends that, precisely because he promptly offered to pay Cabala the maximum damages he could have been entitled to under the FDCPA, he should not be held liable for attorney's fees incurred by Cabala during a protracted dispute between the parties concerning the form of the settlement.

        FN1. Following the initial entry of judgment in the case, but before the award of attorney's fees, Benjamin Morris died, and the co-executors of his estate were substi-

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

736 F.3d 226
**(Cite as: 736 F.3d 226)**

tuted as defendants. *See Cabala v. Morris,* No. 3:09–cv–651 (VLB), 2012 WL 3656364, at *1 n. 1 (D.Conn. Aug. 24, 2012). For purposes of this appeal, we refer to defendants simply as "Morris."

Less than two months after the complaint was filed, on June 25, 2009, David W. Rubin, counsel for Morris, contacted counsel for Cabala, Joanne S. Faulkner, and offered to settle for $1000, the maximum statutory damages mandated by the FDCPA, and also offered, as mandated by the statute, to pay Cabala's attorney's fees and costs, with the amount of such fees to be determined by the court. Rubin indicated that in his view, as Morris's offer included maximum recoverable damages for the underlying violation, Morris would not be liable for any further fees accrued by Cabala in the dispute. Faulkner's reply requested a lump sum settlement including attorney's fees, to which Rubin responded by again requesting that any dispute over the amount of the fees be resolved by the court. Faulkner in turn replied that a fee application to the court would not be cognizable without a judgment,*228 an outcome which Rubin had stated he wished to avoid. The parties also disagreed over Faulkner's refusal to provide an accounting of the hours she had thus far spent on the case.

After several months of fruitless settlement discussions, the parties finally jointly stipulated for judgment in favor of Cabala, with damages set at the statutory maximum as provided in Morris's initial settlement offer. The stipulation requested judicial determination of attorney's fees and costs.

In the subsequent discovery and litigation over the amount of the fee award to which Cabala was entitled, Morris alleged that Faulkner had behaved improperly by failing to communicate Morris's original settlement offer to Cabala. The district court, observing that there was a sincere dispute over the "nature and form" of the settlement—specifically about whether the settlement would include a judgment that would make the attorney's fee award judicially enforceable—concluded that Morris's origin-

al offer did not moot the action. Thus, the district court concluded, any reasonable attorney's fees incurred by Cabala during the continuing litigation should be borne by Morris. Following a lodestar analysis of Faulkner's hourly rate and the time spent on the matter, the district court found her fee request reasonable. Accordingly, the district court ordered Morris to pay Cabala the full amount of fees requested.

## DISCUSSION

### I. *Attorney's Fees Under the FDCPA*

As a prevailing party under the FDCPA, Cabala is presumptively entitled to an award of reasonable attorney's fees. *See* 15 U.S.C. § 1692k(a)(3); *Savino v. Computer Credit, Inc.,* 164 F.3d 81, 87 (2d Cir.1998).

Morris does not challenge the district court's conclusions that the hourly rate charged and the number of hours billed by Cabala's attorney were reasonable for the work actually done by Faulkner. Rather, he argues that the district court's award should not have included any fees for work done by Faulkner after Morris's June 25, 2009 settlement offer. Morris submits that his initial offer for the maximum recovery available under the FDCPA (1) rendered the underlying action moot, or (2) was entitled to the same treatment as an offer of judgment under Rule 68, *see* Fed.R.Civ.P. 68 (providing that party who rejects "offer of judgment," and then fails to obtain greater relief cannot recover any costs accruing after date of rejection).

In *McCauley v. Trans Union, L.L.C.,* 402 F.3d 340 (2d Cir.2005), we rejected the argument that an unaccepted offer of settlement for the full amount of damages owed "moots" a case such that the case should be dismissed for lack of jurisdiction if the plaintiff desires to continue the action. Rather, we held, the typically proper disposition in such a situation is for the district court to enter judgment against the defendant for the proffered amount and to direct payment to the plaintiff consistent with the offer. *Id.* at 342. Only after such a disposition is the controversy resolved such that the court lacks fur-

736 F.3d 226
**(Cite as: 736 F.3d 226)**

ther jurisdiction.[FN2] *Id.*

FN2. Not every circuit agrees with this approach. *See Genesis Healthcare Corp. v. Symczyk,* ⎯ U.S. ⎯, 133 S.Ct. 1523, 1528–29 & n. 3, 185 L.Ed.2d 636 (2013) (noting and declining to resolve conflict and citing cases); *id.* at 1533 (Kagan, J., dissenting) (stating that view that an unaccepted settlement offer moots a case "is wrong, wrong, and wrong again"); *Diaz v. First Am. Home Buyers Prot. Corp.,* 732 F.3d 948, 952–55 (9th Cir.2013) (noting conflicting views in other circuits, holding that "an unaccepted Rule 68 offer that would have fully satisfied a plaintiff's claim does not render that claim moot," and leaving open whether, as this Court held in *McCauley,* a court may in such circumstances enter a judgment for plaintiff and terminate the litigation).

[1] Morris's settlement offer, however, specifically sought to avoid entry of judgment.**\*229** Upon Faulkner's rejection of his proposal, Morris neither offered a Rule 68 entry of judgment (which under the terms of the rule would have imposed further costs incurred in the case on plaintiff, *see* Fed.R.Civ.P. 68(d)), nor sought entry of judgment as authorized by *McCauley,* which under the terms of that case would have ended the litigation. Indeed, although Morris contends that his offer rendered the case moot, he never moved for dismissal of the case on that ground, nor did he challenge the propriety of the substantive judgment of FDCPA liability ultimately entered in the case. Instead, the parties continued to dispute a substantive issue relevant to the disposition of the case. Because the parties continued to dispute the form and extent of the relief to which Cabala was entitled, the case never became moot.

[2][3][4] Morris's remaining argument is that Cabala and his attorney acted unreasonably in continuing to litigate after communication of the June 25, 2009 settlement offer. We review a district court's award of attorney's fees for abuse of discretion. *Townsend v. Benjamin Enters., Inc.,* 679 F.3d 41, 58 (2d Cir.2012). The district court observes the parties' litigation directly and is thus best situated to consider the case-specific factors relevant to a reasonable fee assessment. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany,* 522 F.3d 182, 194 (2d Cir.2007). Thus, we accord "substantial deference" to a district court's fee determinations. *Fox v. Vice,* ⎯ U.S. ⎯, 131 S.Ct. 2205, 2216, 180 L.Ed.2d 45 (2011); *see also Ortiz v. Regan,* 980 F.2d 138, 141 (2d Cir.1992) ("A district court is in the best position to determine the amount of work that was necessary to achieve the results in a particular case and, therefore, is entitled to ample discretion in its decision."). We detect no abuse of that discretion here.

[5] The district court concluded that the parties continued to litigate, and plaintiff's attorney's fees continued to accrue, because of a substantive dispute over the "nature and form" of the settlement and due to poor communication by both sides. As the district court noted, Faulkner's insistence on an admission of liability and her refusal to provide Rubin with her fee records "were not founded in law," and her posture may well have been unduly rigid. However, the district court also noted that Faulkner "demonstrated a willingness to have the Court determine reasonable attorney's fees should [defendants] file an offer or stipulation of judgment throughout the course of the litigation." It takes two to stage a useless litigation; Faulkner's insistence on a judgment was no more rigid than Morris's and Rubin's equally determined opposition to such a judgment. Given the circumstances, and our deference to the district court's judgment, we identify no abuse of discretion in the district court's conclusion that Cabala's attorney's fees were reasonable.

As the district court also correctly noted, "[t]he availability of Rule 68 gives additional weight to this conclusion." Under that rule, when a plaintiff refuses an offer that satisfies Rule 68 (by, *inter alia,* making an offer of *judgment* ) and then fails to

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

736 F.3d 226
**(Cite as: 736 F.3d 226)**

win more than the offered amount at trial, costs are shifted to the plaintiff as part of the judgment. Morris could have at any time avoided liability for further costs by making such an offer, but he persisted in *230 declining to do so, thus prolonging the litigation.[FN3]

> FN3. We assume without deciding, because it is not necessary to our resolution of the case, that a Rule 68 offer forecloses fee awards even under "[s]tatutes that do not refer to attorney's fees as part of the costs," such as § 1692k, noting that this view is not universally accepted. *See Marek v. Chesny,* 473 U.S. 1, 43–45, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985) (Brennan, J., dissenting); *see also Lee v. Thomas & Thomas,* 109 F.3d 302, 306, 307 n. 8 (6th Cir.1997) (holding that compensation for attorney hours expended subsequent to rejected Rule 68 offer were subject to lodestar calculation and "reasonableness test").

[6] Like the district court, we reject Morris's argument that his settlement offer should be treated as equivalent to a Rule 68 offer of judgment. Morris consistently declined a resolution that included a judgment. A settlement agreement between parties by which the defendant agrees to make a payment in exchange for dismissal of the plaintiff's action only creates a contract between the parties that must be interpreted and enforced by the state courts. *See Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 381–82, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) (observing that a settlement agreement followed by dismissal of complaint before a federal court creates a contract which, absent an independent basis for federal jurisdiction, is appropriately enforced in state court). Failure to pay the negotiated settlement amount gives rise to a breach of contract action, while a judgment may be enforced using all the remedies available to a judgment creditor. We need not determine whether this distinction is sufficiently significant that reasonable parties would expend significant funds fighting

over it. It is sufficient for us to note that in the absence of any precedent holding that Morris's settlement proposals were equivalent to Rule 68 offers, it was not *per se* unreasonable for Cabala to continue to litigate the case until Morris eventually capitulated and stipulated to entry of judgment.

Our recent decision in *Doyle v. Midland Credit Management, Inc.,* 722 F.3d 78, 80–81 (2d Cir.2013), is not to the contrary. In *Doyle,* we held that an offer of judgment that fully satisfied a claim under the FDCPA need not conform to the formal requirements of Rule 68 in order to moot a cause of action. In *Doyle,* however, the defendant offered judgment, rather than settlement without judgment, resolving all points in dispute and leaving no conflict over the "nature and form" of settlement. The only deviation from the formal attributes of a Rule 68 offer was that the defendant in *Doyle* made its offer orally. *Id.* at 81. To hold that an offer of judgment that fails to meet the technical procedural requirements of Rule 68 is nevertheless an offer of judgment is not equivalent to holding that an offer of an informal settlement without judgment is equivalent to a Rule 68 offer of judgment.[FN4]

> FN4. Since *Doyle* in not inconsistent with our holding here, we need not address whether it is inconsistent with *McCauley,* which was not cited by the *Doyle* court. It is sufficient for our purposes to note that in all of the cases in which this Court has even considered finding a case moot, or treating a non-conforming offer as satisfying Rule 68, the argument was predicated upon the offer, or entry, of a *judgment* in favor of plaintiff, something that defendants here refused to tender until after the fees in question had already been incurred.

## II. *Alleged Ethical Violations*

[7] Morris contends that various alleged ethical lapses by Faulkner in dealing with Cabala provide a further reason to deny attorney's fees. We note that the district court made no finding of an ethical violation, and we need not discuss the merits of the al-

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

736 F.3d 226
**(Cite as: 736 F.3d 226)**

leged lapses to reject Morris's *231 fee argument. Any alleged dereliction by Faulkner has no bearing on the reasonableness of the fees awarded here because (1) attorney's fees in an FDCPA action are awarded to the prevailing party, not to his or her attorney, 15 U.S.C. § 1692k(a)(3); (2) the proper forum for resolving the parties' dispute regarding whether Faulkner had an obligation to communicate defendants' earlier settlement offers to Cabala, and whether her alleged failure to do so was inappropriately self-interested, is an attorney disciplinary proceeding or a proceeding pursuant to 28 U.S.C. § 1927, not a fee litigation; and (3) we identify no error in the district court's factual determination that Faulkner's fees were reasonable for the work performed. We therefore find no abuse of discretion in the district court's conclusion that allegations of unethical behavior by Faulkner do not preclude the award of fees to Cabala.

## CONCLUSION

Because Morris's initial offer to settle did not include an offer of judgment, it did not fully resolve the dispute between the parties, and thus further litigation by Cabala was not *per se* unreasonable. We find no abuse of discretion in the district court's award of full attorney's fees to the plaintiff. Accordingly, the judgment of the district court is AFFIRMED.

C.A.2 (Conn.),2013.
Cabala v. Crowley
736 F.3d 226

END OF DOCUMENT

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

# EXHIBIT B

Westlaw.

--- F.Supp.2d ----, 2013 WL 6383007 (E.D.N.Y.)
**(Cite as: 2013 WL 6383007 (E.D.N.Y.))**

Only the Westlaw citation is currently available.

United States District Court,
E.D. New York.
Monserate FERNANDEZ, Plaintiff,
v.
PETER J. CRAIG & ASSOCIATES, P.C., Defendant.

No. 12–cv–5168(NG)(MDG).
Dec. 4, 2013.

**Background:** Plaintiff brought putative class action against law firm and its unnamed employees under Fair Debt Collection Practices Act (FDCPA) and New York General Business Law, relating to debt collection letter that plaintiff received from law firm. Law firm filed motion to dismiss for lack of subject matter jurisdiction.

**Holding:** The District Court, Gershon, J., held that law firm's offer to plaintiff was not an offer of judgment that rendered moot plaintiff's action under FDCPA.

Motion denied.

West Headnotes

**[1] Federal Courts 170B** ⬤⟶0

170B Federal Courts
    A case is properly dismissed for lack of subject matter jurisdiction when the district court lacks the statutory or constitutional power to adjudicate it. Fed.Rules Civ.Proc.Rule 12(b)(1), 28 U.S.C.A.

**[2] Federal Courts 170B** ⬤⟶0

170B Federal Courts
    Since Article III of the Constitution limits the judicial authority of the federal courts to cases and controversies, a court will not have subject matter jurisdiction over an action absent the requisite case or controversy. U.S.C.A. Const. Art. 3, § 2, cl. 1.

**[3] Federal Courts 170B** ⬤⟶0

170B Federal Courts
    In order to achieve the status of a case or controversy, as required for federal court jurisdiction under Article III, a dispute must exist between two parties having adverse legal interests. U.S.C.A. Const. Art. 3, § 2, cl. 1.

**[4] Federal Courts 170B** ⬤⟶0

170B Federal Courts
    Where the parties lack a legally cognizable interest in the outcome, the case is moot and must be dismissed.

**[5] Antitrust and Trade Regulation 29T** ⬤⟶0

29T Antitrust and Trade Regulation
    Where a defendant offers judgment in a Fair Debt Collection Practices Act (FDCPA) case for the maximum relief obtainable by plaintiff, an action becomes moot and subject to dismissal because there exists no controversy pending court adjudication. Consumer Credit Protection Act, § 802 et seq., as amended, 15 U.S.C.A. § 1692 et seq.

**[6] Federal Courts 170B** ⬤⟶0

170B Federal Courts
    An offer of judgment or consent to judgment need not comply with the federal rules of civil procedure in order to render a case moot under Article III, but if the offer does not represent the maximum recovery available to plaintiff in the lawsuit, there is no basis for defendant's assertion that the offer moots the action. U.S.C.A. Const. Art. 3, § 2, cl. 1; Fed.Rules Civ.Proc.Rule 68, 28 U.S.C.A.

**[7] Federal Courts 170B** ⬤⟶0

170B Federal Courts
    A plaintiff's refusal to accept a conditional offer of settlement will not moot the case.

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

--- F.Supp.2d ----, 2013 WL 6383007 (E.D.N.Y.)
**(Cite as: 2013 WL 6383007 (E.D.N.Y.))**

**[8] Federal Civil Procedure 170A ⟪0**

170A Federal Civil Procedure
    An offer of settlement that does not provide for the entry of judgment is not the equivalent of an offer of judgment under the federal rules of civil procedure and is not treated as such. Fed.Rules Civ.Proc.Rule 68, 28 U.S.C.A.

**[9] Federal Civil Procedure 170A ⟪0**

170A Federal Civil Procedure
    The plain purpose of the federal rule of civil procedure governing offers of judgment is to encourage settlement and avoid litigation. Fed.Rules Civ.Proc.Rule 68, 28 U.S.C.A.

**[10] Federal Civil Procedure 170A ⟪0**

170A Federal Civil Procedure
    Because an offer of judgment under the federal rules of civil procedure has a binding effect when refused as well as accepted, a party must have a clear understanding of the terms of an offer in order to make an informed choice not to accept it. Fed.Rules Civ.Proc.Rule 68, 28 U.S.C.A.

**[11] Compromise and Settlement 89 ⟪0**

89 Compromise and Settlement
    The distinction between an offer to settle, and an offer of judgment, is important, because while the terms of a settlement agreement may be enforced in accordance with contract law, a judgment may be enforced using all the remedies available to a judgment creditor.

**[12] Antitrust and Trade Regulation 29T ⟪0**

29T Antitrust and Trade Regulation
    Defendant law firm's offer to plaintiff was not an offer of judgment that rendered moot plaintiff's action under Fair Debt Collection Practices Act (FDCPA), where defendant merely offered to settle, without providing for entry of judgment against defendant, and offer did not comply with formalities for an offer of judgment under federal rules of civil

procedure, with respect to service and timing. Consumer Credit Protection Act, § 802 et seq., as amended, 15 U.S.C.A. § 1692 et seq.; Fed.Rules Civ.Proc.Rule 68, 28 U.S.C.A.

**[13] Antitrust and Trade Regulation 29T ⟪0**

29T Antitrust and Trade Regulation
    New York statute prohibiting certain practices by debt collectors does not create a private right of action. McKinney's General Business Law §§ 601, 602(2).

Hashim Rahman, Brooklyn, NY, for Plaintiff.

Peter J. Craig, Pittsford, NY, for Defendant.

*OPINION & ORDER*
GERSHON, District Judge:
    **\*1** Defendant Peter J. Craig & Associates, P.C. brings this motion pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, seeking to dismiss the complaint of plaintiff Monserate Fernandez for lack of subject matter jurisdiction. Plaintiff opposes the motion and requests a pre-motion conference to discuss his intended motion to amend the complaint.

**I. Background and Procedural History**

**A. Factual Allegations**

    Plaintiff Monserate Fernandez, an adult individual residing in Queens, New York, brings this action on behalf of himself and others similarly situated against defendant Peter J. Craig & Associates, P.C. (the "Firm" or "defendant"), and against John Does # 1–5, certain employees of the Firm. Plaintiff alleges that defendants have violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq* (the "FDCPA"), as well as Section 601 of the New York State General Business Law.

    The allegations arise out of plaintiff's receipt of a letter from the Firm, dated August 22, 2012, enclosing a document referred to as the "Statement of

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

--- F.Supp.2d ----, 2013 WL 6383007 (E.D.N.Y.)
**(Cite as: 2013 WL 6383007 (E.D.N.Y.))**

Account," which indicated that plaintiff owed $11,354,63 in connection with a Perkins Loan he obtained from the Rochester Institute of Technology ("RIT"). (*See* Compl.[FN1] ¶¶ 19–20, 26; *see also* Craig Decl.[FN2] Ex. A.) The August 22 letter is signed by "Megan Keymel, Collections Paralegal," on behalf of Peter J. Craig & Associates, P.C., and contains the statement, "This is an attempt to collect a debt, and any information obtained will be used for that purpose." (Craig Decl. Ex. A, at 1.) Plaintiff alleges that the Firm was either employed by RIT for the purpose of collecting the debt, or that the debt was assigned or transferred by RIT to the Firm, but that Peter J. Craig & Associates, P.C. is not authorized to do business in New York, nor does it hold a valid debt collector license. (Compl.¶¶ 22, 24–25 .)

Moreover, plaintiff alleges that several of the entries contained on the Statement of Account, which purport to relate to certain legal proceedings initiated against plaintiff, are false or inaccurate. (*See id.* ¶¶ 28–41.) Plaintiff further alleges that the entries relating to interest charges are improper because the promissory note giving rise to the debt does not provide for such interest. (*See id.* ¶¶ 43–46.)

Plaintiff alleges that the Firm has violated the FDCPA by employing false and deceptive means to collect a debt, using a false entity name, threatening to take an action it was not entitled to take, and attempting to collect amounts not authorized by the underlying agreement. (*See id.* ¶¶ 55, 57, 59.) Plaintiff also alleges that the Statement of Account contains false, inaccurate and invalid entries and misrepresents the amount of the debt and the services rendered in connection with the debt. (*See id.* ¶¶ 56, 58, 60.) Plaintiff further alleges that the Firm violated § 601 of New York's General Business Law by attempting to collect fees and costs that are not due or chargeable against the plaintiff. (*Id.* ¶ 65.)

**\*2** In the Complaint, plaintiff seeks statutory damages under the FDCPA, as well as actual damages stemming from the "humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment" that he suffered as a direct consequence of defendant's conduct. (*Id.* ¶ 51.) Plaintiff also seeks a declaratory judgment and money damages in connection with his claim under § 601.

Since plaintiff alleges that the Firm sent similar account statements and communications to other consumers around New York State, he alleges that class litigation is appropriate. To that end, he proposes two class definitions: One class would be comprised of consumers who received from defendant an account statement containing false or impermissible charges; the other proposed class would be comprised of consumers who received correspondence from an entity doing business under the name "Peter J. Craig & Associates, P.C," which name plaintiff alleges is false. (*See* Compl. ¶¶ 16–17.)

**B. Procedural History**

Plaintiff commenced this action in October 2012, and the Firm filed its Answer on December 17, 2012. An initial conference was held January 29, 2013, before Magistrate Judge Marilyn D. Go. The parties engaged in settlement discussions between themselves and subsequently participated in several rounds of settlement conferences with Judge Go.

On May 8, 2013, counsel appeared for the first time before me, in connection with a pre-motion conference to discuss, *inter alia,* plaintiff's intended motion to disqualify counsel to defendant.[FN3] The parties also discussed their previous efforts at settling this matter, as well as the potential effect of a Rule 68 offer of judgment for statutory damages with the issue of attorneys' fees to be resolved by the court:

Mr. Craig: [FN4] I would point out that we have made a settlement offer to the plaintiff for that full thousand dollars. That was rejected.

Mr. Rahman: [FN5] He has made a settlement offer for a thousand dollars about a week ago. We have

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

--- F.Supp.2d ----, 2013 WL 6383007 (E.D.N.Y.)
**(Cite as: 2013 WL 6383007 (E.D.N.Y.))**

invited the settlement offer and we put it on the table for a while.

The Court: Is that the maximum available to you under the statute?

Mr. Rahman: That is the maximum available under statutory damages but this is also filed as a class action.

The Court: There has been no motion for class relief? Mr. Rahman: No. The Court: Thinking about class relief, you have already identified so many things that sound very particular to your client, that is one; and two, you have—right now, you have one client?

Mr. Rahman: Yes.

The Court: And he can get his full relief. And if you go forward, what are you going forward for other than your attorney's fees?

....

Mr. Rahman: Your Honor, we have provided a reasonable counter-offer and we wanted to include that the account be returned back to RIT.

....

And I do understand the client takes precedence but these cases would never come to the court in the hands of debtors if the statute didn't provide for a reasonable compensation to the attorneys who bring them.

*3 ....

The Court: But one could have an agreement and then Mr. Rahman could make his application for fees.

Mr. Rahman: Yes, that is fine with me.

The Court: Then the Court could decide what was reasonable.

Mr. Rahman: If Mr. Craig was to make a Rule 68 offer, we wouldn't be able to refuse that. That hasn't been the case though. This is just a settlement discussion but if he was to make a Rule 68 offer for statutory damages, there is no way I could refuse that. I would have to present that to my client.

....

The Court: So why don't you do $1,000 and leave the attorneys fees issue to the Court?

Mr. Rahman: That is fine with me.

(Tr., May 8, 2013, at 22–25.)

Notwithstanding this hopeful exchange, the parties were unable to enter into a settlement agreement at that time. Following the May 8 proceedings, the parties engaged in further settlement discussions with Judge Go, who was simultaneously overseeing discovery. On July 9, 2013, the parties, along with representatives from non-party creditor RIT, appeared before Judge Go. While defendant contends that this conference gave rise to an agreement resolving the collection issue between plaintiff and RIT (*see* Craig Decl. ¶ 13), counsel to plaintiff asserts that RIT merely "confirmed that it would not pursue or enter a judgment while the Plaintiff was making payments to his loan" (Rahman Affirm.[FN6] ¶ 13, n. 6).

Later on July 9, 2013, defendant tendered what it refers to as its "offer to finally resolve this action as well." (Craig Decl. ¶¶ 14.) In an email to Mr. Rahman, defense counsel wrote: "The Defendant hereby offers to settle this matter for $1,001, plus costs, disbursements and reasonable attorney's fees. Please relay this offer to Mr. Fernandez and advise of his answer by July 10, 2013 at 5:00 p.m., after which time it will be deemed rejected and withdrawn." (*Id.* at Ex. D.) In response, counsel to plaintiff sent three separate emails "seeking clarification on why a one-day time limit was imposed, but the Defendant did not respond to the inquiries."

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

--- F.Supp.2d ----, 2013 WL 6383007 (E.D.N.Y.)
**(Cite as: 2013 WL 6383007 (E.D.N.Y.))**

(Rahman Affirm. ¶ 3.) On July 11, 2013, defendant filed a pre-motion letter seeking permission to file the instant motion. (See Craig Letter, July 11, 2013, ECF Document # 44.) By Order dated July 24, 2013 (ECF Document # 53), I denied defendant's request for a pre-motion conference and instead set a briefing schedule. This motion was fully submitted on August 26, 2013. By Order dated August 27, I granted plaintiff's request to accept his proposed surreply affirmation as filed. (See ECF Documents # 67, 69.)

On September 4, 2013, plaintiff filed a request for a pre-motion conference to discuss his intended motion to amend the complaint. (Rahman Letter, September 4, 2013, ECF Document # 70.) Plaintiff's proposed amendments would dismiss the John Doe defendants and withdraw the claim under § 601 of the New York General Business Law. (See id. at Ex. A.) Furthermore, the Proposed Amended Class Action Complaint would assert additional factual allegations relating to: the communications received by plaintiff from the Firm; defendant's alleged violation of the federal regulations governing Perkins Loans; developments in the relationship between plaintiff and RIT and that between plaintiff and the Firm during the pendency of this action and the underlying collection case in New York State Court. Plaintiff asserts that these additional factual allegations give rise to further violations under the FDCPA. The proposed class definitions and the allegations relating thereto, however, have not been amended. (See id. ¶¶ 12–13.)

**\*4** By letter dated September 11, 2013, defendant opposed plaintiff's request for a pre-motion conference, arguing, *inter alia,* that plaintiff's intended motion cannot be considered until the court has ruled on the instant motion. (See Craig Letter, September 11, 2013, at 2, ECF Document # 71.) Defendant further asserted that it would oppose plaintiff's motion on the basis of undue delay, bad faith and undue prejudice, and futility. (Id. at 1–3.)

While these requests were pending, discovery was continuing, acrimoniously, before Judge Go.

Defendant's requests to stay discovery were largely denied (see ECF entries, September 16 and October 7, 2013); however, plaintiff's counsel was prohibited from communicating with RIT pending determination of the present motion (see ECF entry, October 1, 2013).[FN7] Then, by letter filed at 5:09 p.m. on October 15, 2013, defendant sought to stay the deposition of Peter J. Craig, Esq., which had been scheduled for 10:30 a.m. the following morning. (See Craig Letter, October 15, 2013, ECF Document # 86.) By letter dated October 16, 2013, plaintiff advised the court that Mr. Craig had refused to participate in the deposition and sought leave to move for the imposition of sanctions in order to recover costs and fees. (Rahman Letter, October 16, 2013, ECF Document # 87.) By letter dated October 18, 2013, plaintiff sought from Judge Go an extension of time to complete discovery and an order requiring defendant to pay the costs and fees associated with the terminated deposition. (Rahman Letter, October 18, 2013, ECF Document # 88.) Judge Go met with the parties on October 23, 2013, at which time she ordered defendant to pay $150 in costs for the terminated deposition and stayed discovery, on consent of the parties, pending the determination of plaintiffs motion to amend. (ECF Entry, October 23, 2013.)

## II. Analysis

### A. The Rule 12(b)(1) Motion to Dismiss the FDCPA Claim

[1][2][3][4] "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States,* 201 F.3d 110, 113 (2d Cir.2000). Since "Article III of the United States Constitution limits the judicial authority of the federal courts to 'Cases' and 'Controversies,' ... a court will not have subject matter jurisdiction over an action absent the requisite case or controversy." *S. Jackson & Son, Inc. v. Coffee, Sugar & Cocoa Exchange Inc.,* 24 F.3d 427, 431 (2d Cir.1994). "In order to achieve the status of a case or controversy, a dispute must

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

--- F.Supp.2d ----, 2013 WL 6383007 (E.D.N.Y.)
**(Cite as: 2013 WL 6383007 (E.D.N.Y.))**

exist between two parties having adverse legal interests," *Id.* Where, however, the "parties lack a legally cognizable interest in the outcome," the case is moot and must be dismissed. *Powell v. McCormack,* 395 U.S. 486, 496–97, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969); *see also Fox v. Board of Trustees of State University of New York,* 42 F.3d 135, 140 (2d Cir.1994) ("The required legally cognizable interest has alternatively been described as a requirement that a plaintiff have a 'personal stake' in the litigation") (citations omitted),

**\*5** [5] "Where a defendant offers judgment in an FDCPA case for the maximum relief obtainable by plaintiff, an action becomes moot and subject to dismissal because there exists no controversy pending court adjudication," *Milton v. Rosicki, Rosicki & Associates, P.C .,* 2007 WL 2262893, at \*2 (E.D.N.Y., Aug, 3, 2007). To the extent the defendant "consents to judgment in the maximum amount for which the defendant could be held liable, there is no justification for taking the time of the court and the defendant in the pursuit of ... claims which [the] defendant has more than satisfied." *Doyle v. Midland Credit Management, Inc.,* 722 F.3d 78, 80 (2d Cir.2013) (per curiam) (internal quotation marks and citation omitted) (alteration in original).

[6][7][8] An offer of or consent to judgment "need not comply with Federal Rule of Civil Procedure 68 in order to render a case moot under Article III." *Id.* at 81. However, if the offer does not represent "the maximum recovery available to [plaintiff] in this lawsuit, there is no basis for defendant's assertion that [the offer] moots this action" *Shepherd v. Law Offices of Co hen & Slamowitz, LLP,* 668 F.Supp.2d 579, 582 (S.D.N.Y.2009). Similarly, a plaintiff's refusal to accept a conditional offer of *settlement* will not moot the case. *See McCauley v. Transunion, L.L.C.,* 402 F.3d 340, 342 (2d Cir.2005), And, an offer of settlement that does not provide for the entry of judgment is not the equivalent of a Rule 68 offer of judgment and is not treated as such. *Cabala v.*

*Crowley,* —— F.3d ——, 2013 WL 6066412, at \* \*3–4 (2d Cir., November 19,2013).

[9][10] Here, there is no dispute that the offer tendered by defendant did not comply with the formalities of Rule 68 of the Federal Rules of Civil Procedure, which provides:

(a) At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

....

(d) Paying Costs After an Unaccepted Offer. If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made.

Fed. R. Civ. P, 68 (2009). "The plain purpose of Rule 68 is to encourage settlement and avoid litigation." *Marek v. Chesny,* 473 U.S. 1, 5, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985). "Because a Rule 68 offer has a binding effect when refused as well as accepted, a party must also have a clear understanding of the terms of an offer in order to make an informed choice not to accept it." *Boorstein v. City of New York,* 107 F.R.D. 31, 34 (S.D.N.Y.1985).

[11] Beyond non-compliance with the formalities of Rule 68 relating to service and timing, defendant here did not "offer to allow judgment," but rather, offered only to "settle this matter for $1,001, plus costs, disbursements and reasonable attorney's fees." (Craig Decl. Ex. D.) The distinction is important because, while the terms of the settlement agreement may be enforced in accordance with contract law, "a judgment may be enforced using all the remedies available to a judgment creditor."

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

--- F.Supp.2d ----, 2013 WL 6383007 (E.D.N.Y.)
**(Cite as: 2013 WL 6383007 (E.D.N.Y.))**

*Cabala,* 736 F.3d 226, 2013 WL 6066412, at *3.

**\*6** Defendant relies on *Doyle v. Midland Credit Management, Inc.,* to support its contention that its offer of settlement is nonetheless sufficient to render this case moot.[FN8] In *Doyle,* the Court of Appeals for the Second Circuit held that "an offer need not comply with Federal Rule of Civil Procedure 68 in order to render a case moot under Article III," 722 F.3d at 81. That case is different, however, insofar as the defendant debt collector in *Doyle* made two *offers of judgment* in efforts to resolve plaintiff's FDCPA claim. The first offer, for $1,001, had been made pursuant to Rule 68 and rejected. The second offer was made orally during a motion hearing and included "an additional $10 to cover actual damages." *Id* at 80. Although plaintiffs counsel agreed that this amount provided for all the relief sought, plaintiff refused the offer. *Id.* The district court found that the offer served to moot the FDCPA claim and granted defendant's motion to dismiss. *Id.* The Second Circuit affirmed on appeal, concluding that "the oral offer for $1,011 that [defendant] extended during the motion hearing ... was for the full amount of relief sought," and, although it was made orally, it nonetheless rendered the case moot. *Id.* at 81.

[12] As stated, the offer here failed to conform to Rule 68 not merely on the basis of formality, but because it did not provide for the entry of judgment against defendant. And, in its recent decision in *Cabala v. Crowley,* the Second Circuit rejected the "argument that [defendant's] settlement offer should be treated as equivalent to a Rule 68 offer of judgment." 736 F.3d 226, 2013 WL 6066412, at *3, The *Cabala* Court also expressly stated that *Doyle s* holding, "that an offer of judgment that fails to meet the technical procedural requirements of Rule 68 is nevertheless an offer of judgment *is not equivalent* to holding that an offer of an informal settlement without judgment is equivalent to a Rule 68 offer of judgment." *Id.* at *4 (emphasis added). I therefore cannot conclude that plaintiff's rejection of defendant's offer of settlement acts to moot

plaintiffs claim.

However, I do take this opportunity to remind the parties that the resolution of this action is firmly within their grasp. Plaintiff's counsel has as much as agreed to accept a properly served Rule 68 offer of judgment for statutory damages, and defense counsel has more than signaled his willingness to tender that amount .[FN9] As the *Cabala* Court noted, "[i]t takes two to stage a useless litigation," *id.* at *3, and I encourage counsel to proceed in a manner that will best serve the interests of their clients without needlessly burdening the resources of the judiciary.

**B. The § 601 Claim**

[13] Defendant has not expressly sought dismissal of the claim asserted pursuant to § 601 of New York's General Business Law, but nonetheless asserts in its supporting memorandum that "that statute provides no private right of action." (Def. Mem. in Supp. 3.) Plaintiff has neither responded directly to this argument nor made any mention of the existence of an open § 601 claim in his opposition to the motion to dismiss. Moreover, this claim has been omitted from the proposed amended complaint, and the law is clear that there is no private right of action created by this statute.[FN10] The § 601 claim is therefore treated as withdrawn.

**C. The Proposed Amended Complaint**

**\*7** In the event the parties elect to continue pursuing this litigation. I turn, next, to plaintiff's intended motion to amend the complaint. Having reviewed the parties' pre-motion submissions, which include the proposed amendments. I see no reason to schedule a pre-motion conference. Rather, plaintiff's September 4, 2013 letter is hereby converted into a motion to amend. Although defendant's September 11, 2013 letter provides the contours of the Firm's arguments against acceptance of the proposed amendments, it does not provide the legal basis for such arguments. Defendant is therefore directed to serve and file, on or before December 20, 2013, a letter brief not to exceed ten pages, setting forth its opposition to plaintiff's motion.

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

Page 8

--- F.Supp.2d ----, 2013 WL 6383007 (E.D.N.Y.)
**(Cite as: 2013 WL 6383007 (E.D.N.Y.))**

Plaintiff shall reply by letter brief, no longer than ten pages, on or before January 10, 2014.

In accordance with Judge Go's order of October 23, 2013, discovery is stayed pending resolution of this issue.

### D. "Other Considerations"

Finally, with respect to the assertions by counsel to both parties that the other side has included in its filings embarrassing allegations that have no bearing on the present action, paragraphs 16 and 17 of Mr. Rahman's Affirmation in Opposition are hereby stricken, as are paragraphs 15–20 of Mr. Craig's Reply Declaration,[FN11] and paragraph 6 of Mr. Rahman's Sur–Reply Affirmation.[FN12] To the extent such ad hominem attacks or other gratuitous allegations are asserted in the future, I will consider the imposition of sanctions.

SO ORDERED.

FN1. Class Action Complaint, October 13, 2012, ECF Document # 1.

FN2. Declaration of Peter J. Craig, August 6, 2013, ECF Document # 59.

FN3. This motion was determined to be premature. (*See* Tr., May 8, 2013, at 31; a copy of the transcript is annexed to the Craig Decl. at Exhibit A–1, A–2, ECF Documents # 64–1, 65–1.)

FN4. Peter J. Craig, Esq., attorney for defendant Firm.

FN5. Hashim Rahman, Esq., attorney for plaintiff.

FN6. Affirmation in Opposition to Defendant's Motion to Dismiss, August 21, 2012, ECF Document # 61.

FN7. The plaintiff, himself, was permitted to continue communicating with RIT in connection only with his loan and repayment. (*See* ECF entry, October 1, 2013.)

FN8. Indeed, it appears that defendant's offer of settlement, and the present motion, were made immediately after the decision in *Doyle* was rendered: the *Doyle* decision was filed June 28, 2013; defendant made its offer on July 9 and filed its pre-motion letter on July 11, 2013.

FN9. In light of my conclusion here, I need not address the impact of the purported demand for actual damages or the putative class allegations on the ability of defendant's offer to moot plaintiff's FDCPA claim. With an eye toward the future of this litigation, however, I note that plaintiff's arguments on these points are, under the facts of this case, specious. The allegations relating to the claim for actual damages are conclusory and devoid of any factual basis, and plaintiff's counsel has already indicated that statutory damages—plus legal fees, of course—would be a sufficient award for his client. *See* p. 4, *supra* (quoting Tr., May 8, 2013, at 22–25). Furthermore, after more than a year of litigation, plaintiff has not yet moved for class certification and has even conceded that "certification seems unlikely at present" (Plf. Mem. in Opp. 5.) Also, I have expressed concern as to whether plaintiff's counsel would be an adequate class representative. (*See* Tr., May 8, 2013, at 23.)

FN10. Article 29–H of the Debt Collection Procedures Act authorizes "[t]he attorney general or the district attorney of any county [to] bring an action in the name of the people of the state to restrain or prevent any violation of this article or any continuance of any such violation." N.Y. Gen. Bus. § 602(2). As such, this statute does not give rise to a private right of action. *Citibank (South Dakota) N.A. v.*

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

--- F.Supp.2d ----, 2013 WL 6383007 (E.D.N.Y.)
**(Cite as: 2013 WL 6383007 (E.D.N.Y.))**

*Sablic,* 55 A.D.3d 651, 653, 865 N.Y.S.2d
649 (2d Dep't 2008).

FN11. Reply Declaration. August 26,
2013. ECF Document # 63.

FN12. Sur–Reply to Defendant's Reply,
August 27, 2013, ECF Document # 67.

E.D.N.Y.,2013.
Fernandez v. Peter J. Craig & Associates, P.C.
--- F.Supp.2d ----, 2013 WL 6383007 (E.D.N.Y.)

END OF DOCUMENT

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

# EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

DIANA MEY, individually and on behalf of a class
of all persons and entities similarly situated,

        Plaintiff,

     v.

FRONTIER COMMUNICATIONS
CORPORATION,

        Defendants.

CIVIL ACTION NO. 3:13-cv-01191-RNC

Pursuant to Fed. R. Civ. P. 68, defendant Frontier Communications Corporation ("Frontier") offers that judgment be entered against it on plaintiff Diana Mey's individual claims as alleged in the putative Class Action Complaint (Doc. No. 1) in the amount of Six Thousand Four Hundred Dollars ($6,400.00) (plus additional amounts for taxable costs incurred) and prospective injunctive relief prohibiting it from: (a) placing any telemarketing calls to Plaintiff on any number that is identified to Frontier as belonging to her; and (b) placing any call using an ATDS, artificial voice or prerecorded message, unless Plaintiff consents in writing to receive such calls.  This offer of judgment is made for the purposes specified in Fed. R. Civ. P. 68 only, and is not to be construed as an admission by Frontier.  This offer is in addition to, and incorporates, the Offer of Settlement made by Frontier on October 14, 2013.

Dated:  December 9, 2013                    KELLEY DRYE & WARREN LLP

                                            By:    _/s/ James M. Moriarty_____
                                                   James M. Moriarty (ct 21876)
                                                   KELLEY DRYE & WARREN LLP
                                                   400 Atlantic Avenue
                                                   Stamford, Connecticut 06901
                                                   Phone:  (203) 351-8013
                                                   Fax: (203) 327-2669
                                                   jmoriarty@kelleydrye.com

2