UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DIANA MEY, individually and on behalf of a class of all persons and entities similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>FRONTIER COMMUNICATIONS CORPORATION<br><br>    Defendant. | No. 3:13-CV-01191-MPS |

**RULING ON DEFENDANT'S MOTION TO DISMISS [Doc. # 30]**

**I.  Summary**

Plaintiff Diana Mey ("Ms. Mey") seeks damages and injunctive relief against Defendant Frontier Communications Corporation ("Frontier"), alleging that it made two telephone calls to her cell phone in violation of a federal consumer privacy law. After she filed her complaint and a motion asking the Court to certify a class of similarly situated consumers, Frontier proposed to settle her claims by offering the relief she was seeking on her own behalf. Ms. Mey declined the offer, and Frontier promptly moved to dismiss, arguing that its offer rendered the case moot and thereby deprived the Court of subject matter jurisdiction. I DENY Frontier's motion [Doc. #30], finding that neither Ms. Mey's individual claims nor her proposed class claims are moot. Recent Second Circuit precedent makes clear that a mere offer to settle—as opposed to an offer of judgment under Rule 68—does not moot a plaintiff's claim even when it proposes to afford her everything she is asking for. And by its own terms, the Supreme Court case on which Frontier relies for its argument that the class claims are moot—*Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523 (2013)—governs neither claims of a proposed class under Fed. R. Civ. P. 23 nor claims in which a plaintiff seeks injunctive relief, as Ms. Mey does.

**II.     Background**

Ms. Mey has brought this proposed class action against Frontier under consumer-privacy provisions of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* ("TCPA"). The TCPA prohibits "mak[ing] any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. §§ 227(b)(1)(A)(iii). Federal regulations also prohibit telemarketing calls to phone numbers listed in the National Do Not Call Registry, unless the caller has received signed, written consent from the consumer. 47 C.F.R. § 64.1200(c)(2). The TCPA allows "[a] person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation" of the TCPA to bring an action "to enjoin such violation" and/or "an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater." 47 U.S.C. §227(c)(5).

Ms. Mey alleges that she received two calls that utilized an automatic dialing system[1] from or on behalf of Frontier on her cellular telephone, which was registered in the National Do Not Call Registry. (Compl. [Doc. #1] ¶¶ 23-33.) In Count One, Ms. Mey alleges that Frontier violated the TCPA by initiating telephone solicitations to persons or entities whose numbers were listed on the Do Not Call Registry. (Compl. [Doc. # 1] ¶¶ 55-57.) Ms. Mey proposes to represent a class of similar individuals in the United States who, within the last four years, received more than one such telemarketing call from Frontier in any twelve-month period. (*Id.* ¶ 43.) In Count Two, Ms. Mey alleges that Frontier initiated telephone calls using an automated dialing system or

---

[1] The first call occurred on July 3, 2013, and the second on July 23, 2013.

2

prerecorded voice to her cellular phone. Ms. Mey proposes to represent a class of similar individuals in the United States who received cell phone calls from Frontier via an automatic telephone dialing system, and from whom Frontier "does not have evidence of prior express consent." (*Id.* ¶ 44.) Ms. Mey seeks—for herself and for each member of the class—injunctive relief and statutory damages of $500 for each negligent violation of the TCPA and $1,500 for each knowing violation. (*Id.* at 11.)

On the same day that Ms. Mey filed her complaint—August 20, 2013—she also filed a Motion for Class Certification and to Stay Briefing Pending Completion of Discovery [Doc. #2]. In a letter dated October 14, 2013, Frontier offered to settle Ms. Mey's claims for payment of $6,400 plus taxable costs and prospective injunctive relief that would bar it from making telemarketing calls to Ms. Mey or from "placing any call using an ATDS, artificial voice or prerecorded message," unless Ms. Mey consented in writing to such calls. (Def.'s Mem. Supp. Motion to Dismiss [Doc. # 31] at 4-5.) Ms. Mey did not accept this offer. Frontier argues that this unaccepted offer mooted Ms. Mey's individual claim and all potential class claims. (*Id.*) Two days later, on October 16, 2013, Frontier moved to dismiss the complaint for lack of subject matter jurisdiction, arguing that its unaccepted offer of "more than [Ms. Mey] could possibly recover even if she were to prevail" made the case moot and deprived the Court of jurisdiction under Article III of the Constitution. (Def.'s Motion to Dismiss [Doc. # 30] at 1.)

**III.    Legal Standard**

The court may dismiss a case for lack of subject matter jurisdiction if the court lacks statutory and constitutional power to adjudicate it. "[T]he court may resolve [any] disputed jurisdictional fact issues by referring to evidence outside of the pleadings, such as affidavits."

3

*Zappia Middle E. Const. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000). When considering a motion to dismiss filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure, the Court "must accept as true all material facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor." *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009) (internal quotations and citations omitted). "However, argumentative inferences favorable to the party asserting jurisdiction should not be drawn," *Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir. 1992), and a "plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

Article III of the Constitution empowers federal courts to hear only live "cases" or "controversies." U.S. Const. Art. III, § 2. "A corollary to this case-or-controversy requirement is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1528 (2013) (internal quotation marks and citations omitted). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *City of Erie v. Pa's A.M.*, 529 U.S. 277, 287 (2000) (internal quotation marks and citations omitted). "If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Genesis Healthcare Corp.,* 133 S. Ct. at 1528 (internal quotation marks and citations omitted). "A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Employees Int'l Union, Local 1000*, 132 S. Ct. 2277, 2287 (2012) (internal quotation marks and citations omitted).

**IV.     Discussion**

Frontier argues that recent decisions of the Supreme Court and the U.S. Court of Appeals for the Second Circuit compel dismissal of Ms. Mey's complaint because Frontier's offer of settlement fully satisfies all of her claims such that she no longer has a personal stake in the outcome of the lawsuit, rendering her claims—and those of the proposed class—moot. (Def.'s Mem. Supp. Motion to Dismiss [Doc. # 31] at 1-2, 6.) I am not persuaded.

**A.     Plaintiff's Individual Claim is Not Moot**

Frontier argues that *Doyle v. Midland Credit Management, Inc.,* 722 F.3d 78 (2d Cir. 2013) held "that an unaccepted offer that fully satisfies a plaintiff's claim is sufficient to render a claim moot and require its dismissal for lack of subject matter jurisdiction." (Def.'s Mem. Supp. Motion to Dismiss [Doc. # 31] at 2.) That overstates the holding in *Doyle*, in which the defendant orally offered the plaintiff "an Offer of Judgment in the amount of $1,001 in addition to coverage of [plaintiff's] reasonable attorney's fees and costs. [Defendant] stated that the offer was made '[p]ursuant to Rule 68 of the Federal Rules of Civil Procedure.' [Plaintiff] did not accept the Offer of Judgment." *Id.* at 80. The Second Circuit affirmed the district court's order dismissing the case as moot, holding that "an offer need not comply with Federal Rule of Civil Procedure 68 in order to render a case moot under Article III." *Id.* at 81.

In its more recent decision in *Cabala v. Crowley*, 736 F.3d 226 (2d Cir. 2013), the Second Circuit clarified that *Doyle's* relaxing of the formalities of Rule 68 did not mean that a defendant could moot a case without offering to take judgment, only that mootness did not turn on compliance with the technical requirements of the rule. The *Cabala* court rejected the defendant's

5

argument that its "settlement offer should be treated as equivalent to a Rule 68 offer of judgment."

736 F.3d 226, 230 (2d Cir. 2013).

> A settlement agreement between parties by which the defendant agrees to make a payment in exchange for dismissal of the plaintiff's action only creates a contract between the parties that must be interpreted and enforced by the state courts. . . . while a judgment may be enforced using all the remedies available to a judgment creditor.

*Cabala,* 736 F.3d at 230. According to the *Cabala* court, the court in *Doyle*

> held that an offer of judgment that fully satisfied a claim . . . need not conform to the formal requirements of Rule 68 in order to moot a cause of action. In *Doyle,* however, the defendant offered judgment, rather than settlement without judgment, resolving all points in dispute and leaving no conflict over the 'nature and form' of settlement. The only deviation from the formal attributes of a Rule 68 offer was that the defendant in *Doyle* made its offer orally. To hold that an offer of judgment that fails to meet the technical procedural requirements of Rule 68 is nevertheless an offer of judgment is not equivalent to holding that an offer of an informal settlement without judgment is equivalent to a Rule 68 offer of judgment.

*Cabala v. Crowley*, 736 F.3d 226, 230 (2d Cir. 2013); *see also Jones-Bartley v. McCabe, Weisberg & Conway, P.C.*, No. 13-CV-4829 KMK, 2014 WL 5795564, at *11 (S.D.N.Y. Nov. 6, 2014) ("First, to moot a plaintiff's claim, the defendant must make an offer of judgment; an offer of settlement is insufficient. . . .").

The distinction between an offer of judgment and a settlement offer disposes of Frontier's argument that Ms. Mey's individual claim is moot. Frontier's offer of settlement, which is set forth in its October 14, 2013 letter, is not an offer to take judgment under Rule 68. (Def.'s Mem. Supp. Motion to Dismiss, Ex. A [Doc. # 31] at 23-24.) Frontier's offer letter does not use the term "judgment" at all and does not refer to Fed. R. Civ. P. 68.[2] (*Id.*) Throughout its briefs, Frontier

---

[2] Rule 68 of the Federal Rules of Civil Procedure provides, in relevant part: "a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment."

refers to the letter as a "settlement offer" rather than an offer of judgment. (Def.'s Mem. Supp. Motion to Dismiss [Doc. # 31] at 1, 2, 4, 7, 9, 10, 11, 12.) Frontier clearly distinguishes its offer from a Rule 68 offer of judgment, arguing—incorrectly—that mootness "can be achieved either through a Rule 68 offer of judgment or, *as here, by way of a settlement offer,* so long as the offer provides complete relief to a plaintiff, regardless of whether the plaintiff accepts the offer." (*Id.* at 9 (emphasis added).) And at no time did Frontier ask the Court to enter judgment based on the terms of the letter offer.

Finally, even if Frontier *had* offered judgment under Rule 68, Ms. Mey's rejection of that offer would not, "in and of itself," have mooted the case. *McCauley v. Trans Union, L.L.C.*, 402 F.3d 340, 340 (2d Cir. 2005). In *McCauley,* the Second Circuit held that "the typically proper disposition in such a situation is for the district court to enter judgment against the defendant for the proffered amount and to direct payment to the plaintiff consistent with the offer. Only after such a disposition is the controversy resolved such that the court lacks further jurisdiction." *Cabala,* 736 F.3d at 228 (2d Cir. 2013)[3]; *see also Jones-Bartley v. McCabe*, 2014 WL 5795564, at *15 (noting that "nothing in *McCauley* or any other case appears to *require* that the Court enter judgment in Plaintiff's favor and dismiss the case.").

### B.  In Any Event, Plaintiff's Class Claim is Not Moot

Frontier argues that *Genesis Healthcare Corp. v. Symczyk,* 133 S. Ct. 1523 (2013) controls this case, and requires "that where, as here, an action is mooted at any point during the course of litigation, the case must be dismissed even if the plaintiff purports to serve as a representative of

---

[3] Admittedly, this was not the approach taken in *Doyle*, in which the district court dismissed the case for lack of jurisdiction without entering judgment for the plaintiff. In *Cabala*, the Second Circuit apparently noticed this point, but declined to "address whether [*Doyle*] is inconsistent with *McCauley*, which was not cited by the *Doyle* court." *Cabala,* 736 F.3d at 230 n.4.

unnamed parties." (Def.'s Mem. Supp. Motion to Dismiss [Doc. # 31] at 2.) The only exception to this rule, Frontier asserts, is when a court has either granted or denied class certification before the claims are rendered moot. *See Deposit Guar. Nat. Bank, Jackson, Miss. v. Roper*, 445 U.S. 326, 340 (1980) (holding that "entry of judgment in favor of named plaintiffs over their objections" does not moot their claim; plaintiffs' "*individual* interest in the litigation . . . is sufficient to permit their appeal of the adverse certification ruling."); *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 400 (1980) (holding "that named plaintiffs whose claims are satisfied through entry of judgment over their objections may appeal the denial of a class certification ruling"); *Sosna v. Iowa*, 419 U.S. 393 (1975) (holding that a class is not moot when plaintiff's individual claims become moot *after* the class was certified). Because I have found that Ms. Mey's individual claim is not moot, the premise of the defendant's argument for the application of *Genesis* to the facts of this case is missing here.

*Genesis* would not require dismissal of Ms. Mey's proposed class claims, however, even if her individual claims were moot. In *Genesis,* after assuming (without deciding) that the named plaintiff's individual claim became moot due to defendant's making an unaccepted offer of judgment under Rule 68, the Supreme Court held that the plaintiff's Fair Labor Standards Act ("FLSA") claims on behalf of a conditional class or "collective" under 29 U.S.C. § 216(b) was "appropriately dismissed for lack of subject-matter jurisdiction," because the named plaintiff had "no personal interest in representing putative, unnamed claimants, nor any other continuing interest that would preserve her suit from mootness." *Genesis Healthcare Corp.*, 133 S. Ct. at 1532. *Genesis*, however, does not govern cases brought under Rule 23 and expressly distinguished them. For example, the *Genesis* court stated:

>
> essential to our decisions in *Sosna* and *Geraghty* was the fact that a putative class acquires an independent legal status once it is certified under Rule 23. Under the FLSA, by contrast, "conditional certification" does not produce a class with an independent legal status, or join additional parties to the action.

*Genesis Healthcare Corp.*, 133 S. Ct. at 1530. Unlike the members of a Rule 23 class, plaintiffs must affirmatively "opt in" to join a "collective action" under the FLSA.

"[N]either the Supreme Court nor the Second Circuit has ruled on the effect of a Rule 68 offer made prior to resolution of a Rule 23 (rather than FLSA) certification motion." *Franco v. Allied Interstate LLC*, No. 13 CIV. 4053 KBF, 2014 WL 1329168, at *3 (S.D.N.Y. Apr. 2, 2014). "[D]istrict courts in this Circuit are split on the question of whether an offer of judgment to an individual plaintiff made while a certification motion is pending or before a certification motion is filed moots the putative class action." (*Id.*)

While the Second Circuit has stated, "in general, if the claims of the named plaintiffs become moot prior to class certification, the entire action becomes moot," *Comer v. Cisneros*, 37 F.3d 775, 798 (2d Cir. 1994), courts have created an exception to this general rule for situations in which the class certification issue has been pursued diligently, and have allowed class certification to "relate back" to the filing of the complaint. *See Jones-Bartley,* 2014 WL 5795564, at *15 (collecting cases in the Second Circuit in which courts permitted class certification to "relate back" to the filing of the complaint in cases in which individual plaintiffs' claims were deemed moot by a Rule 68 offer of judgment before the court ruled on class certification). Some courts in the Second Circuit have expanded the exception, finding that—even when the plaintiff has not yet filed a motion for class certification—a Rule 68 offer of judgment does not necessarily moot a plaintiff's class claims. *See, e.g., White v. OSI Collection Servs., Inc.*, No. 01-CV-1343(ARR), 2001 WL 1590518, at *1 (E.D.N.Y. Nov. 5, 2001) (applying the relation back exception to

mootness and finding that a Rule 68 offer of judgment filed one day after defendant's answer, and eighteen days before plaintiff's motion for class certification, did not moot plaintiff's class claims). For example, in *Jones-Bartley,* the plaintiff had only filed a *request to file* a class certification motion when the defendant made the offer of judgment. Nevertheless, the court held that the plaintiff had "in effect, already filed a motion for class certification, meaning her class claims are not moot." *Id*. at *18. Here, Ms. Mey filed a motion for class certification on the same day she filed her complaint—approximately two months before Frontier made its settlement offer. Even Frontier acknowledges that the case was not moot at that time.

The district court cases that Frontier cites in its supplemental brief are not binding on this court and, as Ms. Mey points out, are factually distinguishable. The plaintiffs in all three cases sought class certification *after* receiving Rule 68 offers from defendants. *Franco*, 2014 WL 1329168, at *1; *Vadai v. Dun & Bradstreet Credibility Corp.*, No. 14 CIV. 1617 LLS, 2014 WL 4436325, at *1 (S.D.N.Y. Sept. 2, 2014); *Aleman v. Innovative Elec. Servs. L.L.C.*, No. 14-CV-868 KBF, 2014 WL 4742726, at *3 n.3 (S.D.N.Y. Sept. 15, 2014) ("plaintiffs filed the conditional collective action certification one week *after* the offer of judgment"). And *Aleman* involved a collective action under the Fair Labor Standards Act, which is governed by *Genesis. Id.*

Moreover, Ms. Mey seeks not only statutory damages but also injunctive relief for herself and the proposed class. In contrast, the plaintiff in *Genesis* sought only statutory damages for herself and the "collective" of similarly situated employees she proposed to represent. *Genesis* suggests that the "evading review" exception to mootness may be more likely to apply to cases in which the proposed class action seeks injunctive relief. *Genesis Healthcare Corp.*, 133 S. Ct. at 1531 ("Unlike claims for injunctive relief challenging ongoing conduct, a claim for damages

cannot evade review; it remains live until it is settled, judicially resolved, or barred by a statute of limitations. Nor can a defendant's attempt to obtain settlement insulate such a claim from review, for a full settlement offer addresses plaintiff's alleged harm by making the plaintiff whole."). If a corporate defendant was allowed to forestall a class-wide injunction that would require changes in nationwide company practices by "picking off" a named plaintiff with an offer to cease its conduct only with respect to her, then not only the policies of Rule 23 but the policies of the underlying statutes creating the legal rights at issue—here the TCPA—would go unredressed. Because there would be little incentive for any particular individual to incur the time and expense of going to court to seek an injunction against the annoyance of a few phone calls, there would likewise be little incentive for defendants to change company-wide practices that might violate those statutes. The practices at issue would thus "evade review" just as surely as if their duration were too short to last for the course of a litigation.

*** 

For these reasons, I DENY Frontier's motion to dismiss.

IT IS SO ORDERED.

      /s/
Michael P. Shea, U.S.D.J.

Dated:   Hartford, Connecticut
         November 18, 2014