**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| DIANA MEY, individually and on behalf of a class of all persons and entities similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>FRONTIER COMMUNICATIONS CORPORATION<br><br>  Defendant. | No. 3:13-CV-01191-MPS |

**RULING ON PLAINTIFF'S MOTION TO COMPEL [Doc. # 62]**

**I.    Summary**

This ruling arises from a discovery dispute between Plaintiff, Diana Mey ("Ms. Mey"), and Defendant, Frontier Communications Corporation. Ms. Mey moves to compel production of, among other things, the names and addresses of putative class members. Such detailed contact information is not relevant to class certification under Rule 23.

The Court orders that Frontier produce logs of all phone numbers that Frontier (or its agents) called for telemarketing purposes during the four year period, generated by its vendor, Virido LLC. Frontier shall also produce information on how such phone numbers were acquired, and the text of the call scripts used to make the calls in the logs. Finally, Frontier shall produce any information it—or its vendor—has regarding the dialers and equipment used to make such calls, including the types of equipment and software used to make such calls.

This information will assist Plaintiff's experts in determining which phone numbers were tied to cellular phones, which calls were for telemarketing purposes, which numbers were on the National Do Not Call Registry ("NDNCR"), and which calls were made using an automatic telephone dialing system ("ATDS"). The information is therefore relevant to the numerosity,

commonality, and typicality inquiries the Court will undertake to decide Plaintiff's motion for class certification under Rule 23.

Ms. Mey also seeks to compel Frontier to provide information on telemarketing complaints, including all documents sent to and received from the Federal Trade Commission, any State Attorney General, or other government entity relating to allegations of unlawful telemarketing. Frontier is not required to produce any additional complaints at this time. Such complaints may be relevant to determining whether Frontier knowingly or willfully violated the TCPA with respect to class members, which could triple the statutory damages for each TCPA violation. But the Court has not yet decided whether to certify Ms. Mey's proposed classes. With respect to Ms. Mey, Frontier has already offered her all the relief she could possibly obtain, even if Frontier acted knowingly or willfully in violation of the TCPA in calling her. If the Court does not certify Ms. Mey's proposed classes, it will likely enter judgment against Frontier based on Frontier's Rule 68 offer of judgment and dismiss the entire case as moot. On the other hand, if the Court certifies one or both classes, Ms. Mey's discovery requests for complaints about the TCPA may be renewed at that time in order to determine whether Frontier acted knowingly or willfully with respect to the members of the classes.

## II.     Background

Ms. Mey brought a proposed class action against Frontier under consumer-privacy provisions of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* ("TCPA"). The TCPA prohibits "mak[ing] any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. §§ 227(b)(1)(A)(iii). Federal regulations also prohibit telemarketing calls to

phone numbers listed in the NDNCR, unless certain exceptions are met. 47 C.F.R. § 64.1200(c)(2). The TCPA allows "[a] person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation" of the TCPA to bring an action "to enjoin such violation" and/or "an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater." 47 U.S.C. §227(c)(5).

Ms. Mey alleges that she received two calls that utilized an ATDS[1] from or on behalf of Frontier on her cellular telephone, which was registered in the NDNCR. (Compl. [Doc. #1] ¶¶ 23-33.) In Count One, Ms. Mey alleges that Frontier violated the TCPA by initiating telephone solicitations to persons or entities whose numbers were listed on the NDNCR. (*Id.* ¶¶ 55-57.) Ms. Mey proposes to represent a class of similar individuals in the United States who, within the last four years, received more than one such telemarketing call from Frontier in any twelve-month period. (*Id.* ¶ 43.) In Count Two, Ms. Mey alleges that Frontier initiated telephone calls using an ATDS or prerecorded voice to her cellular phone. Ms. Mey proposes to represent a class of similar individuals in the United States who received cell phone calls from Frontier via an ATDS in the last four years, and from whom Frontier "does not have evidence of prior express consent." (*Id.* ¶ 44.) Ms. Mey seeks—for herself and for each member of the class—injunctive relief and statutory damages of $500 for each negligent violation of the TCPA and $1,500 for each knowing or willful violation. (*Id.* at 11.) On the same day that Ms. Mey filed her complaint—August 20, 2013—she also filed a Motion for Class Certification and to Stay Briefing Pending Completion of Discovery [Doc. #2]. In a letter dated October 14, 2013, Frontier offered to settle Ms. Mey's

---

[1] The first call occurred on July 3, 2013, and the second on July 23, 2013.

claims for payment of $6,400 plus taxable costs and prospective injunctive relief that would bar it from making telemarketing calls to Ms. Mey or from "placing any call using an ATDS, artificial voice or prerecorded message," unless Ms. Mey consented in writing to such calls. (Def.'s Mem. Supp. Motion to Dismiss [Doc. # 31] at 4-5.) On December 9, 2013, Frontier offered Ms. Mey a Rule 68 Offer of Judgment that incorporated its previous settlement offer. (Frontier Supplemental Mem. of Law [Doc. #55] at 2.)

**III. Disputed Discovery Requests**

    **A.    Plaintiff's Request for Information Related to Size and Identity of Class**

Plaintiff requests that Frontier identify all calls (including attempts made by Frontier or its agents) to the persons in the two classes, including information: identifying the person (e.g. name and contact information), the substance and results of the calls, the dialer and equipment used, the call scripts, and the source where the numbers were obtained. (Pl.'s Motion to Compel [Doc. # 62] at 5.) Frontier objected that, among other reasons, such information is irrelevant, overly broad and unduly burdensome, protected by attorney-client privilege, not ascertainable, and is premature before class certification. (*Id.* at 6.) Subject to its objections, Frontier provided the following information about the calls placed to 304-242-1943:

> Frontier obtained the phone number for the business operating as Diana L. Mey, Higher Grounds and/or Diamark, LLC from a request made to Dunn and Bradstreet for business prospect information. Frontier provided a list of commercial business prospect telephone numbers, which included the telephone number for the businesses operated by or under Plaintiff's name, to its vendor Virido LLC. It is Frontier's understanding that Virido utilized a dialing system software provided by Five9 to place the two calls referenced above. Frontier further states additional responsive information may be obtained from Plaintiff or third parties during the course of ongoing discovery.

### B. Plaintiff's request for information concerning telemarketing complaints

Ms. Mey requested 1) all documents sent to or received from any federal or state government entity relating to allegations of unlawful telemarketing, 2) all documents relating to complaints made to Frontier or its agents relating to unlawful telemarketing, and 3) all documents concerning legal demand letters, informal complaints, formal lawsuits, and all government enforcement actions or investigations, submitted to Frontier in any way relating to allegations of unlawful telemarketing. (*Id*. at 13-14.)

Frontier objected, among other reasons, that such requests were not relevant, not reasonably calculated to lead to the discovery of admissible evidence, required individualized inquiry, were overly broad and unduly burdensome, could violate attorney-client or work product privilege, and called for records pertaining to calls made to recipients not similarly situated to Ms. Mey. (*Id.*)

## IV. Legal Standard

The Federal Rules of Civil Procedure allow parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." F.R.C.P. 26(b)(1). "A valid discovery request need only 'encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *In re Priceline.Com Inc. Sec. Litig.*, No. 3:00CV01884 (DJS), 2005 WL 2676332, at *1 (D. Conn. June 7, 2005) quoting *Oppenhiemer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978). Rule 26(b)(2)(C) requires a court to "limit the frequency or extent of discovery otherwise allowed . . . if it determines that," among other things, the discovery "is unreasonably cumulative or

5

duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive," or "the burden or expense of the proposed discovery outweighs its likely benefit." In balancing the burden and the benefit, the Federal Rules direct courts to "consider[] the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." F.R.C.P. 26(b)(2)(C). "A district court has wide latitude to determine the scope of discovery . . . [and] abuses its discretion only when the discovery is so limited as to affect a party's substantial rights." *Rajaratnam*, 622 F.3d at 181 (internal quotation marks and citations omitted).

> The party objecting to the discovery request must do more than simply intone [the] familiar litany that the interrogatories are burdensome, oppressive or overly broad. Instead, the objecting party must show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each [request] is not relevant or how each question is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden.

*Sullivan v. StratMar Sys., Inc.*, 276 F.R.D. 17, 19 (D. Conn. 2011) (internal quotation marks and citations omitted).

## V. Discussion

### A. Information Related to Size and Identity of Class

Frontier contends that Ms. Mey is not entitled to the names and addresses of putative class members prior to class certification. (Def.'s Opposition Br. [Doc. #67] at 9.) The names and addresses of the putative class members *could* be relevant to determining the prerequisites for class certification, and Frontier has not shown that such information is clearly improper. However, Ms. Mey has not shown why she needs the names, addresses, and other contact information for the persons whose phone numbers were called, and why the phone numbers themselves are not sufficient for class certification purposes. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 353-354 (1978).

6

During a telephonic status conference with the Court on December 4, 2014, Frontier stated that it can produce from its vendor—without significant burden—a log of all phone numbers called for telemarketing purposes during the period at issue. Frontier represented that all such calls made by its vendor, Virido LLC, were for telemarketing purposes. Therefore, these call logs avoid capturing calls unrelated to telemarking.

The Court orders that Frontier produce logs of all phone numbers that Frontier (or its agents) called for telemarketing purposes during the four year period, generated by its vendor, Virido LLC. Frontier shall also produce information on how such phone numbers were acquired, and the text of the call scripts used to make the calls in the logs. Finally, Frontier shall produce any information it—or its vendor—has regarding the dialers and equipment used to make such calls, including the types of equipment and software used to make such calls.

As discussed during the telephonic status conference, the burden will be on Ms. Mey and her experts to determine—on a historical basis—which calls were placed to cellular numbers or numbers on the NDNCR at the time they were made. Such information is relevant to determining class certification.

### B.     Information Concerning Telemarketing Complaints

Frontier argues that Ms. Mey's requests for information on allegations of unlawful telemarketing "are overly broad" and they seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. (Def.'s Opposition Br. [Doc. #67] at 15.) Frontier has already produced all customer complaint documents during the relevant time period relating to (a) calls to individuals whose numbers were on the NDNCR; and (b) calls placed using ATDS to cellular phone numbers without consent.

Frontier is not required to produce any other complaints. Such complaints may be relevant to determining whether Frontier knowingly or willfully violated the TCPA with respect to class members, which could triple the statutory damages for each TCPA violation. But the Court has not yet decided to certify Ms. Mey's proposed classes. With respect to Ms. Mey, Frontier has already offered her all the relief she could possibly obtain, even if Frontier acted knowingly or willfully in violation of the TCPA in calling her.[2] If the Court does not certify Ms. Mey's proposed classes, it will likely enter judgment against Frontier based on Frontier's Rule 68 offer of judgment and dismiss the entire case as moot. On the other hand, if the Court certifies one or both classes, Ms. Mey's discovery requests for complaints about the TCPA may be renewed at that time in order to determine whether Frontier acted knowingly or willfully with respect to the members of the classes.

IT IS SO ORDERED.

/s/
Michael P. Shea, U.S.D.J.

Dated:      Hartford, Connecticut
            December 5, 2014

---

[2] Frontier's Rule 68 offer of judgment represents three times the statutory damages for each count for knowing or willful violations, plus taxable costs. During the telephonic status conference of December 4, 2014, Plaintiff's counsel agreed that Ms. Mey's individual claims would be fully satisfied by Frontier's Rule 68 offer of judgment.