## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| DIANA MEY, individually and on behalf of a class of all persons and entities similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>FRONTIER COMMUNICATIONS CORPORATION<br><br>    Defendant. | No. 3:13-CV-01191-MPS<br><br><br>December 9, 2014 |

## CORRECTED RULING ON DEFENDANT'S MOTION TO DISMISS [Doc. # 30]

*This ruling replaces the Court's ruling dated November 18, 2014 [Doc. # 88], which was vacated by this Court's December 9, 2014 Ruling on Motion for Reconsideration [Doc. # 105].*

**I.    Summary**

Plaintiff Diana Mey ("Ms. Mey") seeks damages and injunctive relief against Defendant Frontier Communications Corporation ("Frontier"). Ms. Mey alleges that Frontier made two telephone calls to her cell phone in violation of a federal consumer privacy law. After she filed her complaint and a motion asking the Court to certify a class of similarly situated consumers, Frontier proposed to settle her claims by offering the relief she was seeking on her own behalf. Ms. Mey declined the offer, and Frontier promptly moved to dismiss, arguing that its offer rendered the case moot and thereby deprived the Court of subject matter jurisdiction. On December 9, 2013, Frontier served on Ms. Mey a Rule 68 offer of judgment that incorporated its previous settlement offer, which Ms. Mey neither accepted nor rejected. (Def.'s Supp. Mem. of Law [Doc. # 55] Ex. 1 at 2.)

The Court DENIES Frontier's motion [Doc. # 30]. Although Frontier's Rule 68 offer of judgment offered Ms. Mey all the relief she is seeking on her own behalf, the Court will not enter

judgment in her favor and dismiss the case as moot, because her claims on behalf of a proposed class—which she has pressed from the outset of this litigation by filing a motion for class certification with her original complaint—still present a live controversy. By its own terms, the Supreme Court case on which Frontier relies for its argument that the class claims are moot—*Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523 (2013)—governs neither claims of a proposed class under Fed. R. Civ. P. 23 nor claims in which a plaintiff seeks injunctive relief, as Ms. Mey does.

## II.    Background

Ms. Mey has brought this proposed class action against Frontier under consumer-privacy provisions of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* ("TCPA"). The TCPA prohibits "mak[ing] any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. §§ 227(b)(1)(A)(iii). Federal regulations also prohibit telemarketing calls to phone numbers listed in the National Do Not Call Registry ("NDNCR"), unless certain exceptions are met. 47 C.F.R. § 64.1200(c)(2). The TCPA allows "[a] person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation" of the TCPA to bring an action "to enjoin such violation" and/or "an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater." 47 U.S.C. §227(c)(5).

Ms. Mey alleges that she received two calls that utilized an automatic telephone dialing system ("ATDS")[1] from or on behalf of Frontier on her cellular telephone, which was registered in the NDNCR. (Compl. [Doc. # 1] ¶¶ 23-33.) In Count One, Ms. Mey alleges that Frontier violated the TCPA by initiating telephone solicitations to persons or entities whose numbers were listed on the NDNCR. (Compl. [Doc. # 1] ¶¶ 55-57.) Ms. Mey proposes to represent a class of similar individuals in the United States who, within the last four years, received more than one such telemarketing call from Frontier in any twelve-month period. (*Id.* ¶ 43.) In Count Two, Ms. Mey alleges that Frontier initiated telephone calls using an ATDS or prerecorded voice to her cellular phone. Ms. Mey proposes to represent a class of similar individuals in the United States who received cell phone calls from Frontier via an ATDS, and from whom Frontier "does not have evidence of prior express consent." (*Id.* ¶ 44.) Ms. Mey seeks—for herself and for each member of the class—injunctive relief and statutory damages of $500 for each negligent violation of the TCPA and $1,500 for each knowing violation. (*Id.* at 11.)

On the same day that Ms. Mey filed her complaint—August 20, 2013—she also filed a Motion for Class Certification and to Stay Briefing Pending Completion of Discovery [Doc. # 2]. In a letter dated October 14, 2013, Frontier offered to settle Ms. Mey's claims for payment of $6,400 plus taxable costs and prospective injunctive relief that would bar it from making telemarketing calls to Ms. Mey or from "placing any call using an ATDS, artificial voice or prerecorded message," unless Ms. Mey consented in writing to such calls. (Def.'s Mem. Motion to Dismiss [Doc. # 31] at 4-5.) Ms. Mey did not accept this offer. Two days later, on October 16, 2013, Frontier moved to dismiss the complaint for lack of subject matter jurisdiction, arguing

---

[1] The first call occurred on July 3, 2013, and the second on July 23, 2013.

that its unaccepted offer of "more than [Ms. Mey] could possibly recover even if she were to prevail" made the case moot and deprived the Court of jurisdiction under Article III of the Constitution. (Def.'s Motion to Dismiss [Doc. # 30] at 1.) On December 9, 2013, in further support of its motion to dismiss following the Second Circuit's ruling in *Cabala v. Crowley,* 736 F.3d 226 (2d Cir. 2013), Frontier served on Ms. Mey a Rule 68 offer of judgment that incorporated its previous settlement offer. (Certificate of Service of Rule 68 Offer of Judgment [Doc. # 54.].) Although she does not dispute that the offer of judgment provided all the relief she is seeking on her own behalf, Ms. Mey neither accepted nor rejected the offer. (Def.'s Supp. Mem. of Law [Doc. # 55] Ex. 1 at 2.)

## III.   Legal Standard

The court may dismiss a case for lack of subject matter jurisdiction if it lacks statutory and constitutional power to adjudicate the case. "[T]he court may resolve [any] disputed jurisdictional fact issues by referring to evidence outside of the pleadings, such as affidavits." *Zappia Middle E. Const. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000). When considering a motion to dismiss filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure, the Court "must accept as true all material facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor." *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009) (internal quotations and citations omitted). "However, argumentative inferences favorable to the party asserting jurisdiction should not be drawn," *Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir. 1992), and a "plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

4

Article III of the Constitution empowers federal courts to hear only live "cases" or "controversies." U.S. Const. Art. III, § 2. "A corollary to this case-or-controversy requirement is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1528 (2013) (internal quotation marks and citations omitted). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *City of Erie v. Pa's A.M.*, 529 U.S. 277, 287 (2000) (internal quotation marks and citations omitted). "If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Genesis Healthcare Corp.,* 133 S. Ct. at 1528 (internal quotation marks and citations omitted). "A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Employees Int'l Union, Local 1000*, 132 S. Ct. 2277, 2287 (2012) (internal quotation marks and citations omitted).

## IV.     Discussion

Frontier argues that recent decisions of the Supreme Court and the U.S. Court of Appeals for the Second Circuit compel dismissal of Ms. Mey's complaint because Frontier's offer of judgment fully satisfies all of her claims such that she no longer has a personal stake in the outcome of the lawsuit, rendering her claims—and those of the proposed class—moot. (Def.'s Mem. Motion to Dismiss [Doc. # 31] at 1-2, 6.) The Court disagrees.

### A.     The Court Will Not Enter Judgment on Plaintiff's Individual Claims While the Class Certification Issue Remains Live

Frontier argues that *Doyle v. Midland Credit Management, Inc.,* 722 F.3d 78 (2d Cir. 2013) held "that an unaccepted offer that fully satisfies a plaintiff's claim is sufficient to render a

claim moot and require its dismissal for lack of subject matter jurisdiction." (Def.'s Mem. Motion to Dismiss [Doc. # 31] at 2.) Frontier acknowledges, however, that the Second Circuit's more recent decision in *Cabala v. Crowley*, 736 F.3d 226 (2d Cir. 2013) "clarified" *Doyle* (Def.'s Supp. Mem. of Law [Doc. # 55] Ex. 1 at 1-2), holding that the mere making of an offer does not moot a case and that the offer must be an offer by the defendant to take judgment. Specifically, *Cabala* holds that "the typically proper disposition" when a defendant has served a Rule 68 offer of judgment that would fully satisfy a plaintiff's claims "is for the district court to enter judgment against the defendant for the proffered amount and to direct payment to the plaintiff consistent with the offer. Only after such a disposition is the controversy resolved such that the court lacks further jurisdiction." *Cabala*, 736 F.3d at 228; *see also McCauley v. Trans Union, L.L.C.*, 402 F.3d 340, 342 (2d Cir. 2005) (finding that plaintiff's refusal to accept an offer of judgment providing all requested relief did not, by itself, moot the case, but directing the district court to enter default judgment in favor of plaintiff and noting that "[s]uch a judgment would remove any live controversy from this case and render it moot.").

The question before the Court is thus whether, in light of Frontier's offer of judgment, it should enter judgment against Frontier in accordance with the terms of the offer and then dismiss the case as moot. *See Jones-Bartley v. McCabe*, 2014 WL 5795564, at *15 (noting that "nothing in *McCauley* or any other case appears to require that the Court enter judgment in Plaintiff's favor and dismiss the case."). Were this case one asserting claims on behalf of Ms. Mey only, the Court would do so. But Ms. Mey also seeks to assert claims on behalf of proposed classes of similarly situated individuals, and the parties are currently engaged in discovery on the certification issue. For the reasons discussed in the next section, the Court finds that because of

this circumstance, the case remains a live controversy and thus declines to enter judgment on the offer of judgment at this time. *See Schaake v. Risk Mgmt. Alternatives, Inc.*, 203 F.R.D. 108, 109-10 (S.D.N.Y. 2001) (noting that while dismissal of a complaint when all the requested relief is tendered "is sound as applied to individual plaintiffs, it does not necessarily apply when a plaintiff purports to act on behalf of a class. After an affirmative decision on class certification is reached, and the same is denied, a court may enter judgment pursuant to a Rule 68 offer over the objections of the individual plaintiff—when the relief tendered moots the controversy by offering the full measure of relief sought—and thereby dismiss the pending matter.")

### B.    The Class Certification Issue Is Not Moot

Frontier argues that *Genesis Healthcare Corp. v. Symczyk,* 133 S. Ct. 1523 (2013) controls this case, and requires "that where, as here, an action is mooted at any point during the course of litigation, the case must be dismissed even if the plaintiff purports to serve as a representative of unnamed parties." (Def.'s Mem. Motion to Dismiss [Doc. # 31] at 2.) The only exception to this rule, Frontier asserts, is when a court has either granted or denied class certification before the claims are rendered moot. *See Deposit Guar. Nat. Bank, Jackson, Miss. v. Roper*, 445 U.S. 326, 340 (1980) (holding that "entry of judgment in favor of named plaintiffs over their objections" does not moot their claim; plaintiffs' "*individual* interest in the litigation . . . is sufficient to permit their appeal of the adverse certification ruling."); *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 400 (1980) (holding "that named plaintiffs whose claims are satisfied through entry of judgment over their objections may appeal the denial of a class certification ruling"); *Sosna v. Iowa*, 419 U.S. 393 (1975) (holding that a class is not moot when plaintiff's individual claims become moot *after* the class was certified).

After assuming (without deciding) that the named plaintiff's individual claim became moot due to the defendant's making an unaccepted offer of judgment under Rule 68, the Supreme Court in *Genesis* held that the plaintiff's Fair Labor Standards Act ("FLSA") claims on behalf of a conditional class or "collective" under 29 U.S.C. § 216(b) were "appropriately dismissed for lack of subject-matter jurisdiction," because the named plaintiff had "no personal interest in representing putative, unnamed claimants, nor any other continuing interest that would preserve her suit from mootness." *Genesis Healthcare Corp.*, 133 S. Ct. at 1532. *Genesis*, however, does not govern cases brought under Rule 23 and expressly distinguished them. For example, the *Genesis* court stated:

> essential to our decisions in *Sosna* and *Geraghty* was the fact that a putative class acquires an independent legal status once it is certified under Rule 23. Under the FLSA, by contrast, "conditional certification" does not produce a class with an independent legal status, or join additional parties to the action.

*Genesis Healthcare Corp.*, 133 S. Ct. at 1530. Unlike the members of a Rule 23 class, plaintiffs must affirmatively "opt in" to join a "collective action" under the FLSA.

 "[N]either the Supreme Court nor the Second Circuit has ruled on the effect of a Rule 68 offer made prior to resolution of a Rule 23 (rather than FLSA) certification motion." *Franco v. Allied Interstate LLC*, No. 13 CIV. 4053 KBF, 2014 WL 1329168, at *3 (S.D.N.Y. Apr. 2, 2014). "[D]istrict courts in this Circuit are split on the question of whether an offer of judgment to an individual plaintiff made while a certification motion is pending or before a certification motion is filed moots the putative class action." *Id.*

While the Second Circuit has stated, "in general, if the claims of the named plaintiffs become moot prior to class certification, the entire action becomes moot," *Comer v. Cisneros*, 37 F.3d 775, 798 (2d Cir. 1994), courts have created an exception to this general rule for situations

in which the class certification issue has been pursued diligently, and have allowed class certification to "relate back" to the filing of the complaint. *See Jones-Bartley,* 2014 WL 5795564, at *15 (collecting cases in the Second Circuit in which courts permitted class certification to "relate back" to the filing of the complaint in cases in which individual plaintiffs' claims were deemed moot by a Rule 68 offer of judgment before the court ruled on class certification). Some courts in the Second Circuit have expanded the exception, finding that— even when the plaintiff has not yet filed a motion for class certification—a Rule 68 offer of judgment does not necessarily moot a plaintiff's class claims. *See, e.g., White v. OSI Collection Servs., Inc.*, No. 01-CV-1343(ARR), 2001 WL 1590518, at *1 (E.D.N.Y. Nov. 5, 2001) (applying the relation back exception to mootness and finding that a Rule 68 offer of judgment filed one day after defendant's answer, and eighteen days before plaintiff's motion for class certification, did not moot plaintiff's class claims). For example, in *Jones-Bartley,* the plaintiff had only filed a *request to file* a class certification motion when the defendant made the offer of judgment. Nevertheless, the court held that the plaintiff had "in effect, already filed a motion for class certification, meaning her class claims are not moot." *Jones-Bartley,* 2014 WL 5795564, at *18. Here, Ms. Mey filed a motion for class certification on the same day she filed her complaint—more than three months before Frontier made its offer of judgment. Even Frontier acknowledges that the case was not moot at that time.

The district court cases that Frontier cites in its supplemental brief are not binding on this court and, as Ms. Mey points out, are factually distinguishable. The plaintiffs in all three cases sought class certification *after* receiving Rule 68 offers from defendants. *Franco,* 2014 WL 1329168, at *1; *Vadai v. Dun & Bradstreet Credibility Corp.*, No. 14 CIV. 1617 LLS, 2014 WL

4436325, at *1 (S.D.N.Y. Sept. 2, 2014); *Aleman v. Innovative Elec. Servs. L.L.C.*, No. 14-CV-

868 KBF, 2014 WL 4742726, at *3 n.3 (S.D.N.Y. Sept. 15, 2014) ("plaintiffs filed the

conditional collective action certification one week *after* the offer of judgment"). And *Aleman*

involved a collective action under the Fair Labor Standards Act, which is governed by *Genesis.*

*Id.*

   Moreover, Ms. Mey seeks not only statutory damages but also injunctive relief for herself

and the proposed class. In contrast, the plaintiff in *Genesis* sought only statutory damages for

herself and the "collective" of similarly situated employees she proposed to represent. *Genesis*

suggests that the "evading review" exception to mootness may be more likely to apply to cases in

which the proposed class action seeks injunctive relief. *Genesis Healthcare Corp.*, 133 S. Ct. at

1531 ("Unlike claims for injunctive relief challenging ongoing conduct, a claim for damages

cannot evade review; it remains live until it is settled, judicially resolved, or barred by a statute

of limitations. Nor can a defendant's attempt to obtain settlement insulate such a claim from

review, for a full settlement offer addresses plaintiff's alleged harm by making the plaintiff

whole."). If a corporate defendant was allowed to forestall a class-wide injunction that would

require changes in nationwide company practices by "picking off" a named plaintiff with an

offer to cease its conduct only with respect to her, then not only the policies of Rule 23 but the

policies of the underlying statutes creating the legal rights at issue—here the TCPA—would go

unredressed. Because there would be little incentive for any particular individual to incur the

time and expense of going to court to seek an injunction against the annoyance of a few phone

calls, there would likewise be little incentive for defendants to change company-wide practices

that might violate those statutes. The practices at issue would thus "evade review" just as surely as if their duration were too short to last for the course of a litigation.

***

For these reasons, the Court DENIES Frontier's motion to dismiss.

IT IS SO ORDERED.

_____/s/_____<br>
Michael P. Shea, U.S.D.J.

Dated:        Hartford, Connecticut<br>
              December 9, 2014