## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF CONNECTICUT

DIANA MEY, individually and on behalf of a
class of all persons and entities similarly situated,

        Plaintiff,

vs.

FRONTIER COMMUNICATIONS
CORPORATION,

        Defendant

Case No. 13-cv-01191-JAM

## DEFENDANT FRONTIER COMMUNICATIONS CORPORATION'S
## ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

Defendant Frontier Communications Corporation ("Frontier") hereby answers and avers as follows in response to the Plaintiff's Class Action Complaint (the "Complaint"). Section headings from the Complaint are included below for ease of reference.

### PRELIMINARY STATEMENT

1.      Paragraph 1 of the Complaint does not contain any allegations of fact about Frontier that require a response. To the extent that a response is required, Frontier admits that Plaintiff has asserted claims against it under the Telephone Consumer Protection Act (the "TCPA"), but denies that it has violated the TCPA and denies that Plaintiff or any other person is entitled to any relief under the TCPA.

2.      Paragraph 2 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Frontier denies the allegations contained in Paragraph 2 of the Complaint.

3.      Paragraph 3 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is required, Frontier denies the allegations contained in Paragraph 3 of the Complaint.

4.      Frontier denies the allegations contained in Paragraph 4 of the Complaint. Answering further, Frontier specifically denies that Plaintiff's claims are appropriate for class treatment, denies the existence of the "proposed nationwide class of persons" that Plaintiff seeks to represent, and denies that Plaintiff or any other person "received illegal telemarketing calls from or on behalf of Frontier."

5.      Paragraph 5 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Frontier denies the allegations contained in Paragraph 5 of the Complaint.

## Parties

6.      Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint and therefore denies the same.

7.      Frontier admits the allegations contained in Paragraph 7 of the Complaint.

8.      Frontier admits the allegations contained in Paragraph 8 of the Complaint.

9.      Frontier admits the allegations contained in Paragraph 9 of the Complaint.

## Jurisdiction and Venue

10.     Frontier admits that the Court has federal question subject matter jurisdiction over the alleged TCPA claims set forth in this Complaint.

11.     Frontier admits that venue is proper because Frontier is a resident of this district.

## TCPA Background

12.     Paragraph 12 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response is required, the statutory provisions of the TCPA and

the Congressional statements related to the TCPA speak for themselves, and Frontier denies any allegation inconsistent therewith.

13.     Paragraph 13 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response is required, the statutory provisions of the TCPA and the Congressional statements related to the TCPA speak for themselves, and Frontier denies any allegation inconsistent therewith.

14.     Paragraph 14 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response is required, the statutory provisions of the TCPA, and the regulation promulgated pursuant to the TCPA, speak for themselves.  Frontier denies any allegation inconsistent therewith.

15.     Paragraph 15 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response is required, the statutory provisions of the TCPA, and the regulation promulgated pursuant to the TCPA, speak for themselves.  Frontier denies any allegation inconsistent therewith.

16.     Paragraph 16 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response is required, the statutory provisions of the TCPA speak for themselves, and Frontier denies any allegation inconsistent therewith.

17.     Paragraph 17 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response is required, the referenced regulatory provision speaks for itself, and Frontier denies any allegation inconsistent therewith.

18.     Paragraph 18 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response is required, the statutory provisions of the TCPA speak for themselves, and Frontier denies any allegation inconsistent therewith.

19.     Paragraph 19 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response is required, the statutory provisions of the TCPA, and the regulation promulgated pursuant to the TCPA, speak for themselves.  Frontier denies any allegation inconsistent therewith.

20.     Paragraph 20 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response is required, Frontier refers the court to *In re Joint Pet. Filed by Dish Network, LLC*, FCC 13-54 ¶ 37, 2013 WL 193449 (May 9, 2013) ("FCC Ruling"), which speaks for itself.  Frontier denies the allegations in Paragraph 20 of the Complaint to the extent that they are inconsistent with the referenced FCC Ruling.

21.     Paragraph 21 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response is required, Frontier refers the court to *In re Joint Pet. Filed by Dish Network, LLC*, FCC 13-54 ¶ 47, 2013 WL 193449 (May 9, 2013) ("FCC Ruling"), which speaks for itself.  Frontier denies the allegations in Paragraph 21 of the Complaint to the extent that they are inconsistent with the referenced FCC Ruling.

22.     Paragraph 22 of the Complaint and its subparts contain conclusions of law to which no response is required.  To the extent that a response is required, Frontier refers the court to *In re Joint Pet. Filed by Dish Network, LLC*, FCC 13-54 ¶ 46, 2013 WL 193449 (May 9, 2013) ("FCC Ruling"), which speaks for itself.  Frontier denies the allegations in Paragraph 22 of the Complaint and its subparts to the extent that they are inconsistent with the referenced FCC Ruling.

## Factual Allegations

23.     Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint and therefore denies the same.

24.     Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint and therefore denies the same.

25.     Frontier admits that the calling party stated that "This is Kimberly McGuiness calling on behalf of Frontier Communications."   Frontier lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 25 of the Complaint and therefore denies the same.

26.     Frontier denies the allegations contained in Paragraph 26 of the Complaint.

27.     Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint and therefore denies the same.

28.     Frontier lacks knowledge or information sufficient to forma belief as to the truth of the allegations contained in Paragraph 28 of the Complaint and therefore denies the same.

29.     Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint and therefore denies the same.

30.     Frontier admits that the calling party stated that "This is Kimberly McGuiness calling on behalf of Frontier Communications," but denies the remainder of the allegations contained in Paragraph 30 of the Complaint.

31.     Paragraph 31 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is required, Frontier denies the allegations set forth in Paragraph 31 of the Complaint.

32.     Frontier admits that Plaintiff is not presently a customer of Frontier, but denies the remainder of the allegations contained in Paragraph 32 of the Complaint.

33.     Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegation that "Plaintiff had listed [the numbers] on the national Do Not Call Registry,"

and denies that such numbers would be properly registered on the national Do Not Call Registry. Frontier therefore denies the allegations contained in Paragraph 33 of the Complaint.

34.    Frontier admits that third parties have used telemarketing in an attempt to sell Frontier's products and services.  Frontier denies the remainder of the allegations contained in Paragraph 34 of the Complaint.

35.    Frontier denies the allegations contained in Paragraph 35 of the Complaint.

36.    Frontier denies the allegations contained in Paragraph 36 of the Complaint.

37.    Frontier denies the allegations contained in Paragraph 37 of the Complaint.

38.    Frontier denies the allegations contained in Paragraph 38 of the Complaint.

39.    Frontier denies the allegations contained in Paragraph 39 of the Complaint.

40.    Frontier denies the allegations contained in Paragraph 40 of the Complaint.

41.    Frontier lacks knowledge or information sufficient to forma belief as to the truth of the allegations contained in Paragraph 41 of the Complaint and therefore denies the same.

**Class Action Allegations**

42.    The allegations contained in Paragraph 42 of the Complaint merely assert that Plaintiff purports to bring this action on behalf of a class, and a response to such allegation is not required.  To the extent that a response is required, Frontier denies that Plaintiff can or will be able to meet the requirements necessary for class treatment under Fed. R. Civ. P. 23, and maintains that Plaintiff's claims are not appropriate for class treatment.

43.    Frontier states that Paragraph 43 of the Complaint does not contain any allegations of fact and therefore no answer is required.  To the extent that the statements set forth in Paragraph 43 require a responsive pleading, Frontier denies all such statements.  Answering further, Frontier denies that Plaintiff can or will be able to meet the requirements necessary for

class treatment under Fed. R. Civ. P. 23, and maintains that Plaintiff's claims are not appropriate for class treatment.

44.     Frontier states that Paragraph 44 of the Complaint does not contain any allegations of fact and therefore no answer is required.  To the extent that the statements set forth in Paragraph 44 require a responsive pleading, Frontier denies all such statements.  Answering further, Frontier denies that Plaintiff can or will be able to meet the requirements necessary for class treatment under Fed. R. Civ. P. 23, and maintains that Plaintiff's claims are not appropriate for class treatment.

45.     Frontier denies the allegations contained in Paragraph 45 of the Complaint.

46.     Frontier denies the allegations contained in Paragraph 46 of the Complaint.

47.     Paragraph 47 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is required, Frontier denies the allegations set forth in Paragraph 47 of the Complaint.

48.     Paragraph 48 of the Complaint and its subparts contain legal conclusions to which no response is required.  To the extent that a response is required, Frontier denies the allegations contained in Paragraph 48 of the Complaint and its subparts.

49.     Paragraph 49 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is required, Frontier denies the allegations contained in Paragraph 49 of the Complaint.

50.     Paragraph 50 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is required, Frontier denies the allegations contained in Paragraph 50 of the Complaint.

51.     Paragraph 51 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is required, Frontier denies the allegations contained in Paragraph 51 of the Complaint.

52.     Paragraph 52 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is required, Frontier denies the allegations contained in Paragraph 52 of the Complaint.

53.     Frontier denies the allegations contained in Paragraph 53 of the Complaint.

54.     Paragraph 54 of the Complaint calls for legal conclusions to which no response is required.  To the extent that a response is required, Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of the Complaint and therefore denies the same.

## Legal Claims

### Count One

55.     Frontier incorporates its responses to the allegations asserted in all previous paragraphs as though fully set forth herein.

56.     Paragraph 56 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is required, Frontier denies the allegations contained in Paragraph 56 of the Complaint.

57.     Paragraph 57 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is required, Frontier denies the allegations contained in Paragraph 57 of the Complaint.

### Count Two

58.     Frontier incorporates its responses to the allegations asserted in all previous paragraphs as though fully set forth herein.

59.     Paragraph 59 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is required, Frontier denies the allegations contained in Paragraph 59 of the Complaint.

60.     Paragraph 60 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is required, Frontier denies the allegations contained in Paragraph 60 of the Complaint.

## Count Three

61.     Frontier incorporates its responses to the allegations asserted in all previous paragraphs as though fully set forth herein.

62.     The allegations contained in Paragraph 62 state legal conclusions to which no response is required.  To the extent that a response is required, Frontier denies that Plaintiff is entitled to any injunctive relief.

63.     In response to Paragraph 63 of the Complaint, Frontier states that Plaintiff is not entitled to any injunctive relief under the TCPA, and denies that Frontier committed any violation of the TCPA.

## <u>ANSWER TO PLAINTIFF'S RELIEF SOUGHT</u>

1.     Frontier denies that Plaintiff is entitled to any of the requested relief.  Frontier has made Ms. Mey a full offer of judgment pursuant to Rule 68 that provides Ms. Mey with full relief.  That offer remains open, and Frontier remains willing to submit to judgment pursuant to the terms of that offer.

2.     Frontier denies that Plaintiff is entitled to any of the requested relief.

3.     Frontier denies that Plaintiff is entitled to any of the requested relief.

4.     Frontier denies that Plaintiff is entitled to any of the requested relief. Frontier has made Ms. Mey a full offer of judgment pursuant to Rule 68 that provides Ms. Mey with full

relief.  That offer remains open, and Frontier remains willing to submit to judgment pursuant to the terms of that offer.

5.      Frontier denies that Plaintiff is entitled to any of the requested relief.  Frontier has made Ms. Mey a full offer of judgment pursuant to Rule 68 that provides Ms. Mey with full relief.  That offer remains open, and Frontier remains willing to submit to judgment pursuant to the terms of that offer.

## AFFIRMATIVE DEFENSES

By way of further response, Frontier alleges the following affirmative defenses.

### First Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, unclean hands, and waiver.

### Second Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### Third Affirmative Defense

Plaintiff's claims against Frontier are barred, in whole or in part, by the TCPA's "safe harbor" provision or other "safe harbor" defenses.

### Fourth Affirmative Defense

Frontier alleges that Plaintiff has expressly or impliedly consented to and approved all of the acts and omissions about which Plaintiff now complains.  Accordingly, Plaintiff is barred from pursuing claims alleged in the Complaint.

### Fifth Affirmative Defense

Plaintiff cannot hold Frontier liable for alleged violations of the TCPA for the alleged conduct of a third party.

**Sixth Affirmative Defense**

Plaintiff's claims are barred because Frontier asserts that Plaintiff maintained an established business relationship with the caller.

**Seventh Affirmative Defense**

Frontier alleges that by Plaintiff's conduct, representations, and omissions, upon which Frontier detrimentally relied, Plaintiff is equitably estopped from asserting any claim for relief against Frontier.

**Eighth Affirmative Defense**

Frontier alleges that Plaintiff is not entitled to any relief because Frontier's conduct did not proximately cause any damages, injury, or loss to Plaintiff.

**Ninth Affirmative Defense**

Granting Plaintiff's demand would result in unjust enrichment, as Plaintiff would receive more money than Plaintiff is entitled to receive.

**Tenth Affirmative Defense**

Frontier alleges that by conduct, representations, and omissions, Plaintiff has waived, relinquished, and/or abandoned any claim for relief against Frontier respecting the matters that are the subject of the Complaint.

**Eleventh Affirmative Defense**

Plaintiff's claims seeking damages under the TCPA are unconstitutional.  Plaintiff's claims against Frontier are barred because the calls about which it complains constitute commercial speech protected by the First Amendment to the United States Constitution and the imposition of liability on Frontier for such calls would violate its First Amendment rights.  The

damages Plaintiff seeks against Frontier violate the Due Process Clause of the United States Constitution.

### Twelfth Affirmative Defense

Plaintiff's claims for damages are barred because Frontier did not engage in willful and/or knowing misconduct.

### Thirteenth Affirmative Defense

Plaintiff's claims are barred to the extent that Plaintiff's phone number was used for business purposes.

### Fourteenth Affirmative Defense

Frontier states that it currently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available.  Frontier reserves the right to assert additional affirmative defenses in the event that discovery indicates it would be appropriate.

### <u>PRAYER FOR RELIEF</u>

WHEREFORE, Frontier prays for judgment as follows:

1. That Plaintiff takes nothing by reason of its Complaint;

2. That judgment be entered against Plaintiff and in favor of Frontier;

3. That Frontier recover all expenses, costs, and attorneys' fees in connection with this lawsuit; and

4. That the Court grant Frontier such other and further relief as it deems just and proper.

Dated:  December 16, 2014          THE DEFENDANT
FRONTIER COMMUNICATIONS
CORPORATION


By: _____/s/_____
      Stephen C. Robinson (CT # 413583)
      Skadden, Arps, Slate, Meagher & Flom LLP
      4 Times Square
      New York, NY 10036
      Phone: (212) 735-3000
      Fax: (212) 735-2000
      Email: stephen.robinson@skadden.com

      Michael Y. Scudder, Jr. (IL # 6257191)
      (admitted *pro hac vice*)
      Skadden, Arps, Slate, Meagher & Flom LLP
      155 North Wacker Drive
      Chicago, IL 60606
      Phone: (312) 407-0877
      Fax: (312) 827-9477
      Email: michael.scudder@skadden.com

      Lauri Mazzuchetti (NJ # 038481999)
      (admitted *pro hac vice*)
      Kelley Drye & Warren LLP
      200 Kimball Drive
      Parsippany, NJ 07054
      Phone: (973) 503-5910
      Fax: (973) 503-5950
      Email: lmazzuchetti@kelleydrye.com

      James E. Nealon (CT #08161)
      Kelley Drye & Warren LLP
      400 Atlantic Avenue
      Stamford, Connecticut 06901
      Phone: (203) 351-8013
      Fax: (203) 327-2669
      Email: jnealon@ikelleydrye.com

DIANA MEY, individually and on behalf of a
class of all persons and entities similarly situated,

             Plaintiff,

vs.

FRONTIER COMMUNICATIONS
CORPORATION,

             Defendant

Case No. 13-cv-01191-MPS

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 16, 2014, a copy of the foregoing Defendant's Answer was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by m ail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

By: _____/s/_____
     James E. Nealon (ct08161)
     Kelley Drye & Warren LLP
     400 Atlantic Street
     Stamford, Connecticut  06901
     Phone:  (203) 351-8013
     Fax:     (203) 327-2669
     jnealon@kelleydrye.com