# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

DIANA MEY, individually and on behalf of a class of all persons and entities similarly situated,

        Plaintiff,

    v.

FRONTIER COMMUNICATIONS CORPORATION,

        Defendant.

Case No. 3:13-cv-01191 (MPS)

## AMENDED STIPULATION AND AGREEMENT OF SETTLEMENT

It is hereby stipulated and agreed by and among the undersigned Parties (defined below), subject to the approval of the Court, that the settlement of this Action (defined below) shall be effectuated pursuant to the terms and conditions set forth in this Amended Stipulation and Agreement of Settlement (the "Agreement" or "Settlement Agreement").

## I.    RECITALS

**1.01**    On August 20, 2013, plaintiff Diana Mey ("Plaintiff") filed a putative class action complaint (the "Complaint") in the United States District Court for the District of Connecticut against Frontier Communications Corporation ("Frontier" or "Defendant") captioned *Diana Mey v. Frontier Communications Corporation*, Case No. 3:13-cv-01191 (MPS) (D. Conn.) (the "Action"). The Complaint alleged that Frontier violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA") by placing unsolicited telemarketing calls to Plaintiff and members of the putative class on (a) telephone numbers assigned to wireless subscribers using an automated telephone dialing system, and/or (b) telephone numbers on the National Do Not Call Registry ("NDNCR").

246045

**1.02** Frontier disputes Plaintiff's allegations in her Complaint and maintains that it complied with the TCPA and all applicable laws. Frontier also maintains that if this case were to be litigated, it would not be appropriate for class treatment. The Parties are entering into this Agreement to avoid the risk and expense of further litigation, to resolve all disputes that have arisen between them, and to settle any and all claims that do or may exist in the past, present or future.

**1.03** This Settlement Agreement is the result of good faith, arm's-length settlement negotiations that took place over many months. The Parties have exchanged information (including through formal and informal discovery, including multiple depositions); have participated in extensive mediations under the guidance of the Honorable Edward A. Infante (Ret.); and have had a full and fair opportunity to evaluate the strengths and weaknesses of their respective positions.

**1.04** The Parties understand, acknowledge, and agree that the execution of this Settlement Agreement constitutes the settlement and compromise of disputed claims. This Settlement Agreement is inadmissible as evidence against any of the Parties except to enforce the terms of the Settlement Agreement and is not an admission of wrongdoing or liability on the part of any Party to this Settlement Agreement. The Parties desire and intend to effect a full, complete and final settlement and resolution of all existing disputes and claims as set forth herein.

**1.05** The Parties hereby stipulate and agree that, in consideration of the agreements, promises, and covenants set forth in this Settlement Agreement, and subject to approval of the Court, the Action shall be fully and finally settled and the Action dismissed with prejudice under the following terms and conditions:

## II.   DEFINITIONS

As used in this Agreement and the related documents attached hereto as exhibits (A: Preliminary Approval Order; B: Direct Mail Notice; C) Long Form Notice; D: Final Approval Order) the terms set forth below shall have the meanings set forth below.  The singular includes the plural and vice versa.

**2.01**    "Action" means the civil action entitled *Diana Mey v. Frontier Communications Corporation*, Case No. 3:13-cv-01191 (MPS) (D. Conn.).

**2.02**    "Agreement" or "Settlement Agreement" means this Stipulation and Agreement of Settlement, including all attached and/or incorporated exhibits.

**2.03**    "Aggregate Fees, Costs, and Expenses" means the aggregate Attorneys' Fees and Costs, the Settlement Administration Costs and the Incentive Award.

**2.04**    "Attorneys' Fees and Costs" means all fees, costs and expenses to be awarded as per the Settlement of this Action pursuant to the Fee and Cost Application.

**2.05**    "Benefit Check" means the negotiable check(s) to be sent to the Settlement Class Members pursuant to Section IV herein.

**2.06**    "CAFA Notice" refers to the notice pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715(b) to be provided by the Settlement Administrator pursuant to Section VII herein.

**2.07**    "Call Record Database" means the database that Class Counsel and Frontier's Counsel provide to the Settlement Administrator, which includes, among other things, the names, addresses, and telephone numbers of Settlement Class Members.

**2.08**    "Cash Benefit" means a cash payment from the Settlement Fund to an eligible Settlement Class Member, as set forth in Section IV herein.

**2.09**    "Class Counsel" means and includes:

Edward A. Broderick
Anthony I. Paronich
Broderick & Paronich, P.C.
99 High Street, Suite 304
Boston, MA 02110

Matthew P. McCue
The Law Office of Matthew P. McCue
1 South Avenue, Third Floor
Natick, MA 01760

John W. Barrett
Bailey Glasser LLP
209 Capitol Street
Charleston, WV 25301

**2.10** "Class Notice" means any type of notice that has been or will be provided to the Settlement Class pursuant to this Agreement and any additional notice that might be ordered by the Court, including but not limited to the Direct Mail Notice and the Long Form Notice.

**2.11** "Class Period" means from August 20, 2009 through the Effective Date of the Settlement Agreement.

**2.12** "Class Representative" or "Plaintiff" means the named plaintiff Diana Mey.

**2.13** "Complaint" means the Complaint filed in this Action by Plaintiff and Class Counsel.

**2.14** "Court" means the United States District Court for the District of Connecticut, and U.S. District Judge Michael P. Shea, before whom the Action is pending.

**2.15** "Direct Mail Notice" or the "Short Form Notice" means the written notice that will be mailed to the Settlement Class Members by the Settlement Administrator and will be substantially in the form of Exhibit B attached hereto.

**2.16** "Effective Date" means the first date by which all of the following events shall have occurred: (a) the Court has entered the Preliminary Approval Order substantially in the form of Exhibit A attached hereto; (b) the Court has entered the Final Approval Order and

Judgment substantially in the form of Exhibit D attached hereto; and (c) the Final Approval Order and Judgment has become Final.

**2.17** "Fee and Cost Application" means that written motion or application by which Plaintiff and/or Class Counsel requests that the Court award Attorneys' Fees and Costs and the Incentive Award.

**2.18** "Final" means that the Final Approval Order and Judgment has been entered on the docket in the Action and (a) the time to appeal from such order and judgment has expired and no appeal has been filed, or (b) if an appeal from such order and judgment has been filed, it has finally been resolved and has resulted in an affirmance of the Final Approval Order and Judgment, or (c) the Court, following the resolution of any appeal from the Final Approval Order and Judgment, enters a further order or orders approving the Settlement on the terms set forth herein, and either no further appeal is taken from such order(s) or any such appeal results in the affirmation of such orders. Neither the pendency of the Fee and Cost Application, nor any appeal pertaining solely to a decision on the Fee and Cost Application, shall in any way delay or preclude the Final Approval Order and Judgment from becoming Final.

**2.19** "Final Approval Hearing" means the hearing scheduled to take place after the date of entry of the Preliminary Approval Order, no sooner than 100 calendar days after the filing of Plaintiff's Motion for Preliminary Approval to comply with CAFA, at which the Court shall: (a) determine whether to grant final approval to this Settlement Agreement and to finally certify the Settlement Class; (b) consider any timely objections to this Settlement and all responses thereto; (c) rule on the Fee and Cost Application; and (d) dismiss the Action with prejudice.

**2.20** "Final Approval Order and Judgment" means the order, substantially in the form of Exhibit D attached hereto, in which the Court grants final approval of this Settlement

Agreement, finally certifies the Settlement Class, and authorizes the entry of a final judgment and dismissal of the Action with prejudice. The form of the Final Approval Order and Judgment is a material term of this Settlement Agreement.

**2.21** "Frontier's Counsel" or "Defendant's Counsel" means Kelley Drye & Warren LLP and Mayer Brown LLP.

**2.22** "Frontier" or "Defendant" refers to defendant Frontier Communications Corporation.

**2.23** "Incentive Award" means the incentive payment to the Class Representative, in accordance with Section V of this Settlement Agreement.

**2.24** "Litigation" means the legal proceedings in the Action.

**2.25** "Long Form Notice" means the notice that shall be made available on the Settlement Website, in the form attached hereto as Exhibit C.

**2.26** "NDNCR" means the National Do Not Call Registry.

**2.27** "Objection Deadline" means sixty (60) calendar days following Preliminary Approval.

**2.28** "Opt-Out Deadline" means sixty (60) calendar days following Preliminary Approval.

**2.29** "Parties" shall refer to Plaintiff, the Settlement Class and Frontier.

**2.30** "Person" means any natural person, firm, corporation, unincorporated association, partnership, or other form of legal entity or government body, including its agents and representatives.

**2.31** "Preliminary Approval Order" means the Order, substantially in the form of Exhibit A attached hereto, in which the Court grants its preliminary approval to this Settlement

Agreement and preliminarily certifies the Settlement Class, authorizes dissemination of Class Notice to the Settlement Class, and appoints the Settlement Administrator. The form of the Preliminary Approval Order and Judgment is a material term of this Settlement Agreement.

**2.32** "Release" means the releases set forth in Section XII of this Settlement Agreement.

**2.33** "Released Claims" means the claims released in Section XII of this Settlement Agreement.

**2.34** "Released Parties" means: (a) Frontier; (b) Frontier's counsel; (c) Frontier's past, present, and future direct and indirect owners, parents, subsidiaries, and other corporate affiliates; (d) Frontier's successors and predecessors and their past, present, and future direct and indirect owners, parents, subsidiaries, and other corporate affiliates; (e) all entities with which Frontier contracted with or engaged to place telemarketing calls (including but not limited to Virido LLC), or from which to obtain lead information including telephone numbers; (f) Frontier's insurance carriers and their counsel; and (g) for each of the foregoing Persons, each of their past, present, or future officers, directors, shareholders, owners, employees, representatives, agents, principals, partners, members, administrators, legatees, executors, heirs, estates, predecessors, successors, or assigns.

**2.35** "Request for Exclusion" means the written submission submitted by a Settlement Class Member to opt out of the Settlement consistent with the terms of this Settlement Agreement.

**2.36** "Share" or "Shares" shall have the meanings set forth in Section 4.02 of this Agreement.

**2.37** "Settlement" or "Settlement Agreement" means the Settlement set forth in this Agreement between Plaintiff and Frontier and each and every exhibit attached hereto.

**2.38** "Settlement Administration Costs" means any and all fees and costs incurred in administering the Settlement, to be paid exclusively from the Settlement Fund, including but not limited to, the fees and costs of disseminating all Class Notice, publishing Class Notice, administering and maintaining the Settlement Website, and providing Benefit Checks to Settlement Class Members, but specifically excluding the payment of all Cash Benefits, payment of the Incentive Award, and payment of the any amounts awarded pursuant to the Fee and Cost Application.

**2.39** "Settlement Administrator" means Kurtzman Carson Consultants ("KCC").

**2.40** "Settlement Class" means and includes all persons within the United States to whom Frontier, or any party acting on Frontier's behalf, during the Class Period, (a) initiated more than one telemarketing call within a twelve-month period to any number registered on the NDNCR; and/or (b) initiated one or more telemarketing calls assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call. The following are excluded from the Settlement Class: (1) any trial judge that may preside over this case; (2) Defendant, as well as any parent, subsidiary, affiliate or control person of Defendant, and the officers, directors, agents, servants or employees of Defendant; (3) any of the Released Parties; (4) the immediate family of any such person(s); (5) any Settlement Class Member who has timely submitted a Request for Exclusion by the Opt-Out Deadline; (6) any person or entity who has previously given a valid release of the claims asserted in the Action; and (7) Plaintiff's Counsel and their employees.

**2.41** "Settlement Class Members" means the Plaintiff and those persons who are members of the Settlement Class, as set forth in the Settlement Class as defined above, and who do not submit a timely and valid Request for Exclusion from the Settlement Class.

**2.42** "Settlement Fund" means the common fund of eleven million dollars ($11,000,000), which will be the total aggregate amount that Frontier will be obligated to pay by operation of the Settlement, if approved. This Settlement Fund will constitute Frontier's exclusive payment obligation under the Settlement Agreement and will be used to pay: (a) Cash Benefits paid to Settlement Class Members; (b) Attorneys' Fees and Costs, as awarded by the Court; (c) any Incentive Award awarded to Diana Mey; (d) Settlement Administration Costs, including costs of Class Notice (including CAFA Notice); and (e) any *cy pres* payment to one or more charitable organizations pursuant to the procedures described in Section IV of this Settlement Agreement. No portion of the Settlement Fund will be returned to Frontier, unless the Settlement is terminated in accordance with the terms of this Settlement Agreement.

**2.43** "Settlement Website" means the Internet website to be operated and maintained by the Settlement Administrator as described in Section VI of this Settlement Agreement.

**2.44** "TCPA" means the Telephone Consumer Protection Act, 47 U.S.C. § 227, and any regulations or rulings promulgated under it.

**2.45** "Total Class Member Benefits Payout" shall have the meaning set forth in Section 4.02 of this Agreement.

**2.46** When a deadline or date falls on a weekend or a legal Court holiday, the deadline or date shall be extended to the next business day that is not a weekend or legal Court holiday.

246045
NJ01\HerbL\250421.1

# III. ALL PARTIES AGREE THAT THEY RECOMMEND APPROVAL OF THE SETTLEMENT

**3.01** <u>Frontier's Position On The Conditional Certification Of Settlement Class</u>. Frontier disputes that a class would be manageable and further denies that a litigation class properly could be certified on the claims asserted in this Litigation. Solely for purposes of avoiding the expense and inconvenience of further litigation, however, Frontier does not oppose the certification of the Settlement Class for the purposes of this Settlement only. Preliminary certification of the Settlement Class will not be deemed a concession that certification of a litigation class is appropriate, nor would Frontier be precluded from challenging class certification in further proceedings in this Litigation or in any other action if the Settlement Agreement is not finalized or finally approved. If the Settlement Agreement is not finally approved by the Court for any reason whatsoever, the certification of the Settlement Class will be void, and no doctrine of waiver, estoppel, or preclusion will be asserted in any litigated certification proceedings in this Litigation or any other judicial proceeding. No agreements made by or entered into by Frontier in connection with the Settlement Agreement may be used by Plaintiff, any Settlement Class Member, or any other person to establish any of the elements of class certification in any litigated certification proceedings, whether in this Litigation or any other judicial proceeding.

**3.02** <u>Plaintiff's Belief In The Merits Of Case</u>. Plaintiff believes that the claims asserted in this Litigation have merit and that the evidence developed to date supports those claims. This Settlement will in no event be construed or deemed to be evidence of or an admission or concession on the part of Plaintiff that there is any infirmity in the claims asserted by Plaintiff, or that there is any merit whatsoever to any of the contentions and defenses that Frontier has asserted.

**3.03**  <u>Plaintiff Recognizes The Benefits Of Settlement</u>.  Plaintiff recognizes and acknowledges, however, the expense and amount of time which would be required to continue to pursue this Litigation against Frontier, as well as the uncertainty, risk, and difficulties of proof inherent in prosecuting such claims on behalf of the Settlement Class.  Plaintiff has concluded that it is desirable that this Litigation and any Released Claims be fully and finally settled and released as set forth in this Settlement.  Plaintiff and Class Counsel believe that the Settlement set forth in this Agreement confers substantial benefits upon the Settlement Class and that it is in the best interests of the Settlement Class to settle as described herein.

## IV.  SETTLEMENT FUND AND SETTLEMENT CLASS RELIEF

In consideration of a full, complete, and final settlement of the Action, dismissal of the Action with prejudice, and the Release in Section XII below, and subject to the Court's approval, the Parties agree to the following relief:

**4.01**  <u>Settlement Fund</u>.  Frontier will become obligated to deposit a total of $11,000,000 into the Settlement Fund when this Settlement becomes Final, which Settlement Fund will be maintained by the Settlement Administrator for the benefit of the Settlement Class and Class Counsel.  All of the monies deposited by Frontier into the Settlement Fund will be placed in an interest bearing escrow account established and maintained by the Settlement Administrator. The interest generated, if any, will accrue to the benefit of the Settlement Class and is to be added into the Settlement Fund.  Frontier shall make deposits into the Settlement Fund in accordance with the following schedule:

a.  Within ten (10) calendar days of the entry of the Preliminary Approval Order, Frontier will disburse to the Settlement Administrator two hundred fifty thousand dollars ($250,000) of the Settlement Fund to be used by the Settlement Administrator for preliminary

Settlement Administration Costs, including the costs to complete the Class Notice, establish and maintain the Settlement Website, establish and maintain a toll-free number for questions by class members, as well as any other initial administration costs to the Parties.  To the extent that additional Settlement Administration Costs are incurred after this initial payment, but before the Effective Date, the Settlement Administrator will bill, and Frontier shall pay, such additional costs.  For any additional costs of Settlement Administration that are paid by Frontier, Frontier shall receive a credit against the amounts required to be paid into the Settlement Fund.

b.      All Settlement Administration Costs will be drawn from the Settlement Fund by the Settlement Administrator, subject to the written approval of Frontier (via its counsel) and Class Counsel.

c.      Frontier will disburse to the Settlement Administrator the remainder of the Settlement Fund within ten (10) calendar days following the Effective Date.

**4.02**    <u>Payments From The Settlement Fund</u>.

a.      The total amount distributed to the Settlement Class (the "Total Class Member Benefits Payout") shall be the Settlement Fund and any earnings thereon, less the amount awarded by the Court for Attorney's Fees and Costs to Class Counsel, the Incentive Award, and the Settlement Administration Costs.  The Total Class Member Benefits Payout shall be distributed to the Settlement Class as follows: each Settlement Class Member will receive a base payment of $90 (the "Base Payment"), and then an additional amount *pro rata* based on the number of telemarketing calls that were initiated to the Settlement Class, in accordance with the Call Record Database.  Multiple subscribers or users of any unique telephone number will be entitled to a single recovery per call.  For the payments made from the balance of the Total Class Member Benefits Payout remaining after deduction for the Base Payment of $90 per each

Settlement Class Member, a Settlement Class Member shall be awarded one share (the "Share," or in the aggregate, "Shares") for each call initiated to his, her or its telephone number according to the Call Record Database. Each Share shall entitle a Settlement Class Member to be paid, by a Benefits Check, a Cash Benefit that shall be equal to the net of Total Class Member Benefits Payout remaining after totaling the Base Payments for the Settlement Class divided by the total number of Shares awarded to all Settlement Class Members.

b. Certain Settlement Class Members will be asked to voluntarily provide either a Taxpayer Identification or a Social Security Number if they are receiving $600 or more in a Cash Benefit due to Internal Revenue Service reporting requirements. The Settlement Administrator will issue a written notice to the Settlement Class Members who will receive a payment of $600 or more as a Cash Benefit, once the allocation of Cash Benefits is determined following Final Approval. If no Taxpayer Identification or Social Security Number is timely provided, payment of the Cash Benefit will be subject to withholding as required by Internal Revenue Service regulations.

c. If any Benefit Checks are returned, the Settlement Administrator will attempt to obtain a new mailing address for that Settlement Class Member. If, after a second mailing, the Benefit Check is again returned, no further efforts need be taken by the Settlement Administrator to resend the Benefit Check.

d. The Benefit Checks shall state that they are invalid after 180 calendar days from the date of the check. If any Settlement Class Member fails to negotiate a Benefit Check within that that period of time, that Settlement Class Member shall forever waive and release his, her or its claim for payment under this Agreement.

e. If any amounts remain in the Settlement Fund because Settlement Class Members fail to negotiate their respective Benefit Checks, such unclaimed monies shall be distributed as follows: (a) to the Settlement Class Members who cashed their initial Benefits Checks, to the extent such a distribution is administratively and economically feasible, and if not so feasible; (b) to the *cy pres* designated recipient as appointed by the Court.

f. Any distribution of the Settlement Fund to the Settlement Class or any other person, other than the Settlement Administrator pursuant to the terms hereof, shall commence only after the Effective Date. The Aggregate Fees, Costs, and Expenses shall be paid from the Settlement Fund prior to any distribution of Cash Benefits to the Settlement Class. The remainder of the Settlement Fund shall be used to pay Cash Benefits in accordance with the rules set forth herein.

g. No portion of the Settlement Fund will be returned to Frontier, except as provided in Section XIII, Termination of the Agreement.

h. If this Settlement Agreement is not approved or for any reason the Effective Date does not occur, no payments or distributions of any kind shall be made, other than payments to the Settlement Administrator for services rendered and costs incurred.

## V. ATTORNEYS' FEES, COSTS AND PAYMENT TO CLASS REPRESENTATIVE

**5.01** <u>Attorneys' Fees And Costs</u>. Class Counsel will file a Fee and Cost Application with the Court for an award of Attorneys' Fees and Costs to be paid from the Settlement Fund. Class Counsel will be entitled to payment of the Attorneys' Fees and Costs awarded by the Court out of the Settlement Fund within twelve (12) calendar days of the Effective Date. The Parties have not reached any agreements concerning the award of Attorneys' Fees and Costs.

246045

NJ01\HerbL\250421.1

**5.02** Payment Of The Incentive Award To Class Representative. The Class Representative will ask the Court to award her an Incentive Award of $20,000 for the time and effort she has invested in the Action. Within twelve (12) calendar days after the Effective Date, and after receiving W-9 forms from the Class Representative, the Settlement Administrator disburse such funds to the Class Representative as awarded by the Court.

**5.03** Settlement Independent Of Award Of Fees, Costs And Incentive Award. The payments of Attorneys' Fees and Costs and the Incentive Award set forth in Sections 5.01 and 5.02 are subject to and dependent upon the Court's approval as fair, reasonable, adequate, and in the best interests of Settlement Class Members. This Settlement, however, is not dependent or conditioned upon the Court's approving Plaintiff's and/or Class Counsel's requests for such payments or awarding the particular amounts sought by Plaintiff and/or Class Counsel. In the event the Court declines Plaintiff's and/or Class Counsel's requests or awards less than the amounts sought, this Settlement will continue to be effective and enforceable by the Parties.

## VI. SETTLEMENT ADMINISTRATION AND COSTS

**6.01** Costs Of Notice. All costs of providing the Class Notice as provided herein, including the costs of identifying members of the Settlement Class and the costs of printing, web hosting and/or publishing the Class Notice, shall be paid for out of the Settlement Fund, subject to the terms of this Settlement Agreement. In the event that this Settlement Agreement is terminated in accordance with its terms, Frontier shall bear any costs of providing Class Notice already incurred.

**6.02** Costs Of Administering Settlement. All Settlement Administration Costs shall be paid for out of the Settlement Fund. In the event that this Settlement Agreement is terminated in

accordance with its terms, Frontier shall bear any Settlement Administration Costs already incurred.

**6.03** <u>Settlement Administrator</u>. The Settlement Administrator will be responsible for all matters relating to the administration of this Settlement, as set forth below. Those responsibilities include, but are not limited to:

a. completing Class Notice, as provided in Section VII of this Settlement Agreement;

b. obtaining complete address information for Settlement Class Members (where possible) and new addresses for returned mail;

c. creating and maintaining a Settlement Website, from which Settlement Class Members can access copies of the Complaint, this Settlement Agreement, the Short Form Notice, the Long Form Notice, the Preliminary Approval Order and other important documents and information about the Settlement;

d. acting as a liaison between Settlement Class Members and the Parties;

e. handling the process of mailing Benefit Checks,

f. preparing and providing a declaration to Frontier's and Class Counsel, no later than seven (7) calendar days prior to the Final Approval Hearing, that will: (i) attest the compliance with the provisions of this Settlement Agreement related to Class Notice; (ii) listing each Settlement Class Member who timely and validly opted out of the Settlement; and

g. performing any other tasks reasonably required to effectuate the Settlement.

# VII. CLASS NOTICE

**7.01**     In the event that the Court enters the Preliminary Approval Order, the Settlement Administrator will provide Class Notice to the Settlement Class, as provided herein.

**7.02**     Direct Mail Notice.

a.     For the purposes of providing Class Notice and administering the Settlement, the Parties shall provide to the Settlement Administrator the Call Record Database, which includes a list of 36,219 unique telephone numbers associated with the Settlement Class. The Settlement Administrator shall perform investigations deemed appropriate by the Settlement Administrator in an attempt to identify complete and current address information of each Settlement Class Member. The Direct Mail Notice, as set forth below, will be provided to all persons for whom addresses can be identified in the Settlement Class within thirty (30) calendar days following entry of the Preliminary Approval Order.

b.     The Settlement Administrator will send the Direct Mail Notice by first class mail to all Settlement Class Members whose addresses are listed in the Call Record Database, or were capable of being identified by the Settlement Administrator. The Settlement Administrator will promptly re-mail any Direct Mail Notices that are returned as non-deliverable with a forwarding address to such forwarding address. For all returned mail, the Settlement Administrator will perform data searches and other reasonable steps to attempt to obtain better contact information on the Settlement Class Member, and shall re-mail such Notices at least one additional time. All costs of research, address determination and confirmation, data searches, and re-mailing of returned Class Notices will be considered Settlement Administration Costs and deducted from the Settlement Fund.

**7.03**   Settlement Website.  After entry of the Preliminary Approval Order and prior to the date of the mailing of the Direct Mail Notice, the Settlement Administrator shall cause the Complaint, Long Form Notice and this Settlement Agreement to be made available on a dedicated Settlement Website to be administered by the Settlement Administrator.

**7.04**   CAFA Notice.  Class Counsel, through the Settlement Administrator, will be responsible for serving the required CAFA Notice within ten (10) calendar days after the filing of the Preliminary Approval Motion.  Class Counsel shall ensure that the Settlement Administrator has contracted in writing to retain such documents and records in accordance with this paragraph.

**7.05**   The Settlement Administrator shall have discretion to make minor revisions to the format of the Class Notice in a reasonable manner to reduce mailing or administrative costs. Before Class Notice is commenced, Class Counsel and Frontier's Counsel shall first be provided with a proof copy of any and all Class Notices (including what the items will look like in their final form), and shall have the right to inspect the same for compliance with the Settlement Agreement and with the Court's orders.

**7.06**   Declarations Of Compliance.   The Settlement Administrator shall prepare a declaration attesting to compliance with the Class Notice requirements of this Settlement Agreement.  Such declaration shall be provided to Class Counsel and Frontier's Counsel and filed with the Court no later than seven (7) calendar days prior to the Final Approval Hearing.

**7.07**   Best Notice Practicable.  The Parties agree that compliance with the procedures described in this Section is the best notice practicable under the circumstances and shall constitute due and sufficient notice to the Settlement Class of the pendency of the Action, certification of the Settlement Class, the terms of the Settlement Agreement, and the Final

Approval Hearing, and shall satisfy the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law, rule and/or regulation.

## VIII. **PRELIMINARY APPROVAL**

**8.01** <u>Order Of Preliminary Approval</u>. As soon as practicable after the execution of this Settlement Agreement, Class Counsel shall apply, and Frontier shall file a notice joining Class Counsel's application, for entry of the Preliminary Approval Order in the form of Exhibit A hereto. The proposed Preliminary Approval Order shall include provisions:

    a.    preliminarily certifying the Settlement Class for settlement purposes only;

    b.    preliminarily approving this Settlement and finding this Settlement sufficiently fair, reasonable and adequate to allow Class Notice to be disseminated to the Settlement Class;

    c.    approving the form, content, and manner of the Class Notice;

    d.    appointing KCC as the Settlement Administrator;

    e.    setting a schedule for proceedings with respect to final approval of this Settlement, including scheduling a Final Approval Hearing for no earlier than 110 calendar days from the date of Preliminary Approval Order;

    f.    providing that, pending entry of a Final Approval Order and Judgment, the Parties shall cooperate in seeking orders that no Settlement Class Member (either directly, in a representative capacity, or in any other capacity) shall commence or continue any action against Frontier or other Released Parties asserting any of the Released Claims;

    g.    staying the Action, other than such proceedings as are related to this Settlement; and

    h.    providing that no admissions have been made by Frontier.

# IX. OPT-OUTS AND OBJECTIONS

**9.01** <u>Opting Out Of The Settlement</u>. A Settlement Class Member wishing to make a Request for Exclusion from the Settlement Class shall mail the request in written form, by first class mail, postage prepaid, and postmarked to the address of the Settlement Administrator as specified in the Class Notice. Such Request for Exclusion shall clearly indicate the name, address, and telephone number of the person or entity seeking exclusion, the name and case number of the case; must be signed by such person; and shall state that the Settlement Class Member excludes him or herself from the Settlement. The Request for Exclusion shall not be effective unless it provides the required information and is postmarked no later than the Opt-Out Deadline, or the exclusion is otherwise accepted by the Court. No Settlement Class Member, or any person acting on behalf of or in concert or in participation with that Settlement Class Member, may request exclusion of any other Settlement Class Member from the Settlement Class. Copies of Requests for Exclusion will be provided by the Settlement Administrator to Class Counsel and to Frontier's Counsel not later than seven calendar days after the Opt-Out Deadline. The Requests for Exclusion shall be filed with the Court by the Settlement Administrator in connection with the Plaintiff's Unopposed Motion for Final Approval of the Class Action Settlement.

**9.02** <u>Deadline</u>. The Settlement Administrator will provide the Parties with copies of each Request for Exclusion it receives, and will provide a list of each Settlement Class Member who timely and validly opted out of the Settlement in its declaration filed with the Court, as required by Section VI. Settlement Class Members who do not properly and timely submit a Request for Exclusion will be bound by this Settlement Agreement and the Final Approval Order and Judgment, including the Release in Section XII below. Any member of the Settlement Class

who submits a valid and timely Request for Exclusion will not be a Settlement Class Member and will not be bound by the terms of this Settlement Agreement.

**9.03** <u>Objections</u>. Any Settlement Class Member who intends to object to the fairness of this Settlement must file a written objection with the Court by the Objection Deadline.

      a. In the written objection, the Settlement Class Member must state his, her or its full name, address, and telephone number, and must state the reasons for his, her or its objection, and whether he, she or it intends to appear at the Fairness Hearing on his, her or its own behalf or through counsel. Any documents supporting the objection must also be attached to the objection.

      b. The Parties will have the right to depose or seek discovery from any objector to assess whether the objector has standing.

**9.04** <u>Fairness Hearing</u>. Any Settlement Class Member who has timely filed an objection may appear at the Fairness Hearing, either in person or through an attorney hired at the Settlement Class Member's own expense, to object to the fairness, reasonableness, or adequacy of this Settlement Agreement or the Settlement.

## X.    FINAL APPROVAL ORDER AND JUDGMENT

**10.01** No later than seven (7) calendar days prior to the Final Approval Hearing, the Settlement Administrator will file with the Court and serve on counsel for all Parties a declaration stating that the Class Notice required by the Agreement has been completed in accordance with the terms of the Preliminary Approval Order.

**10.02** If the Court issues the Preliminary Approval Order, and all other conditions precedent to the Settlement have been satisfied, no later than seven (7) calendar days prior to Final Approval Hearing:

a.	All Parties will request, individually or collectively, that the Court enter the Final Approval Order in substantially the form attached as Exhibit D, with Class Counsel filing a memorandum of points and authorities in support of the motion; and

b.	Class Counsel and/or Frontier may file a memorandum addressing any Objections submitted to the Settlement.

**10.03**	At the Final Approval Hearing, the Court will consider and determine whether the provisions of this Agreement should be approved, whether the Settlement should be finally approved as fair, reasonable, and adequate, whether any objections to the Settlement should be overruled, whether the Attorneys' Fees and Costs requested by Class Counsel and Incentive Award to the Class Representative should be approved, and whether a Judgment finally approving the Settlement should be entered.

**10.04**	This Agreement is subject to and conditioned upon the issuance by the Court of a Final Approval Order that grants final approval of this Agreement and enters a final Judgment and:

a.	finds that the Class Notice provided satisfies the requirements of due process and Federal Rules of Civil Procedure Rule 23(e)(1);

b.	finds that Settlement Class Members have been adequately represented by the Class Representative and Class Counsel;

c.	finds that the Settlement Agreement is fair, reasonable, and adequate with respect to the Settlement Class, that each Settlement Class Member will be bound by this Agreement, including the Release and the covenant not to sue set forth in Section XII, and that this Settlement Agreement should be and is approved;

d.       dismisses on the merits and with prejudice all claims of the Settlement Class Members asserted in the Action;

e.       permanently enjoins each and every Settlement Class Member from bringing, joining, or continuing to prosecute any Released Claims against Frontier or any of the Released Parties; and

f.       retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of this Settlement Agreement.

## XI.    **FINAL JUDGMENT**

**11.01** The judgment entered at the Final Approval Hearing will be deemed Final for purposes of this Settlement Agreement after the latest of the following: (i) if no individual, or counsel on their behalf, has filed an appearance that would give them potential standing to appeal the Final Approval Order and Judgment, then on the date the Settlement is finally approved by this Court; (ii) if an individual, or on an attorney has filed an appearance, and no notice of appeal of the Final Approval Order and Judgment is filed, the expiration date of the time for filing any appeal from the Final Approval Order and Judgment, including any extension of such expiration date granted by order of any court of competent jurisdiction, by operation of law, or otherwise; (iii) the date of final affirmance on an appeal of the Final Approval Order and Judgment, the expiration of the time for a petition for rehearing and a petition for *certiorari* of the Final Approval Order and Judgment, or, if such a petition is filed, either the denial of that petition or, if the petition is granted, the date of final affirmance of the Final Approval Order and Judgment following review pursuant to that grant; or (iv) the date of final dismissal of any appeal of the Final Approval Order and Judgment or the final dismissal of any proceeding to review the Final Approval Order and Judgment.

## XII.  RELEASE OF CLAIMS

**12.01**  Released Claims.  Plaintiff and each Settlement Class Member, as well as their respective assigns, heirs, executors, administrators, successors, and agents, hereby release, resolve, relinquish, and discharge each and all of the Released Parties from each of the Released Claims (as defined below).  Plaintiff and the Settlement Class Members further agree that they will not institute any action or cause of action (in law, in equity or administratively), suits, debts, liens, or claims, known or unknown, fixed or contingent, which they may have or claim to have, in state or federal court, in arbitration, or with any state, federal or local government agency or with any administrative or advisory body, arising from or reasonably related to the Released Claims.  The Release does not apply to members of the Settlement Class who opt out of the Settlement by submitting a valid and timely Request for Exclusion.  "Released Claims" means any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, tribal law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law, or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, as of the date of the Final Approval Order, that arise out of or relate in any way to Frontier initiating telephone calls to Settlement Class Members during the Class Period.  Released Claims include all TCPA claims and all state law claims arising out of the alleged making of telephone calls.  Without limiting the foregoing, the Released Claims specifically extend to claims that Plaintiff and Settlement Class Members do

not know or suspect to exist in their favor at the time that the Settlement and the releases contained therein become effective.

**12.02** <u>Waiver Of Unknown Claims</u>. Without limiting the foregoing, the Released Claims specifically extend to claims that Plaintiff and Settlement Class Members do not know or suspect to exist in their favor at the time that the Settlement and the releases contained therein become effective. This Section constitutes a waiver, without limitation as to any other applicable law, of Section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

**12.03** Plaintiff and the Settlement Class Members understand and acknowledge the significance of these waivers of California Civil Code Section 1542 and similar federal and state statutes, case law, rules, or regulations relating to limitations on releases. In connection with such waivers and relinquishment, Plaintiff and the Settlement Class Members acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts that they now know or believe to be true with respect to the subject matter of the Settlement, but that it is their intention to release fully, finally, and forever all Released Claims with respect to the Released Parties, and in furtherance of such intention, the releases of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

**12.04** <u>Covenant Not To Sue</u>. Plaintiff agrees and covenants, and each Settlement Class Member will be deemed to have agreed and covenanted, not to sue any Released Party with

respect to any of the Released Claims, or otherwise to assist others in doing so, and agree to be forever barred from doing so, in any court of law or equity, or any other forum.

## XIII.  TERMINATION OF AGREEMENT

**13.01**  <u>Either Plaintiff Or Defendant May Terminate The Agreement</u>.  Plaintiff and Frontier will each have the right to unilaterally terminate this Agreement by providing written notice of his, her, their, or its election to do so ("Termination Notice") to all other Parties hereto within ten (12) calendar days of any of the following occurrences:

a.    the Court rejects, materially modifies, materially amends or changes, or declines to issue a Preliminary Approval Order or a Final Approval Order and Judgment with respect to the Settlement Agreement;

b.    an appellate court reverses the Final Approval Order and Judgment, and the Settlement Agreement is not reinstated without material change by the Court on remand;

c.    any court incorporates into, or deletes or strikes from, or modifies, amends, or changes, the Preliminary Approval Order, the Final Approval Order and Judgment, or the Settlement Agreement in a way that Plaintiff or Defendant reasonably consider material, unless such modification or amendment is accepted in writing by all Parties, except that, as provided above, the Court approval of Attorneys' Fees and Costs or the Incentive Award, or their amount, is not a condition of the Settlement;

d.    the Effective Date does not occur;

e.    more than five percent (5%) of the Class opts out; or

f.    any other ground for termination provided for elsewhere in this Agreement occurs.

**13.02   Revert To Status Quo If Plaintiff Or Defendant Terminates**.  If either Plaintiff or Frontier terminates this Agreement as provided in Section 13.01, the Agreement will be of no force and effect and the Parties' rights and defenses will be restored, without prejudice, to their respective positions as if this Agreement had never been executed, and any orders entered by the Court in connection with this Agreement will be vacated.  However, any payments made to the Settlement Administrator for services rendered to the date of termination will not be refunded to Frontier.

**13.03**   If the Settlement Agreement is not approved in full by the Court, any Party has the option to terminate the Settlement Agreement and revert to the status quo ante prior to the Settlement.

## XIV.   NO ADMISSION OF LIABILITY

**14.01**   Frontier denies any liability or wrongdoing of any kind associated with the alleged claims in the Complaint.  Frontier has denied and continues to deny each and every material factual allegation and all claims asserted against it in the Action.  Nothing in this Settlement Agreement will constitute an admission of wrongdoing or liability, or of the truth of any allegations in the Action.  Nothing in this Settlement Agreement will constitute an admission by Frontier that the Action is properly brought on a class or representative basis, or that classes may be certified, other than for settlement purposes.  To this end, the Settlement of the Action, the negotiation and execution of this Agreement, and all acts performed or documents executed pursuant to or in furtherance of the Settlement: (i) are not and will not be deemed to be, and may not be used as, an admission or evidence of any wrongdoing or liability on the part of Frontier or of the truth of any of the allegations in the Action; (ii) are not and will not be deemed to be, and may not be used as an admission or evidence of any fault or omission on the part of Frontier in

any civil, criminal, or administrative proceeding in any court, arbitration forum, administrative agency, or other tribunal; and (iii) are not and will not be deemed to be and may not be used as an admission of the appropriateness of these or similar claims for class certification.

14.02   Pursuant to Federal Rule of Evidence Rule 408 and any similar provisions under the laws of any state, neither this Agreement nor any related documents filed or created in connection with this Agreement will be admissible in evidence in any proceeding, except as necessary to approve, interpret, or enforce this Agreement.

14.03   The Parties agree that all information obtained from or provided by Frontier in connection with this Settlement Agreement and its negotiation shall be kept confidential and that such information shall be used on only for the purposes allowed by this Settlement Agreement and for no other purpose.

14.04   If any Party or attorney is contacted by a member of the press or other person seeking a public comment on the Settlement, the Party or attorney may provide the inquiring party with only the details of the Settlement as published pursuant to the Preliminary Approval Order or as stated in the application seeking preliminary approval.  No Party shall disparage any other in any fashion.   In no event shall Plaintiff, Class Counsel or their respective agents inaccurately characterize the terms of the Settlement or the Agreement.

14.05   The Parties agree that nothing in this Settlement Agreement shall be construed to prohibit communications between Frontier or any of the other Released Parties about the Settlement or any related topic, or between Frontier and any Settlement Class Member in the regular course of Frontier's businesses.

# XV.   MISCELLANEOUS

**15.01**   <u>Entire Agreement</u>.   This Agreement, the exhibits hereto, and the termination provision referenced in Section XIII above constitute the entire agreement between the Parties. No representations, warranties, or inducements have been made to any of the Parties, other than those representations, warranties, and inducements contained in this Agreement.

**15.02**   <u>Successors</u>.   Each and every term of this Settlement Agreement shall be binding upon and inure to the benefit of Plaintiff, the Settlement Class Members, and any of their successors and personal representatives, and shall bind and shall inure to the benefit of the Released Parties, all of which persons and entities are intended to be beneficiaries of this Settlement Agreement.

**15.03**   <u>Potential Changes To Attachments</u>.   The Parties agree to request that the Court approve the forms of the Preliminary Approval Order attached hereto as Exhibit A, the Direct Mail Notice attached hereto as Exhibit B, the Long Form Notice attached hereto as Exhibit C, and the Final Approval Order and Judgment attached hereto as Exhibit D.   The fact that the Court may require non-substantive changes to any of these documents does not invalidate this Settlement Agreement.

**15.04**   <u>Governing Law</u>.   This Agreement will be governed by the laws of the State of Connecticut.

**15.05**   <u>Jurisdiction</u>.   The Court will retain continuing and exclusive jurisdiction over the Parties to this Agreement, including Plaintiff and all Settlement Class Members, for purposes of the administration and enforcement of this Agreement.

**15.06**   <u>No Construction Against Drafting Party</u>.   This Agreement was drafted jointly by the Parties and, in construing and interpreting this Agreement, no provision of this Agreement

will be construed or interpreted against any Party based upon the contention that this Agreement or a portion of it was drafted or prepared by that Party.

15.07 <u>Resolution Of Disputes</u>. The Parties will cooperate in good faith in the administration of this Settlement and agree to use their best efforts to promptly file a Motion for Preliminary Approval with the Court and to take any other actions required to effectuate this Settlement. Any unresolved dispute regarding the administration of this Agreement will be decided by the Court or by a mediator upon agreement of the Parties.

15.08 <u>Counterparts</u>. This Agreement may be signed in counterparts and the separate signature pages executed by the Parties and their counsel may be combined to create a document binding on all of the Parties and together will constitute one and the same instrument.

15.09 <u>Time Periods</u>. The time periods and dates described herein are subject to Court approval and may be modified upon order of the Court or written stipulation of the Parties.

15.10 <u>Authority</u>. Each person executing this Settlement Agreement on behalf of any of the Parties hereto represents that such person has the authority to so execute this Agreement.

15.11 <u>No Oral Modifications</u>. This Agreement may not be amended, modified, altered, or otherwise changed in any manner, except by a writing signed by all of the duly authorized agents of Defendant and Plaintiff, and approved by the Court.

15.12 <u>Notices</u>. Unless otherwise stated herein, any notice to the Parties required or provided for under this Agreement will be in writing and may be sent by electronic mail, overnight delivery or hand delivery, postage prepaid, as follows:

<u>If To Class Counsel</u>:

Edward A. Broderick
Anthony I. Paronich
Broderick & Paronich, P.C.
99 High Street, Suite 304
Boston, MA 02110
(508) 221-1510
ted@broderick-law.com
anthony@broderick-law.com

Matthew P. McCue
The Law Office of Matthew P. McCue
1 South Ave, Third Floor
Natick, MA 01760
508-655-1415
mmccue@massattorneys.net

John W. Barrett
Bailey Glasser LLP
209 Capitol Street
Charleston, WV 25301
304-340-2295
jmarshall@baileyglasser.com

If To Counsel For Defendant:

Lauri A. Mazzuchetti
Kelley Drye & Warren LLP
One Jefferson Road, 2nd Floor
Parsippany, NJ 07054
(973) 503-5900
lmazzuchetti@kelleydrye.com

Archis A. Parasharami
Mayer Brown LLP
1999 K Street, N.W.
Washington, DC 20006-1101
202-263-3328
aparasharami@mayerbrown.com

IN WITNESS HEREOF, the undersigned have executed this Stipulation of

Settlement as of:

**[SIGNATURE PAGES]**

IN WITNESS HEREOF, the undersigned have executed this Stipulation of Settlement as of:

_By: Diana Mey_
Dated: January 25, 2017


On Behalf of Plaintiff's Counsel/Class Counsel,

_Edward A. Broderick_
Anthony I. Paronich
Broderick & Paronich, P.C.
99 High Street, Suite 304
Boston, MA 02110

Dated: January 25, 2017

FRONTIER COMMUNICATIONS CORPORATION

By: Mark Nielsen
Its: General Counsel

Dated: January 25, 2017

On Behalf of Defendant's Counsel,

Lauri A. Mazzuchetti
Kelley Drye & Warren LLP
One Jefferson Road, 2nd Floor
Parsippany, NJ 07054
Dated: January 25, 2017

Archis A. Parasharami
Mayer Brown LLP
1999 K Street, N.W.
Washington, DC 20006-1101

Dated: January 25, 2017

IN WITNESS HEREOF, the undersigned have executed this Stipulation of Settlement as of:

_____
By: Diana Mey
Dated:  January 25, 2017


On Behalf of Plaintiff's Counsel/Class Counsel,


_____
Edward A. Broderick
Anthony I. Paronich
Broderick & Paronich, P.C.
99 High Street, Suite 304
Boston, MA 02110

Dated:  January 25, 2017

FRONTIER COMMUNICATIONS CORPORATION

_____
By: Mark Nielsen
Its:  General Counsel

Dated:  January 25, 2017

On Behalf of Defendant's Counsel,


_____
Lauri A. Mazzuchetti
Kelley Drye & Warren LLP
One Jefferson Road, 2nd Floor
Parsippany, NJ  07054
Dated:  January 25, 2017


_____
Archis A. Parasharami
Mayer Brown LLP
1999 K Street, N.W.
Washington, DC  20006-1101

Dated:  January 25, 2017

IN WITNESS HEREOF, the undersigned have executed this Stipulation of Settlement as of:

_____
By: Diana Mey
Dated: January 25, 2017


On Behalf of Plaintiff's Counsel/Class Counsel,


_____
Edward A. Broderick
Anthony I. Paronich
Broderick & Paronich, P.C.
99 High Street, Suite 304
Boston, MA 02110

Dated: January 25, 2017

FRONTIER COMMUNICATIONS CORPORATION

_____
By: Mark Nielsen
Its: General Counsel

Dated: January 25, 2017

On Behalf of Defendant's Counsel,

_____
Lauri A. Mazzuchetti
Kelley Drye & Warren LLP
One Jefferson Road, 2nd Floor
Parsippany, NJ 07054
Dated: January 25, 2017


_____
Archis A. Parasharami
Mayer Brown LLP
1999 K Street, N.W.
Washington, DC 20006-1101

Dated: January 25, 2017

IN WITNESS HEREOF, the undersigned have executed this Stipulation of Settlement as of:

_____
By: Diana Mey
Dated:  January 25, 2017


On Behalf of Plaintiff's Counsel/Class Counsel,


_____
Edward A. Broderick
Anthony I. Paronich
Broderick & Paronich, P.C.
99 High Street, Suite 304
Boston, MA 02110

Dated:  January 25, 2017

FRONTIER COMMUNICATIONS CORPORATION

_____
By: Mark Nielsen
Its:  General Counsel

Dated:  January 25, 2017

On Behalf of Defendant's Counsel,


_____
Lauri A. Mazzuchetti
Kelley Drye & Warren LLP
One Jefferson Road, 2nd Floor
Parsippany, NJ  07054
Dated:  January 25, 2017

_____
Archis A. Parasharami
Mayer Brown LLP
1999 K Street, N.W.
Washington, DC  20006-1101

Dated:  January 25, 2017

# EXHIBIT A

Proposed Order for Preliminary Approval

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| DIANA MEY, individually and on behalf of a class of all persons and entities similarly situated, | Case No. 3:13-cv-01191 (MPS) |
| Plaintiff, | |
| v. | |
| FRONTIER COMMUNICATIONS CORPORATION, | |
| Defendant. | |

## ORDER GRANTING PRELIMINARY
## APPROVAL OF AMENDED STIPULATION AND AGREEMENT OF
## SETTLEMENT, CONDITIONAL CLASS CERTIFICATION, NOTICE TO
## SETTLEMENT CLASS MEMBERS AND ENTRY OF SCHEDULING ORDER

Pending is the Unopposed Motion for Preliminary Approval of Stipulation and Agreement of Settlement, Conditional Class Certification, Notice to Class Members and Entry of Scheduling Order (the "Motion") of plaintiff Diana Mey ("Plaintiff"). For the reasons stated herein, the Court grants Plaintiff's Motion, conditionally certifies the class, preliminarily approves the Stipulation of Settlement, and enters the schedule set forth below for notice to Settlement Class Members, exclusion and opt-out deadlines, and for a final approval hearing.

**WHEREAS**, on January __, 2017, the parties filed an Amended Stipulation and Agreement of Settlement (the "Settlement" or "Settlement Agreement"), which, together with the exhibits thereto, sets forth the terms and conditions for the Settlement and release of certain claims against Frontier Communications Corporation ("Frontier" or "Defendant"). The Settlement Agreement was entered into only after extensive arm's-length negotiation by

experienced counsel and in mediation under the guidance of the Honorable Edward A. Infante (Ret.);

**WHEREAS**, the Court having considered the Settlement Agreement (which defines the capitalized terms used herein) and all of the files, records, and proceedings herein, and it appearing to the Court that upon preliminary examination that the Settlement appears fair, reasonable and adequate, and that a hearing should and will be held after Class Notice to the Settlement Class to confirm that the Settlement is fair, reasonable, and adequate, and to determine whether a Judgment approving the Settlement and an Order dismissing the Action based upon the Settlement be entered;

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

**I.    THE CLASS, CLASS REPRESENTATIVE, AND CLASS COUNSEL**

1.    For purposes of settlement only, the Court has jurisdiction over the subject matter of this action and personal jurisdiction over the parties and the members of the Settlement Class described below.

2.    Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, and for the purposes of settlement only, the Settlement Class is preliminarily certified, consisting of the following:

> All persons within the United States to whom Frontier, or any party acting on Frontier's behalf, during the Class Period, (a) initiated more than one telemarketing call within a twelve-month period to any number registered on the National Do Not Call Registry; and/or (b) initiated one or more telemarketing calls assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

> The following are excluded from the Settlement Class: (1) any trial judge that may preside over this case; (2) Defendant, as well as any parent, subsidiary, affiliate or control person of Defendant, and the officers, directors, agents, servants or employees of Defendant; (3) any of the Released Parties; (4) the immediate family of any such person(s); (5) any Settlement Class Member who

has timely opted out of this proceeding; (6) any person or entity who has given a valid release of the claims asserted in the Action; and (7) Plaintiff's Counsel and their employees.

3.     Pursuant to Fed. R. Civ. P. 23, and for settlement purposes only, Plaintiff Diana Mey is hereby appointed Class Representative and the following counsel are hereby appointed as Class Counsel:

Edward A. Broderick
Anthony I. Paronich
Broderick & Paronich, P.C.
99 High Street, Suite 304
Boston, MA 02110

Matthew P. McCue
The Law Office of Matthew P. McCue
1 South Ave, Third Floor
Natick, MA 01760

John W. Barrett
Bailey Glasser LLP
209 Capitol Street
Charleston, WV 25301

4.     The Court preliminarily finds that the proposed Settlement Class meets all the applicable requirements of Fed. R. Civ. P. 23(a) and (b)(3), and hereby certifies the Settlement Class for settlement purposes only.  The Court hereby preliminarily finds, in the specific context of the Class Settlement, that:

(a)     <u>Numerosity</u>:  The Settlement Class consists of approximately 36,219 members, and satisfies the numerosity requirement of Fed. R. Civ. P. 23(a).  Joinder of these widely dispersed, numerous Settlement Class Members into one suit would be impracticable.

(b)     <u>Commonality</u>:  There are questions of law and fact, with regard to the alleged activities of Frontier, common to the Settlement Class.

(c)    Typicality:    The claims of the Class Representative are typical of the claims of the Settlement Class she seeks to represent.  Therefore, in the context of this settlement the element of typicality is satisfied.

(d)    Adequate Representation:    The Class Representative's interests do not conflict with, and are co-extensive with, those of absent Settlement Class Members.  The Class Representative will fairly and adequately represent the interests of the Settlement Class. Additionally, this Court recognizes the experience of Class Counsel and finds under Fed. R. Civ. P. 23(g) that the requirement of adequate representation of the Settlement Class has been fully met.

(e)    Predominance of Common Issues:    The questions of law and fact common to the Settlement Class Members predominate over any questions affecting only individual Settlement Class Members.  In the context of this Settlement, these issues predominate over any individual questions, favoring class treatment.

(f)    Superiority of the Class Action Mechanism:    The class action mechanism is ideally suited for treatment of the settlement of these matters.  Class certification promotes efficiency and uniformity of judgment, among other reasons, because the many Settlement Class Members will not be forced to separately pursue claims or execute settlements in various courts around the country.  Therefore, the class action mechanism is superior to other available methods for the fair and efficient adjudication of the controversy.

5.    The Court further finds that (i) the Settlement Class Members have a limited interest in individually prosecuting the claims at issue; (ii) the Court is satisfied with Class Counsel's representation that they are unaware of any other litigation commenced regarding the claims at issue by the Settlement Class Members; (iii) it is desirable to concentrate the claims in

this forum; and (iv) it is unlikely that there will be difficulties encountered in administering this Settlement.

6. The Class Representative is Diana Mey. Based upon the Court's familiarity with the claims and parties, and the negotiation and mediation process overseen by the Honorable Edward A. Infante (Ret.), the Court preliminarily finds that this designated Class Representative is appropriate for settlement purposes. The Court finds that the Class Representative is a member of the Settlement Class.

7. If the Settlement Agreement is terminated or is not consummated for any reason whatsoever, the certification of the Settlement Class shall be void, and Plaintiff and Frontier shall be deemed to have reserved all of their rights as set forth in the Settlement Agreement, including but not limited to the issues related to all claims, defenses, and issues under Fed. R. Civ. P. 23.

## II. THE COMMON FUND

8. Pursuant to the Settlement Agreement, Frontier shall deposit a total of eleven million dollars ($11,000,000) into the Settlement Fund when this Settlement becomes Final, which Settlement Fund will be maintained by the Settlement Administrator for the benefit of the Settlement Class and Class Counsel. All of the monies deposited by Frontier into the Settlement Fund will be placed in an interest bearing escrow account established and maintained by the Settlement Administrator. The interest generated, if any, will accrue to the benefit of the Settlement Class and is to be added into the Settlement Fund. Frontier shall make deposits into the Settlement Fund in accordance with the following schedule:

a. Within ten (10) days of the entry of the Preliminary Approval Order, Frontier will disburse to the Settlement Administrator two hundred fifty thousand dollars ($250,000) of the Settlement Fund to be used by the Settlement Administrator for preliminary Settlement Administration Costs, including the costs to complete the Class Notice, establish and

maintain the Settlement Website, establish and maintain a toll-free number for questions by class members, as well as any other initial administration costs to the Parties. To the extent that additional Settlement Administration Costs are incurred after this initial payment, but before the Effective Date, the Settlement Administrator will bill, and Frontier shall pay, such additional costs. For any additional costs of Settlement Administration that are paid by Frontier, Frontier shall receive a credit against the amounts required to be paid into the Settlement Fund.

b. All Settlement Administration Costs will be drawn from the Settlement Fund by the Settlement Administrator, subject to the written approval of Frontier (via its counsel) and Class Counsel.

c. Frontier will disburse to the Settlement Administrator the remainder of the Settlement Fund within ten (10) days following the Effective Date.

9. The Settlement Fund will constitute Frontier's exclusive payment obligation under the Settlement Agreement and will be used to pay: (a) Cash Benefits paid to Settlement Class Members, as prescribed by the Settlement Agreement; (b) Attorneys' Fees and Costs, as awarded by the Court; (c) any Incentive Award awarded to Diana Mey; (d) Settlement Administration Costs, including costs of notice (including CAFA Notice); and (e) any *cy pres* payment to Connecticut Legal Services, Inc. pursuant to the procedures described in Section IV of the Settlement Agreement. No portion of the Settlement Fund will be returned to Frontier, unless the Settlement is terminated in accordance with the terms of the Settlement Agreement.

10. Any distribution of the Settlement Fund to the Settlement Class or any other person, other than the Settlement Administrator pursuant to the terms hereof, shall commence only after the Effective Date. The Attorneys' Fees, Costs, and Expenses; any Incentive Award; and Settlement Administration Costs shall be paid from the Settlement Fund prior to any

distribution of Cash Benefits to the Settlement Class. The remainder of the Settlement Fund shall be used to pay Cash Benefits in accordance with the rules set forth herein.

11. If the Settlement Agreement is not approved or for any reason the Effective Date does not occur, no payments or distributions of any kind shall be made, other than payments to the Settlement Administrator for services rendered and costs incurred.

12. The Court finds that the Settlement Fund is a "qualified settlement fund" as defined in Section l.468B-1(c) of the Treasury Regulations in that it satisfies each of the following requirements:

(a) The escrow account for the Settlement Fund is established pursuant to this Order and is subject to the continuing jurisdiction of this Court;

(b) The escrow account for the Settlement Fund is established to resolve or satisfy one or more Claims that have resulted or may result from an event that has occurred and that has given rise to at least one Claim asserting liability arising out of an alleged violation of law; and

(c) The assets of the escrow account for the Settlement Fund are segregated from other assets of Frontier, the transferors of the payment to the Settlement Fund.

13. Under the "relation back" rule provided under Section 1.468B-1(j)(2)(i) of the Treasury Regulations, the Court finds that:

(a) The escrow account for the Settlement Fund meets the requirements of paragraphs 12(b) and 12(c) of this Order prior to the date of this Order approving the establishment of the Settlement Fund subject to the continued jurisdiction of this Court; and

(b) Frontier and the Settlement Administrator may jointly elect to treat the escrow account for the Settlement Fund as coming into existence as a "qualified settlement fund"

on the later of the date the escrow account for the Settlement Fund met the requirements of paragraph 12 of this Order or January 1 of the calendar year in which all of the requirements of paragraph 12 of this Order are met. If such a relation-back election is made, the assets held by the Settlement Fund on such date shall be treated as having been transferred to the escrow account on that date.

## III.   NOTICE TO SETTLEMENT CLASS MEMBERS

14.   The Court has considered the proposed Exhibits B and C attached to the Settlement Agreement and finds that the form, content, and manner of notice proposed by the parties and approved herein meet the requirements of due process and Fed. R. Civ. P. 23(c) and (e), are the best notice practicable under the circumstance, constitute sufficient notice to all persons and entities entitled to notice, and satisfy the Constitutional requirements of notice. The Court approves the notices in all respects, including the proposed forms of notice and the notice provisions of the Settlement Agreement, and orders that notice be given in substantial conformity therewith. The costs of disseminating the Class Notice shall be paid from the Settlement Fund in accordance with the Settlement Agreement.

15.   All costs of providing the Class Notice as provided herein, including the costs of identifying address information for Settlement Class Members and the costs of printing, web hosting and/or publishing the Class Notice, shall be paid for out of the Settlement Fund, subject to the terms hereof. In the event that the Settlement Agreement is terminated pursuant to its terms, Frontier shall bear any costs of providing Class Notice already incurred.

16.   The Court hereby approves the form, content and requirements of the Class Notices annexed to the Settlement Agreement as Exhibits B and C and the procedure for notice set forth under Section VII in the Settlement Agreement.

17. The Court hereby finds that compliance with the procedures in Section VII of the Settlement Agreement is the best notice practicable under the circumstances and shall constitute due and sufficient notice to the Settlement Class of the pendency of the Action, certification of the Settlement Class, the terms of the Settlement Agreement, and the Final Approval Hearing, and shall satisfy the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law, rule and/or regulation.

## IV. CONFIDENTIALITY

18. Any information received by the Settlement Administrator in connection with the Settlement Class that pertains to a particular Settlement Class Member, or information submitted in conjunction with a Request for Exclusion (other than the identity of the entity requesting exclusion), shall not be disclosed to any other person or entity other than Class Counsel, Defendant's Counsel, and the Court, or as otherwise provided in the Settlement Agreement.

## V. REQUEST FOR EXCLUSION FROM THE SETTLEMENT CLASS

19. Settlement Class Members who wish to be excluded from Settlement Class shall mail a written Request for Exclusion to the Settlement Administrator, so that it is postmarked no later than sixty (60) days after the entry of the Preliminary Approval Order, (the "Opt-Out Deadline"), and shall clearly state the following: the name, address, telephone number, of the individual or entity who wishes to be excluded from the Settlement Class, and provide all such information as may be required by the Settlement Agreement or requested by the Settlement Administrator.

## VI. APPOINTMENT OF SETTLEMENT ADMINISTRATOR

20. The Court appoints Kurtzman Carson Consultants as the Settlement Administrator. Responsibilities of the Settlement Administrator shall include the following: (a) completing Class Notice, as provided in Section VII of the Settlement Agreement;

(b) obtaining complete address information for Settlement Class Members (where possible) and new addresses for returned mail; (c) creating and maintaining a Settlement Website, from which Settlement Class Members can access copies of the Complaint, the Settlement Agreement, the Short Form Notice, the Long Form Notice, this Preliminary Approval Order and other important documents and information about the Settlement; (d) setting up and maintaining a toll-free telephone number and fielding telephone inquiries about the Settlement; (e) reviewing, processing and approving Claims; (f) acting as a liaison between Settlement Class Members and the Parties; (g) directing the mailing of Benefit Checks to Settlement Class Members; (h) preparing and providing a declaration to Defendant's and Class Counsel, no later than seven (7) calendar days prior to the Final Approval Hearing, that will attest to the compliance with the provisions of the Settlement Agreement related to Class Notice and list each Settlement Class Member who timely and validly opted out of the Settlement; and (i) performing any other tasks reasonably required to effectuate the Settlement.

## VII.   FINAL APPROVAL HEARING AND SCHEDULE

21.     A hearing (the "Final Approval Hearing") pursuant to Fed. R. Civ. P. 23(e) is hereby scheduled to be held before the Court no earlier than one hundred ten (110) days from the date of entry of the Preliminary Approval Order.

22.     The Final Approval Hearing pursuant to Fed. R. Civ. P. 23(e) is hereby scheduled to be held before the Court for the following purposes:

(a)     to determine whether the applicable prerequisites for settlement class action treatment under Fed. R. Civ. P. 23(a) and (b) are met;

(b)     to determine whether the Settlement is fair, reasonable and adequate, and should be approved by the Court;

(c)     to determine whether any objections to the Settlement should be overruled;

(d)　　to determine whether the Attorneys' Fees and Costs requested by Class Counsel and Incentive Award to the Class Representative should be approved, and whether a Judgment finally approving the Settlement should be entered;

(e)　　to consider the distribution of the Settlement Fund pursuant to the Stipulation of Settlement; and

(f)　　to rule upon such other matters as the Court may deem appropriate.

Briefs and papers in support of the final approval of the proposed settlement shall be filed no later than fourteen days (14) before the Final Approval Hearing. The Final Approval Hearing may be postponed, adjourned, transferred or continued by order of the Court without further notice to the Settlement Class. After the Final Approval Hearing, the Court may enter a Judgment approving the Settlement Agreement and an Order dismissing the Action in accordance with the Settlement Agreement that will adjudicate the rights of all Settlement Class Members.

23.　　No later than seven (7) calendar days prior to the Final Approval Hearing, the Settlement Administrator will file with the Court and serve both Class Counsel and Defendant's Counsel a declaration stating that the Class Notice required by the Settlement Agreement has been completed in accordance with the terms of this Preliminary Approval Order.

24.　　On or before fourteen (14) days prior to the Final Approval Hearing, Class Counsel shall file and serve (i) a motion for Final Approval; (ii) any application for Attorneys' Fees and Costs; and (iii) any application for an Incentive Award to the Class Representative. For clarity, the deadlines the parties shall adhere to are as follows:

Class Notice Mailed by: _____, 2017 (*within 30 days after entry of Preliminary Approval Order*)

Plaintiff's Counsel's Fee and Cost application by _____, 2017 (*within 30 days after entry of Preliminary Approval Order*)

Objection/Opt-Out Deadline: _____, 2017 (*60 days after entry of Preliminary Approval Order*)

Final Approval Submissions: _____, 2017 (*14 days prior to Final Approval Hearing*)

Final Approval Hearing: _____, 2017 (*at least 110 days after Preliminary Approval*)

25.     Pending final determination of whether the Settlement should be approved, the Plaintiff and/or Defendant shall cooperate in seeking orders that no Settlement Class Member (either directly, in a representative capacity, or in any other capacity), and anyone who acts or purports to act on their behalf, shall institute, commence or prosecute any action which asserts Released Claims against the Defendant or other Released Parties.

26.     If a Settlement Class Member wants to appear at the Final Approval Hearing and be heard with respect to objecting to the Settlement, that person or entity must file with the Court and serve on Class Counsel and Defendant's Counsel a written notice of the intention to appear at the Final Approval Hearing and object.  Such written statement and notice must be filed with the Court and served on Class Counsel and Defendant's Counsel no more than sixty (60) days after entry of the Preliminary Approval Order (the "Objection Deadline").  Settlement Class Members who fail to file and serve timely written objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.  If a Settlement Class Member hires an attorney to represent him or her, at the Settlement Class Member's own expense, that attorney must file a notice of appearance with the clerk of the Court and must serve copies on Class Counsel and Defendant's Counsel on or before the Objection Deadline.

27.     Any discovery or other information sought regarding the Settlement Agreement, Settlement, this Motion, the Final Approval Order and Judgment, and any matters related thereto,

by any Settlement Class Member, any counsel on behalf of any Settlement Class Member, or by any objector or counsel representing an objector shall be permitted. All other discovery and other pretrial proceedings in this Action are stayed and suspended until further order of the Court.

## VIII.    OTHER PROVISIONS

28.    If the Settlement does not become effective, the order certifying the Settlement Class and all preliminary and/or final findings or stipulations regarding certification of the Settlement Class shall be automatically vacated, voided and treated as if never filed, and the parties will retain and reserve all positions with respect to the litigation, and the litigation shall proceed as if no settlement had been reached.

29.    The Court finds that Defendant has made no admissions of liability or wrongdoing of any kind associated with the alleged claims in the Complaint. Defendant has made no admission of liability or wrongdoing regarding each and every material factual allegation and all claims asserted against it in the Action. Nothing herein will constitute an admission of wrongdoing or liability, or of the truth of any allegations in the Action. Nothing herein will constitute an admission by Defendant that the Action is properly brought on a class or representative basis, or that classes may be certified, other than for settlement purposes. The Court further finds that the Settlement of the Action, the negotiation and execution of this Settlement, and all acts performed or documents executed pursuant to or in furtherance of the Settlement: (i) are not and will not be deemed to be, and may not be used as, an admission or evidence of any wrongdoing or liability on the part of Defendant or of the truth of any allegations in the Action; (ii) are not and will not be deemed to be, and may not be used as an admission or evidence of any fault or omission on the part of Defendant in any civil, criminal, or administrative proceeding in any court, arbitration forum, administrative agency, or other

tribunal; and (iii) are not and will not be deemed to be and may not be used as an admission of the appropriateness of these or similar claims for class certification.

30.    The Court retains jurisdiction to consider all further matters arising out of or connected with the Settlement.


DATED:    _____


_____
Michael P. Shea, United States District Court Judge

# EXHIBIT B

## Direct Mail Notice

A proposed settlement (the "Settlement") in *Diana Mey v. Frontier Communications Corporation*, No. 3:13-cv-01191-MPS, is pending in the U.S. District Court for the District of Connecticut in Hartford. The Settlement would resolve a lawsuit brought on behalf of all persons within the United States to whom Frontier Communications Corporation ("Frontier"), or any party acting on its behalf, between August 20, 2009 and the Effective Date of the Settlement Agreement, (a) initiated more than one telephone call within a twelve-month period to any number registered on the National Do Not Call Registry; and/or (b) initiated one or more telephone calls assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call., which are alleged to have violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). Frontier denies that it violated any laws or it did anything wrong, and has agreed to the Settlement solely to avoid the uncertainties, expense of, and diversion of business resources resulting from further litigation.

**How much money can I get?** If the Court approves the Settlement, a Settlement Fund of $11,000,000 will be paid by Frontier. This Settlement Fund will constitute Frontier's exclusive payment obligation and will be used to pay: (a) Cash Benefits to Settlement Class Members; (b) Attorneys' Fees and Costs, as awarded by the Court (Class Counsel intend to seek an Attorneys' Fees and Costs of one-third of the Settlement Fund, plus additional reimbursement of their out of pocket costs incurred litigating the case by a motion to be filed and posted to the case website www._____.com no later than _____ ); (c) an Incentive Award of $20,000 to be requested by the Class Representative; and (d) Settlement Administration Costs, including costs of notice. Cash Benefits will be paid from the Settlement Fund, after the payment of Attorneys' Fees and Costs, the Incentive Award and Settlement Administration Costs, as follows: each Settlement Class Member will receive a payment of at least $90, and then an additional amount pro rata based on the number of calls that were initiated to him or her. Depending upon the amount of the payment that you will receive, you may be required to provide a W-9 form and/or other information if required by IRS regulations.

**What are my options?** If you are a Settlement Class Member and you do nothing, and the Court approves Settlement, you will receive a Benefit Check and will be bound by all of the Settlement terms, including the releases of your claims, regardless of whether you cash the Benefit Check. Unless you contact the Settlement Administrator, the check will be made payable to the addressee of this notice, and mailed to the same address as this notice. If you do not want to receive a payment or release any claims, you must exclude yourself from the Settlement. To exclude yourself, you must mail a request for exclusion to the Frontier TCPA Class Action Settlement Administrator, P.O. Box 0000, _____, __ 00000-0000, postmarked by [**DATE**] that includes your full name, address, telephone number(s), a statement that you wish to be excluded from the Settlement, and your own signature. Unless you exclude yourself from this Settlement, you give up your right to sue or continue a lawsuit against Frontier arising from telephone calls that violate state or federal law. You may object to the Settlement by submitting a written objection postmarked by [**DATE**] to: (1) Office of the Clerk, U.S. District Court; 450 Main Street; Hartford, CT 06103; (2) Class Counsel, Broderick & Paronich, P.C., The Law Office of Matthew P. McCue, and Bailey Glasser LLP; and (3) Frontier's Counsel, Kelley Drye & Warren LLP and Mayer Brown LLP.

**The Court's Hearing.** The Court will hold a Final Approval Hearing (the "Hearing") at [**TIME**] on [**DATE**] at the U.S. District Court for the District of Connecticut, 450 Main Street; Hartford, CT 06103. At the Hearing, the Court will consider whether to approve: the proposed Settlement as fair, reasonable, and adequate; Class Counsel's request for an Attorneys' Fees and Costs, plus their costs and expenses; and a request for a $20,000 Incentive Award to the Class Representative. The Court will also hear any objections to the Settlement. If approval does not become final, the case will continue and no Cash Benefits will be paid.

**Want more information?** To determine whether you are a class member, or view the Settlement Agreement and other relevant documents, please visit www.[**LINK**].com, or you may call the Settlement Administrator toll-free at 1-[**NUMBER**] with any questions.

250678

# EXHIBIT C

## Long Form Notice

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| DIANA MEY, individually and on behalf of a class of all persons and entities similarly situated, | Case No. 3:13-cv-01191 (MPS) |
| Plaintiff, | |
| v. | |
| FRONTIER COMMUNICATIONS CORPORATION, | |
| Defendant. | |

**LEGAL NOTICE BY ORDER OF**
**THE UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF CONNECTICUT**

**IF YOU RECEIVED A TELEMARKETING CALL FROM FRONTIER COMMUNICATIONS CORPORATION, YOU COULD RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT.**

**PLEASE DO NOT CONTACT FRONTIER COMMUNICATIONS CORPORATION OR THE COURT FOR INFORMATION**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

*Si desea recibir esta notificación en Español, visite nuestra página web o llámenos.*

A proposed national settlement has been reached in a class action lawsuit known as *Diana Mey v. Frontier Communications Corporation*, No. 3:13-cv-01191-MPS (D. Conn.) (the "Action"), alleging that Frontier Communications Corporation ("Frontier") violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 by allegedly initiating unsolicited telemarketing calls. Frontier denies the allegations in the Action. You may be a member of the Settlement Class whose rights are affected by this Action and the proposed settlement thereof. The sole purpose of this notice is to inform you of the settlement so that you may decide what steps to take in relation to it.

The parties have engaged in comprehensive settlement negotiations and information exchanges. Following the parties' negotiations, the parties have reached an agreement (the "Settlement Agreement") providing for Settlement of the Action and all claims related to the allegation that Frontier initiated unsolicited telemarketing calls. The Settlement

Agreement affects all persons within the United States to whom Frontier, or any party acting on its behalf, during the Class Period, (a) initiated more than one telemarketing call within a twelve-month period to any number registered on the National Do Not Call Registry; and/or (b) initiated one or more telemarketing calls assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call. Defined terms, other than those defined in this Notice, shall have the meaning set forth in the Settlement Agreement. A copy of the Settlement Agreement is posted on the Settlement Website at [Insert Link].

The Settlement, if approved, would provide for a Settlement Fund in the amount of $11,000,000, which would constitute Frontier's exclusive payment obligation under the Settlement Agreement. The Settlement Fund will be used to pay: (a) Cash Benefits paid to Settlement Class Members, as prescribed by the Settlement Agreement; (b) Attorneys' Fees and Costs, as awarded by the Court; (c) any Incentive Award awarded to Diana Mey; (d) Settlement Administration Costs, including costs of Class Notice (including CAFA Notice); and (e) if necessary, any *cy pres* payment to Connecticut Legal Services, Inc. pursuant to the procedures described in Section IV of the Settlement Agreement. The Settlement avoids the further cost and risk associated with continuing the Lawsuit; pays money to Class Members; and releases Frontier from further liability.

Class Counsel (listed below) believe that the claims asserted in the Action have merit, but that the Settlement, described below, is in the best interests of the Settlement Class. Class Counsel have evaluated information made available in the course of the Action and settlement negotiations and have taken into account the risks and uncertainties of proceeding with this litigation. Those risks include the uncertainty of prevailing on the merits, proving substantial damages at trial, and prevailing on post-trial motions and likely appeals. Based upon their consideration of these factors, and on the substantial time and expense that will be incurred, Class Counsel believe it is in the best interests of the Settlement Class to settle the Action and the Released Claims on the terms described below.

Frontier denies any wrongdoing and does not believe that it has any liability to the Class Representative or the Settlement Class. Frontier, however, believes that it is in its best interest to settle the Action, under the terms of the Settlement Agreement and obtain closure on these matters for the purpose of avoiding the uncertainties, expense of, and diversion of business resources resulting from further litigation.

This notice does not imply that there have been or would be any findings of violation of the law by Frontier or that recovery could be had in any amount if the Action were not settled.

The following is a summary of pertinent provisions of the Settlement Agreement and is not a complete statement of the Settlement or of the Action. To take effect, the Settlement Agreement must be approved by the Court.

**Your legal rights are affected whether you act or do not act.
Please read this notice carefully.**

On the website, [==**INSERT LINK**==], there is a complete notice of the Settlement in Spanish.

En el sitio web, [==**INSERT LINK**==], hay una notificación completa del acuerdo en Español.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT | |
|---|---|
| **OPTION** | **RESULT** |
| **DO NOTHING AND RECEIVE A CASH BENEFIT** | If you are a Settlement Class Member and the Settlement Administrator locates or receives your complete and current address information, you will receive a Cash Benefit in the form of a Benefit Check.  Depending upon the amount of the payment that you will receive, you may be required to provide a Taxpayer Identification or a Social Security Number to the extent required by Internal Revenue Service regulations.  Cash Benefits will be paid from the Settlement Fund, after the payment of Attorneys' Fees and Costs, an Incentive Award and Settlement Administration Costs, as follows: each Settlement Class Member will receive a base payment of $90, and then an additional amount pro rata based on the number of calls that were initiated to him or her. Multiple subscribers or users of any unique telephone number will be entitled to a single recovery per call.<br><br>If you are a Settlement Class Member and you do nothing, and the Court approves Settlement, you will receive a Benefit Check and will be bound by all of the Settlement terms, including the releases of your claims, regardless of whether you cash the Benefit Check. |
| **EXCLUDE YOURSELF OR "OPT OUT" OF THE SETTLEMENT** | If you ask to be excluded, also known as "opting out," you will get no Cash Benefit from the Settlement, but you may be able to pursue or continue your own lawsuit against Frontier about the legal claims in this case. |
| **OBJECT** | Write to the Court about why you believe the Settlement is unfair. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the Settlement. |

These rights and options – **and the deadlines to exercise them** – are explained in this notice.

The Court in charge of this case still has to decide whether to approve the Settlement.  Payments will be made if the Court approves the Settlement and after any appeals are resolved.  Please be patient.

**BASIC INFORMATION** ...............................................................................**PAGE 6**
1. Why is there a notice?
2. What is this class action lawsuit about?
3. Why is there a Settlement?

**WHO IS IN THE SETTLEMENT** .................................................**PAGE 7**
4. How do I know if I am part of the Settlement?

**THE SETTLEMENT BENEFITS - WHAT YOU GET**..............................**PAGE 8**
5. What does the Settlement provide?

**HOW YOU GET A PAYMENT** .......................................................**PAGE 9**
6. How and when can I get a payment?
7. What am I giving up to get a payment or stay in the Settlement Class?

**EXCLUDING YOURSELF FROM THE SETTLEMENT**..........................**PAGE 10**
8. How do I exclude myself from the Settlement?

**THE LAWYERS REPRESENTING YOU** ....................................**PAGE 11**
9. Do I have a lawyer in this case?
10. How will the lawyers and class representatives be paid?

**OBJECTING TO THE SETTLEMENT** ...........................................**PAGE 12**
11. How do I tell the Court that I do not think the Settlement is fair?

**THE FINAL APPROVAL HEARING** ...............................................**PAGE 13**
12. When and where will the Court decide whether to approve the Settlement?
13. May I speak at the hearing?

**IF YOU DO NOTHING** ...............................................................**PAGE 14**
14. What happens if I do nothing at all?

**GETTING MORE INFORMATION**..................................................**PAGE 14**
15. How do I get more information?

# BASIC INFORMATION

### 1.    Why is there a notice?

A Court authorized this Notice because you have a right to know about a proposed Settlement of this putative class action lawsuit, and about all of your options, before the Court decides whether to approve the Settlement.  If the Court approves the Settlement and after any objections or appeals are resolved, the Settlement Administrator appointed by the Court will make the payments that the Settlement allows.  Because your rights will be affected by the Settlement, it is extremely important that you read this notice carefully.

If you received notice via postcard (the "Postcard Notice"), it is because according to Frontier's records, a qualifying telemarketing call may have been initiated by Frontier, or a party acting on its behalf, to your telephone number, between August 20, 2009 and the Effective Date of the Settlement Agreement.

The Court in charge of the Action, the United District Court for the District of Connecticut, has preliminarily approved the proposed Settlement.  This Action was brought by Diana Mey, also known as the "Plaintiff" or "Class Representative."  Plaintiff sued Frontier, also known as "Defendant."  The proposed Settlement would resolve all claims in this Action.

### 2.    What is this class action lawsuit about?

A class action lawsuit is a lawsuit in which the claims and rights of many people are decided in a single court proceeding.  Representative plaintiffs, like the Class Representative here, assert claims on behalf on themselves and on behalf of the entire class.

The Class Representative filed this Action alleging that Frontier violated the Telephone Consumer Protection Act ("TCPA") by allegedly initiating unsolicited telemarketing calls.

Frontier denies that it did anything wrong, and denies that this Action is appropriate for treatment as a class action.

### 3.    Why is there a Settlement?

The Court did not decide in favor of the Class Representative or Frontier.  Both sides agreed to a settlement instead of going to trial.  That way, they avoid the cost of a trial, and the people affected will get compensation.  The Class Representative and her attorneys believe that the Settlement is best for all Settlement Class Members.  The Court has granted preliminary approval of the Settlement and ordered that this notice be distributed to explain it.

## WHO IS IN THE SETTLEMENT

### 4.     How do I know if I am part of the Settlement?

The Settlement provides relief for all Settlement Class Members, who are described by the Settlement Agreement as:

All persons within the United States to whom Frontier, or any party acting on Frontier's behalf, during the Class Period, (a) initiated more than one telemarketing call within a twelve-month period to any number registered on the National Do Not Call Registry; and/or (b) initiated one or more telemarketing calls assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

The Parties agree that there are 36,219 unique telephone numbers associated with the Settlement Class.

The following persons are excluded from the Settlement Class: (1) any trial judge that may preside over this case; (2) Defendant, as well as any parent, subsidiary, affiliate or control person of Defendant, and the officers, directors, agents, servants or employees of Defendant; (3) any of the Released Parties; (4) the immediate family of any such person(s); (5) any Settlement Class Member who has timely opted out of this proceeding; (6) any person or entity who has given a valid release of the claims asserted in the Action; and (7) Plaintiff's Counsel and their employees.

"Released Parties," as used above, means (a) Frontier; (b) Frontier's counsel; (c) Frontier's past, present, and future direct and indirect owners, parents, subsidiaries, and other corporate affiliates; (d) Frontier's successors and predecessors and their past, present, and future direct and indirect owners, parents, subsidiaries, and other corporate affiliates; (e) all entities with which Frontier contracted with or engaged to place telemarketing calls (including but not limited to Virido LLC), or from which to obtain lead information including telephone numbers; (f) Frontier's insurance carriers and their counsel; and (g) for each of the foregoing Persons, each of their past, present, or future officers, directors, shareholders, owners, employees, representatives, agents, principals, partners, members, administrators, legatees, executors, heirs, estates, predecessors, successors, or assigns.

If you have questions about whether you are a Settlement Class Member, or are still not sure whether you are included in the Settlement, you can call the Settlement Administrator toll-free at [**INSERT NUMBER**] or visit [INSERT LINK] for more information. Please do not call Frontier or the Court for any information related to this Notice or the Settlement.

## THE SETTLEMENT BENEFITS - WHAT YOU GET

### 5.    What does the Settlement provide?

Frontier has agreed to deposit a total settlement amount of $11,000,000 into the Settlement Fund, which will constitute Frontier's exclusive payment obligation under the Settlement Agreement and will be used to pay: (a) Cash Benefits to Settlement Class Members, as prescribed by the Settlement Agreement; (b) Attorneys' Fees and Costs, as awarded by the Court; (c) any incentive award awarded to Diana Mey; (d) Settlement Administration Costs, including costs of notice (including CAFA Notice); and (e) if necessary, any *cy pres* payment to Connecticut Legal Services, Inc. pursuant to the procedures described in Section IV of the Settlement Agreement.  The Attorneys' Fees, any Incentive Payment, Costs, and Expenses shall be paid from the Settlement Fund prior to any distribution of Cash Benefits to the Settlement Class.

The total amount distributed to the Settlement Class (the "Total Class Member Benefits Payout") shall be the Settlement Fund and any earnings thereon, less the amount awarded by the Court for Attorneys' Fees and Costs to Class Counsel, the Incentive Award, and the Settlement Administration Costs.  The Total Class Member Benefits Payout shall be distributed to the Settlement Class as follows: each class member will receive a Base Payment of $90 (the "Base Payment"), and then an additional amount pro rata based on the number of telemarketing calls that were initiated to the Settlement Class, in accordance with the Call Record Database.  Multiple subscribers or users of any unique telephone number will be entitled to a single recovery per call.  For the payments made from the balance of the Total Class Member Benefits Payout remaining after deduction for the Base Payment of $90 per each Settlement Class Member, a Settlement Class Member shall be awarded one share (the "Share," or in the aggregate, "Shares") for each call initiated to his, her or its telephone number according to the Call Record Database.  Each Share shall entitle a Settlement Class Member to be paid, by a Benefits Check, a Cash Benefit that shall be equal to the net of Total Class Member Benefits Payout remaining after totaling the Base Payments for the Settlement Class divided by the total number of Shares awarded to all Settlement Class Members.

Certain Settlement Class Members will be asked to provide either a Taxpayer Identification or a Social Security Number if they are receiving $600 or more in a Cash Benefit due to Internal Revenue Service ("IRS") reporting requirements.  The Settlement Administrator will issue a written notice to Settlement Class Members who will receive a payment of $600 or more as a Cash Benefit, once the allocation of Cash Benefits is determined following Final Approval.  If no Taxpayer Identification or Social Security Number is timely provided, payment of the Cash Benefit may be subject to backup withholding as required by IRS regulations.

If any amounts remain in the Settlement Fund because Settlement Members fail to negotiate their respective Benefit Checks, such unclaimed monies shall be distributed as follows: (a) to the Settlement Class Members who cashed their initial Benefits Checks, to the extent such a distribution is administratively and economically feasible, and if not so feasible because the remainder is too small to be divided and distributed among the class members; (b) to Connecticut Legal Services, Inc., the *cy pres* designated recipient as approved by the Court.  No portion of

the Settlement Fund will be returned to Frontier, except as provided in Section XIII, Termination of the Agreement.

## HOW YOU GET A PAYMENT

### 6.      How and when can I get a payment?

Each Settlement Class Member, for whom the Settlement Administrator obtains complete and current address information, will receive a Cash Benefit made payable to the addressee on the Postcard Notice and mailed to the same address as the Postcard Notice. If you have a concern about whether the Settlement Administrator has accurate information regarding your name and address, please contact the Settlement Administrator at [PHONE NUMBER].

As set forth above, Settlement Class Members who will receive a Cash Benefit of $600 or more will be asked to provide either a Taxpayer Identification or a Social Security Number due to IRS reporting requirements. The Settlement Administrator will issue a written notice to Settlement Class Members who will receive a payment of $600 or more as a Cash Benefit, once the allocation of Cash Benefits is determined following Final Approval. If no Taxpayer Identification or Social Security Number is timely provided, payment of the Cash Benefit may be subject to backup withholding as required by IRS regulations.

The Court will hold a hearing on [INSERT HEARING DATE] to decide whether to approve the Settlement. If the Settlement is approved, appeals may still follow. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. Please be patient.

### 7.      What am I giving up to get a payment or stay in the Class?

If you are a Settlement Class Member, unless you exclude yourself, that means that you cannot sue, continue to sue, or be part of any other lawsuit against Frontier about the legal issues in *this* case, and all of the decisions and judgments by the Court will bind you.

For certain telemarketing calls to numbers on the National Do Not Call Registry, the TCPA provides for damages of up to $500 per call, and up to $1500 per call if placing the call is found to be willful. For certain telephone calls to cellular numbers, the TCPA provides for damages of $500.00 per call, and up to $1,500.00 per call if placing the call is found to be willful. Frontier, however, has denied that it initiated calls that violated the TCPA or any other law, that Plaintiff and the putative class are entitled to any relief, and that the allegations contained in the Complaint are amenable to class certification. In addition, please note that the TCPA does not provide for attorneys' fees to prevailing plaintiffs.

If you do nothing at all, you will be unable to file your own lawsuit involving all of the claims described and identified herein, and you will release Frontier from any liability.

Remaining in the Settlement Class means that you, as well as your respective assigns, heirs, executors, administrators, successors and agents, will release, resolve, relinquish and

discharge Frontier and the Released Parties from any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, tribal law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law, or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, as of the date of the Final Approval Order, that arise out of or relate in any way to Frontier initiating telephone calls to Settlement Class Members during the Class Period (the "Released Claims"). Released Claims include all TCPA claims and all state law claims arising out of the alleged making of telephone calls. Remaining in the Settlement Class also means that you agree that you will not institute any action or cause of action (in law, in equity or administratively), suits, debts, liens, or claims, known or unknown, fixed or contingent, which they may have or claim to have, in state or federal court, in arbitration, or with any state, federal or local government agency or with any administrative or advisory body, arising from or reasonably related to the Released Claims.

The Settlement Agreement (available at www.==============) provides more detail regarding the release and describes the Released Claims with specific descriptions in necessary, accurate legal terminology, so read it carefully. You can talk to the law firms representing the Settlement Class listed in Question 9 for free or you can, at your own expense, talk to your own lawyer if you have any questions about the Released Parties or the Released Claims or what they mean.

The release does not apply to Settlement Class Members who timely opt out of the Settlement.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from the Settlement and you want to keep the right to sue or continue to sue Frontier or any of the Released Parties on your own about the legal issues in this case, then you must take steps to exclude yourself from the Settlement Class.

### 8. How do I exclude myself from the Settlement?

To exclude yourself from the Settlement, you must send a Request for Exclusion by mail saying that you want to be excluded from *Diana Mey v. Frontier Communications Corporation*, No. 3:13-cv-01191-MPS (D. Conn.). Be sure to include your full name, address, and telephone number(s), and sign the Request for Exclusion. You must also include a statement that you wish to be excluded from the Settlement. You must mail your Request for Exclusion by first class mail, postage prepaid, and postmarked no later than [insert opt-out deadline] to:

Frontier TCPA Class Action Settlement Administrator
P.O. Box [#]
[INSERT CITY, STATE, ZIP]

You cannot exclude yourself by telephone or by email. You cannot exclude yourself by mailing a request to any other location other than the address above or after the deadline.

If you ask to be excluded, you will not get any Cash Benefit, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this Action. You may be able to sue (or continue to sue) Frontier in the future about the legal claims in this case.

If you do not exclude yourself and the Settlement is finally approved, you give up any right to sue Frontier on any of the claims that the Settlement resolves. If you have a pending lawsuit against Frontier over these claims, speak to your lawyer in that case immediately. You must exclude yourself from the Settlement Class to continue your own lawsuit.

## THE LAWYERS REPRESENTING YOU

### 9. Do I have a lawyer in this case?

The Court appointed the following law firms to represent you and other Settlement Class Members:

Edward A. Broderick
Anthony I. Paronich
Broderick & Paronich, P.C.
99 High Street, Suite 304
Boston, MA 02110

Matthew P. McCue
The Law Office of Matthew P. McCue
1 South Ave., Third Floor
Natick, MA 01760

John W. Barrett

Bailey Glasser LLP
209 Capitol Street
Charleston, WV 25301

These lawyers are called Class Counsel. You will not be charged for these lawyers' services. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 10. How will the lawyers and the Class Representative be paid?

Class Counsel will ask the Court, by a motion for Attorneys' Fees and Costs to be filed no later than _____, to approve payment of one-third of the Settlement Fund to compensate them for expenses and for attorneys' fees for investigating the facts, litigating the case, and negotiating the Settlement, plus an additional amount to cover their out of pocket costs incurred in litigating the case. Class Counsel will also request an Incentive Award for the Class

Representative that will not exceed $20,000, in compensation for her time and effort. The Court may award less than the requested amounts. These payments, along with the costs of administering the Settlement, will be made out of the Settlement Fund.

Any objection to Class Counsel's application for Attorneys' Fees and Costs may be filed, and must be postmarked, no later than [Insert date], which is [# of days] following the filing of Class Counsel's Fee and Cost Application. You can object by sending a letter addressed to the Court at the address listed in the next section of this notice. In your letter you must state that you object. Be sure to include your full name, address, telephone number(s), and the reasons you object to the proposed award, or to the amount of the proposed award.

# OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it

**11.     How do I tell the Court that I do not think the Settlement is fair?**

If you are a Settlement Class Member, you can object to the Settlement if you do not think the Settlement is fair.  You can tell the Court that you do not agree with the Settlement or some part of it.  You can state reasons why you think the Court should not approve it.  The Court will consider your views.

To object, you must file a written objection with the Court by the [Insert Deadline] saying that you object to the proposed Settlement in *Diana Mey v. Frontier Communications Corporation*, No. 3:13-cv-01191-MPS (D. Conn.).  Be sure to include your full name, address, telephone number(s), the reasons you object to the Settlement and whether you intend to appear at the Final Approval Hearing on your own behalf or through counsel.  **Your objection to the Settlement must be postmarked no later than [objection date].**

The objection must be mailed to:

Office of the Clerk
United States District Court
450 Main Street
Hartford, CT 06103

**And**

Edward A. Broderick
Anthony I. Paronich
Broderick & Paronich, P.C.
99 High Street, Suite 304
Boston, MA 02110

Matthew P. McCue
The Law Office of Matthew P. McCue
1 South Ave., Third Floor
Natick, MA 01760

John W. Barrett

Bailey Glasser LLP
209 Capitol Street
Charleston, WV 25301

**And**

Lauri A. Mazzuchetti
Kelley Drye & Warren LLP
One Jefferson Road, 2nd Floor
Parsippany, NJ 07054

Archis A. Parasharami
Mayer Brown LLP
1999 K Street, N.W.
Washington, DC 20006-1101

Objecting is simply telling the Court that you don't like something about the Settlement. You can object only if you stay in the Settlement Class. Excluding yourself, or opting out, is telling the Court that you do not want to be included in the Settlement. If you exclude yourself, you cannot object because the Settlement no longer affects you.

You have the right to consult and/or retain an attorney of your choice at your own expense, to advise you regarding the Settlement and your rights in connection with the Settlement and the Final Approval Hearing as described below. You also have the right, either personally or through an attorney retained and paid by you, to object to the Settlement Agreement.

### THE FINAL APPROVAL HEARING

### 12. When and where will the Court decide whether to approve the Settlement?

The Court will hold a hearing to decide whether to approve the Settlement. This Final Approval Hearing will be held at [Insert time, date, courtroom address]. The hearing may be moved to a different date or time without additional notice, so it is a good idea to check the website for updates. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate, and whether to award attorneys' fees, expenses, and service awards as described above, and in what amounts. If there are objections, the Court will consider them. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long it will take the Court to issue its decision. It is not necessary for you to appear at this hearing, but you may attend at your own expense.

### 13. May I speak at the hearing?

You may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must send a letter saying that you intend to appear at the Final Approval Hearing in *Diana Mey v. Frontier Communications Corporation*, No. 3:13-cv-01191-MPS (D. Conn.). Be sure to include your full name, address, and telephone number(s). You cannot speak at the hearing if you excluded yourself from the Settlement Class. Your letter stating your notice of intention to appear must be postmarked no later than [Insert date] and be sent to the following address:

Office of the Clerk
United States District Court
450 Main Street
Hartford, CT 06103

## IF YOU DO NOTHING

### 14. What happens if I do nothing at all?

If you do nothing, and are a Settlement Class Member and the Settlement Administrator obtains your complete and current address information, you will receive a Cash Benefit after the Court approves the Settlement and any appeals are resolved (subject to the potential requirement to provide a Taxpayer Identification or a Social Security Number). Unless you exclude yourself, you will be bound by the terms and conditions of the Settlement Agreement and you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Frontier about the legal issues in this Action, ever again.

## GETTING MORE INFORMATION

### 15. How do I get more information?

This notice summarizes the pertinent portions of the proposed Settlement Agreement. More details are in the Settlement Agreement. You can get a copy of the Settlement Agreement by calling the Settlement Administrator toll-free at [Insert Number]; writing to: Frontier TCPA Class Action Settlement Administrator, P.O. Box [#], [Insert City, State, Zip]; or visiting the website at [INSERT LINK], where you will find answers to common questions about the Settlement, a Claim Form, plus other information to help you determine whether you are a Settlement Class Member and whether you are eligible for a Cash Benefit.

**On the website, [INSERT LINK], there is a complete notice of the settlement in Spanish.**

**En el sitio web, [INSERT LINK], hay una notificación completa del acuerdo en Español.**

# EXHIBIT D

Proposed Final Approval Order

| | |
|---|---|
| DIANA MEY, individually and on behalf of a class of all persons and entities similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>FRONTIER COMMUNICATIONS CORPORATION,<br><br>        Defendant. | Case No. 3:13-cv-01191 (MPS) |

## (PROPOSED) FINAL APPROVAL ORDER AND JUDGMENT

1.     Plaintiff Diana Mey ("Plaintiff"), defendant Frontier Communications Corporation ("Frontier" or "Defendant"), and the Settlement Class (collectively, the "Parties") reached a settlement. The Parties have submitted a detailed written Stipulation and Agreement of Settlement (the "Settlement" or "Settlement Agreement") together with numerous exhibits and proposed orders. To the extent not otherwise defined herein, all capitalized terms shall have the meanings attributed to them in the Settlement Agreement. The Court gave its preliminary approval of the Settlement on _____ (the "Preliminary Approval Order"). The Court directed the Parties to provide Class Notice of the proposed Settlement by Direct Mail Notice and Long Form Notice on the Settlement Website, and scheduled a further hearing to determine whether the proposed Settlement is fair, reasonable, and adequate.

2.     On _____, this Court held a hearing to determine whether the proposed Settlement Agreement executed by Plaintiff and Frontier should be approved in final by this

Court. Counsel for the Plaintiff and the Settlement Class and counsel for Frontier appeared at the hearing.

3. After reviewing the pleadings and evidence filed in support of the request for final approval of the Settlement and conducting the hearing, the Court finds, and

**IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

4. This Final Approval Order and Judgment incorporates the Settlement Agreement and all exhibits thereto.

5. The Court has personal jurisdiction over all Settlement Class Members and Defendant, and the Court has subject matter jurisdiction to approve the Settlement Agreement and all exhibits thereto.

6. Based upon the record before the Court, including all submissions in support of the Settlement Agreement, objections and responses there, as well as the Settlement Agreement itself, the Court hereby certifies the following nationwide class (the "Settlement Class") for settlement purposes only:

> All persons within the United States to whom Frontier, or any party acting on Frontier's behalf, during the Class Period, (a) initiated more than one telemarketing call within a twelve-month period to any number registered on the National Do Not Call Registry; and/or (b) initiated one or more telemarketing calls assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

The class definition is subject to the exclusions identified in the Settlement Agreement.

The Court finds that the prerequisites of Fed. R. Civ. P. 23(a) and (b)(3) have been satisfied for certification of the nationwide Settlement Class for settlement purposes because: Settlement Class Members, consisting of approximately 36,219 members, are so numerous that joinder of all members is impracticable; there are questions of law and fact common to the

Settlement Class; the claims and defenses of the Class Representative are typical of the claims and defenses of the Settlement Class Members it represents; the Class Representative has fairly and adequately protected the interests of the Settlement Class with regard to the claims of the Settlement Class it represents; the common questions of law and fact predominate over questions affecting only individual Settlement Class Members, rendering the Settlement Class sufficiently cohesive to warrant a nationwide class settlement; and the certification of the Settlement Class is superior to individual litigation and/or settlement as a method for the fair and efficient resolution of this matter.  In making all of the foregoing findings, the Court has exercised its discretion in certifying the Settlement Class, based, *inter alia,* upon the Court's familiarity with the claims and Parties in this case, the interests of the various constituent groups, and the mediation and negotiation process overseen by the Honorable Edward A. Infante (Ret.).

7.     The Settlement Agreement was reached after arm's-length negotiations between the Plaintiff, Defendant, and their respective counsel.  The Settlement Agreement is fair, reasonable, and adequate; consistent with and in compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Code, and the United States Constitution (including the Due Process Clause), and any other applicable law; and in the best interests of Plaintiff, Defendant, and the Settlement Class Members.

8.     The Settlement is fair, reasonable, adequate and satisfies the requirements under Fed. R. Civ. P. 23.  Therefore, each Settlement Class Member will be bound by the Settlement Agreement, including the Release and the covenant not to sue set forth in Section XII of the Settlement Agreement.

9.     The Court finds that in negotiating, entering into, and implementing the Settlement, the Plaintiff and the Class Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members.

10.     The Class Notice and the notice methodology implemented pursuant to the Settlement Agreement (i) constituted the best practicable notice; (ii) constituted notice that was concise, clear and in plain, easily understood language and was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, the claims, issues and defenses of the Settlement Class, the definition of the Settlement Class certified, their right to be excluded from the Settlement Class; their right to object to the proposed Settlement, their right to appear at the Final Approval Hearing, through counsel if desired, and the binding effect of a judgment on Settlement Class Members; (iii) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Code, the United States Constitution (including the Due Process Clause), and any other applicable law.

11.     The terms of the Settlement Agreement and this Final Approval Order and Judgment are binding on the Plaintiff and all other Settlement Class Members, as well as their heirs, executors and administrators, successors and assigns.

12.     The terms of the Settlement Agreement and this Final Approval Order and Judgment shall have *res judicata,* collateral estoppel and all other preclusive effect in any and all claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorneys' fees, costs, interests, or expenses which are based on or in any way related to any and all claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability,

damages, debts, contracts, agreements, obligations, promises, attorneys' fees, costs, interest, or expenses which were asserted in the Action.

13. The Plaintiff, Defendant, and their respective counsel are ordered to implement and to consummate the Settlement Agreement according to its terms and provisions.

14. All claims against Defendant asserted in this Action, are hereby dismissed on the merits and with prejudice, without fees or costs to any party except as provided in the Settlement Agreement.

15. The releases set forth in Section XII of the Settlement Agreement are incorporated by reference and provides, *inter alia,* that for and in consideration of the Cash Benefits, the Released Claims, and the mutual promises contained in the Settlement Agreement, Plaintiff and the Settlement Class Members, on behalf of themselves and their respective assigns, heirs, executors, administrators, successors, and agents, and representatives, fully and finally release, as of the date the Final Approval Order and Judgment becomes Final, Frontier and the Released Parties from any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, tribal law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law, or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, which were asserted in the Action or any other claims under state or federal law which arise from, are based on or in any way related to the Action or the Released Claims. The Released Claims include, without

limitation, all TCPA claims and all state law claims arising out of the alleged making of telephone calls.

16.     The Court hereby grants Class Counsel's request for an Incentive Award for the Class Representative in the amount of $_____.   The Court has considered Class Counsel's Motion for an Award of Attorney's Fees and Costs and additionally grants as reasonable and justified Class Counsel's request for Attorneys' Fees and Costs of $_____ and out of pocket costs incurred of $_____.

17.     The Court further approves the establishment of the Settlement Fund as set forth in the Settlement Agreement submitted by the Parties.

18.     This Settlement Fund will constitute Frontier's exclusive payment obligation under the Settlement Agreement and will be used to pay: (a) Cash Benefits paid to Settlement Class Members, as prescribed by the Settlement Agreement; (b) Attorneys' Fees and Costs, as awarded by the Court; (c) any incentive award awarded to Diana Mey; (d) Settlement Administration Costs, including costs of notice (including CAFA Notice); and (e) any *cy pres* payment to Connecticut Legal Services, Inc. pursuant to the procedures described in Section IV of the Settlement Agreement.  No portion of the Settlement Fund will be returned to Frontier, unless the Settlement is terminated in accordance with the terms of the Settlement Agreement.

19.     Any distribution of the Settlement Fund to the Settlement Class or any other person, other than the Settlement Administrator pursuant to the terms hereof, shall commence only after the Effective Date.   Attorneys' Fees andCosts, , any Incentive Payment, and Settlement Administration Costs shall be paid from the Settlement Fund prior to any distribution

- 6 -

of Cash Benefits to the Settlement Class.  The remainder of the Settlement Fund shall be used to pay Cash Benefits in accordance with the rules set forth herein.

20.	If any amounts remain in the Settlement Fund because Settlement Members fail to negotiate their respective Benefit Checks, such unclaimed monies shall be distributed as follows: (a) to the Settlement Class Members who cashed their initial Benefits Checks, to the extent such a distribution is administratively and economically feasible, and if not so feasible; (b) to Connecticut Legal Services, Inc., the *cy pres* designated recipient as appointed by the Court.  No portion of the Settlement Fund will be returned to Frontier, except as provided in Section XIII of the Settlement Agreement, Termination of the Agreement.

21.	The Court further approves the establishment of the Settlement Fund as set forth in the Agreement.

22.	The Court finds that the Settlement Fund is a "qualified settlement fund" as defined in Section 1.468B-1(c) of the Treasury Regulations in that it satisfies each of the following requirements:

(a)	The escrow account for the Settlement Fund is established pursuant to the Preliminary Approval Order and is subject to the continuing jurisdiction of this Court;

(b)	The escrow account for the Settlement Fund is established to resolve or satisfy one or more Claims that have resulted or may result from an event that has occurred and that has given rise to at least one Claim asserting liability arising out of an alleged violation of law; and

(c)	The assets of the escrow account for the Settlement Fund are segregated from other assets of Frontier, the transferors of the payment to the Settlement Fund.

23.     Under the "relation back" rule provide under Section 1.468B-1(j)(2)(i) of the Treasury Regulations, the Court finds that:

(a)     The escrow account for the Settlement Fund met the requirements of paragraph 22 of this Order prior to the date of this Order approving the establishment of the Settlement Fund subject to the continued jurisdiction of this Court; and

(b)     Defendant and the Settlement Administrator may jointly elect to treat the escrow account for the Settlement Fund as coming into existence as a "qualified settlement fund" on the later of the date the escrow account for the Settlement Fund met the requirements of paragraph 22 of this Order or January 1 of the calendar year in which all of the requirements of paragraph 22 of this Order are met.  If such a relation-back election is made, the assets held by the escrow account for the Settlement Fund on such date shall be treated as having been transferred to the escrow account for the Settlement Fund on that date.

24.     Nothing in this Final Approval Order and Judgment, the Settlement Agreement, or any documents or statements related thereto, is or shall be deemed or construed to be an admission or evidence of any violation of any statute or law, or of any liability or wrongdoing by Defendant.

25.     In the event that the Settlement Agreement does not become effective according to its terms, this Final Approval Order and Judgment shall be rendered null and void as provided by the Settlement Agreement, shall be vacated and, all orders entered and released delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

26.     No Settlement Class Member, either directly, representatively, or in any other capacity (other than a Settlement Class Member who validly and timely submitted a Request for

Exclusion), shall commence, continue, or prosecute any action or proceeding against Defendant or any or all Released Parties in any court or tribunal asserting any of the Released Claims defined in the Settlement Agreement, and are hereby permanently enjoined from so proceeding.

27. Without affecting the finality of the Final Approval Order and Judgment, the Court shall retain continuing jurisdiction over the Action, the Parties, and the administration and enforcement of the Settlement Agreement. Any disputes or controversies arising with respect to the interpretation, administration, implementation, effectuation, and enforcement of the Settlement Agreement shall be presented by motion to the Court, provided, however, that nothing in this paragraph shall restrict the ability of the Parties to exercise their rights, as set forth above.

28. There being no just reason to delay, the Clerk is directed to enter this Final Approval Order and Judgment forthwith.

DATED: _____, 2017

_____
Michael P. Shea, United States District Court Judge