**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

DIANA MEY, individually and on behalf of a class of all persons and entities similarly situated,

Plaintiff,

v.

FRONTIER COMMUNICATIONS CORPORATION

Defendant.

No. 3:13-cv-01191-MPS

## FINAL APPROVAL ORDER AND JUDGMENT

1. Plaintiff Diana Mey ("Plaintiff"), defendant Frontier Communications Corporation ("Frontier" or "Defendant"), and the Settlement Class (collectively, the "Parties") reached a settlement. The Parties have submitted a detailed written Stipulation and Agreement of Settlement (the "Settlement" or "Settlement Agreement") together with numerous exhibits and proposed orders. To the extent not otherwise defined herein, all capitalized terms shall have the meanings attributed to them in the Settlement Agreement. The Court gave its preliminary approval of the Settlement on January 26, 2017 (the "Preliminary Approval Order," ECF No. 155). The Court directed the Parties to provide Class Notice of the proposed Settlement by Direct Mail Notice and Long Form Notice on the Settlement Website, and scheduled a further hearing to determine whether the proposed Settlement is fair, reasonable, and adequate.

2. On May 31, 2017, this Court held a hearing to determine whether the proposed Settlement Agreement executed by Plaintiff and Frontier should be approved in final by this Court. Counsel for the Plaintiff and the Settlement Class and counsel for Frontier appeared at the hearing.

3. After reviewing the pleadings and evidence filed in support of the request for final approval of the Settlement and conducting the hearing, the Court finds, and

**IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

4. This Final Approval Order and Judgment incorporates the Settlement Agreement and all exhibits thereto.

5. The Court has personal jurisdiction over all Settlement Class Members and Defendant, and the Court has subject matter jurisdiction to approve the Settlement Agreement and all exhibits thereto.

6. Based upon the record before the Court, including all submissions in support of the Settlement Agreement, objections and responses there, as well as the Settlement Agreement itself, the Court hereby certifies the following nationwide class (the "Settlement Class") for settlement purposes only:

> All persons within the United States to whom Frontier, or any party acting on Frontier's behalf, during the Class Period, (a) initiated more than one telemarketing call within a twelve-month period to any number registered on the National Do Not Call Registry; and/or (b) initiated one or more telemarketing calls assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.
>
> The following are excluded from the Settlement Class: (1) any trial judge that may preside over this case; (2) Defendant, as well as any parent, subsidiary, affiliate or control person of Defendant, and the officers, directors, agents, servants or employees of Defendant; (3) any of the Released Parties; (4) the immediate family of any such person(s); (5) any Settlement Class Member who has timely opted out of this proceeding; (6) any person or entity who has given a valid release of the claims asserted in the Action; and (7) Plaintiff's Counsel and their employees.

The Court finds that the prerequisites of Fed. R. Civ. P. 23(a) and (b)(3) have been satisfied for certification of the nationwide Settlement Class for settlement purposes because: the Settlement Class is so numerous that joinder of all members is impracticable; there are questions

of law and fact common to the Settlement Class; the claims and defenses of the Class Representative are typical of the claims and defenses of the Settlement Class Members she represents; the Class Representative has fairly and adequately protected the interests of the Settlement Class with regard to the claims of the Settlement Class she represents; the common questions of law and fact predominate over questions affecting only individual Settlement Class Members, rendering the Settlement Class sufficiently cohesive to warrant a nationwide class settlement; and the certification of the Settlement Class is superior to individual litigation and/or settlement as a method for the fair and efficient resolution of this matter. In making all of the foregoing findings, the Court has exercised its discretion in certifying the Settlement Class, based, *inter alia,* upon the Court's familiarity with the claims and Parties in this case, the interests of the various constituent groups, and the mediation and negotiation process overseen by the Honorable Edward A. Infante (Ret.).

7. The Settlement Agreement was reached after arm's-length negotiations between the Plaintiff, Defendant, and their respective counsel. The Settlement Agreement is fair, reasonable, and adequate; consistent with and in compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Code, and the United States Constitution (including the Due Process Clause), and any other applicable law; and in the best interests of Plaintiff, Defendant, and the Settlement Class Members.

8. The Settlement is fair, reasonable, adequate and satisfies the requirements under Fed. R. Civ. P. 23. Therefore, each Settlement Class Member will be bound by the Settlement Agreement, including the Release and the covenant not to sue set forth in Section XII of the Settlement Agreement.

Case 3:13-cv-01191-MPS Document 164 Filed 06/02/17 Page 4 of 9

9. The Court finds that in negotiating, entering into, and implementing the Settlement, the Plaintiff and the Class Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members.

10. The Class Notice and the notice methodology implemented pursuant to the Settlement Agreement (i) constituted the best practicable notice; (ii) constituted notice that was concise, clear and in plain, easily understood language and was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, the claims, issues and defenses of the Settlement Class, the definition of the Settlement Class certified, their right to be excluded from the Settlement Class, their right to object to the proposed Settlement, their right to appear at the Final Approval Hearing, through counsel if desired, and the binding effect of a judgment on Settlement Class Members; (iii) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Code, the United States Constitution (including the Due Process Clause), and any other applicable law.

11. The terms of the Settlement Agreement and this Final Approval Order and Judgment are binding on the Plaintiff and all other Settlement Class Members, as well as their heirs, executors and administrators, successors and assigns.

12. The terms of the Settlement Agreement and this Final Approval Order and Judgment shall have *res judicata,* collateral estoppel and all other preclusive effect in any and all claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorneys' fees, costs, interests, or expenses which are based on or in any way related to any and all claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damages,

debts, contracts, agreements, obligations, promises, attorneys' fees, costs, interest, or expenses which were asserted in the Action.

13. The Plaintiff, Defendant, and their respective counsel are ordered to implement and to consummate the Settlement Agreement according to its terms and provisions.

14. All claims against Defendant asserted in this Action, are hereby dismissed on the merits and with prejudice, without fees or costs to any party except as provided in the Settlement Agreement.

15. The releases set forth in Section XII of the Settlement Agreement are incorporated by reference and provides, *inter alia,* that for and in consideration of the Cash Benefits, the Released Claims, and the mutual promises contained in the Settlement Agreement, Plaintiff and the Settlement Class Members, on behalf of themselves and their respective assigns, heirs, executors, administrators, successors, and agents, and representatives, fully and finally release, as of the date the Final Approval Order and Judgment becomes Final, Frontier and the Released Parties from any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, tribal law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law, or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, which were asserted in the Action or any other claims under state or federal law which arise from, are based on or in any way related to the Action or the Released Claims. The Released Claims include, without limitation, all TCPA claims and all state law claims arising out of the alleged making of telephone calls.

16. The Court hereby grants Class Counsel's request for an Incentive Award for the Class Representative in the amount of $20,000. The Court has considered Class Counsel's Motion for an Award of Attorney's Fees and Costs and additionally grants as reasonable and justified Class Counsel's request for Attorneys' Fees and Costs of $3,666,666.67 and out of pocket costs incurred of $76,150.87. These amounts shall be paid from the Settlement Fund described below.

17. The Court further approves the establishment of the Settlement Fund as set forth in the Settlement Agreement submitted by the Parties.

18. This Settlement Fund will constitute Frontier's exclusive payment obligation under the Settlement Agreement and will be used to pay: (a) Cash Benefits paid to Settlement Class Members, as prescribed by the Settlement Agreement; (b) Attorneys' Fees and Costs, as awarded by the Court; (c) any incentive award awarded to Diana Mey; (d) Settlement Administration Costs, including costs of notice (including CAFA Notice); and (e) any *cy pres* payment to Connecticut Legal Services, Inc. pursuant to the procedures described in Section IV of the Settlement Agreement. No portion of the Settlement Fund will be returned to Frontier, unless the Settlement is terminated in accordance with the terms of the Settlement Agreement.

19. Any distribution of the Settlement Fund to the Settlement Class or any other person, other than the Settlement Administrator pursuant to the terms hereof, shall commence only after the Effective Date. Attorneys' Fees and Costs, any Incentive Payment, and Settlement Administration Costs shall be paid from the Settlement Fund prior to any distribution of Cash Benefits to the Settlement Class. The remainder of the Settlement Fund shall be used to pay Cash Benefits in accordance with the rules set forth herein.

20. If any amounts remain in the Settlement Fund because Settlement Members fail to negotiate their respective Benefit Checks, such unclaimed monies shall be distributed as follows:

(a) to the Settlement Class Members who cashed their initial Benefits Checks, to the extent such a distribution is administratively and economically feasible, and if not so feasible; (b) to Connecticut Legal Services, Inc., the *cy pres* designated recipient as appointed by the Court. No portion of the Settlement Fund will be returned to Frontier, except as provided in Section XIII of the Settlement Agreement, Termination of the Agreement.

21. The Court further approves the establishment of the Settlement Fund as set forth in the Agreement.

22. The Court finds that the Settlement Fund is a "qualified settlement fund" as defined in Section 1.468B-1(c) of the Treasury Regulations (26 C.F.R. § 1.468B-1) in that it satisfies each of the following requirements:

(a) The escrow account for the Settlement Fund is established pursuant to the Preliminary Approval Order and is subject to the continuing jurisdiction of this Court;

(b) The escrow account for the Settlement Fund is established to resolve or satisfy one or more Claims that have resulted or may result from an event that has occurred and that has given rise to at least one Claim asserting liability arising out of an alleged violation of law; and

(c) The assets of the escrow account for the Settlement Fund are segregated from other assets of Frontier, the transferors of the payment to the Settlement Fund.

23. Under the "relation back" rule provided under Section 1.468B-1(j)(2)(i) of the Treasury Regulations, the Court finds that:

(a) The escrow account for the Settlement Fund met the requirements of paragraph 22 of this Order prior to the date of this Order approving the establishment of the Settlement Fund subject to the continued jurisdiction of this Court; and

(b) Defendant and the Settlement Administrator may jointly elect to treat the escrow account for the Settlement Fund as coming into existence as a "qualified settlement fund" on the later of the date the escrow account for the Settlement Fund met the requirements of paragraph 22 of this Order or January 1 of the calendar year in which all of the requirements of paragraph 22 of this Order are met. If such a relation-back election is made, the assets held by the escrow account for the Settlement Fund on such date shall be treated as having been transferred to the escrow account for the Settlement Fund on that date.

24. Nothing in this Final Approval Order and Judgment, the Settlement Agreement, or any documents or statements related thereto, is or shall be deemed or construed to be an admission or evidence of any violation of any statute or law, or of any liability or wrongdoing by Defendant.

25. In the event that the Settlement Agreement does not become effective according to its terms, this Final Approval Order and Judgment shall be rendered null and void as provided by the Settlement Agreement, shall be vacated and, all orders entered and released delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

26. No Settlement Class Member, either directly, representatively, or in any other capacity (other than a Settlement Class Member who validly and timely submitted a Request for Exclusion), shall commence, continue, or prosecute any action or proceeding against Defendant or any or all Released Parties in any court or tribunal asserting any of the Released Claims defined in the Settlement Agreement, and are hereby permanently enjoined from so proceeding.

27. Without affecting the finality of the Final Approval Order and Judgment, the Court shall retain continuing jurisdiction over the Action, the Parties, and the administration and enforcement of the Settlement Agreement. Any disputes or controversies arising with respect to

the interpretation, administration, implementation, effectuation, and enforcement of the Settlement Agreement shall be presented by motion to the Court, provided, however, that nothing in this paragraph shall restrict the ability of the Parties to exercise their rights, as set forth above.

28. There being no just reason to delay, the Clerk is directed to enter this Final Approval Order and Judgment forthwith.

/s/

Michael P. Shea, United States District Judge

Dated: Hartford, Connecticut
June 2, 2017